# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Open Road Films, LLC, | Case No.:  18-12012 (____) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Open Road Releasing, LLC, | Case No.:  18-12013 (____) |
| Debtor. | |
| In re | Chapter 11 |
| OR Productions LLC, | Case No.:  18-12014 (____) |
| Debtor. | |
| In re | Chapter 11 |
| Briarcliff LLC, | Case No.:  18-12015 (____) |
| Debtor. | |
| In re | Chapter 11 |
| Open Road International LLC, | Case No.:  18-12016 (____) |
| Debtor. | |
| In re | Chapter 11 |
| Empire Productions LLC, | Case No.:  18-12017 (____) |
| Debtor. | |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067. Additional affiliated entities, including, but not limited to, IM Global LLC, Global Road Entertainment Television LLC (f/k/a IM Global TV LLC), Tang Media Partners LLC, and Global Road Entertainment LLC, are not debtors in these Cases and have not commenced chapter 11 cases.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Open Road Films, LLC ("Open Road Films"), Open Road Releasing, LLC ("Open Road Releasing, LLC"), OR Productions LLC ("OR Productions"), Briarcliff LLC ("Briarcliff"), Open Road International LLC ("Open Road International"), and Empire Productions LLC ("Empire Productions"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 Cases for procedural purposes only.  In support of the Motion, the Debtors rely on the *Declaration of Amir Agam in Support of First Day Motions* (the "First Day Declaration") filed substantially concurrently herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

### I.  JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

01:23588747.3

2.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## II.  BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6.      The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets.  The Debtors' films have generated approximately $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

7.      The Debtors intend to utilize the bankruptcy process to continue and conclude their robust marketing and sale process.  They believe that doing so will ensure that the value of their assets are maximized for the benefit of all stakeholders.

01:23588747.3

3

8.      The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the First Day Declaration.

### III.  RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of the Proposed Order authorizing and directing the joint administration of their Cases for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.:  18-12012 (____) |
| Debtors. | (Jointly Administered) |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

10.      In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the Clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Open Road Films, LLC, Open Road Releasing, LLC, OR Productions LLC, Briarcliff LLC, Open Road International LLC, and Empire Productions, LLC.  The docket in the chapter 11 case of Open Road Films, LLC, Case No. 18-12012 (____), should be consulted for all matters affecting this case.

11.      Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

01:23588747.3

## IV.  BASIS FOR RELIEF

12.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.  Fed. R. Bankr. P. 1015(b).  Additionally, Local Rule 1015-1 permits entry of such an order without notice or a hearing if the Debtors demonstrate that such treatment is warranted.

13.     Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced.  *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors ….").  As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note, ¶ 4).

14.     Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related and (ii) joint administration will ease the administrative burden on the Court and other parties in interest.

01:23588747.3

15.     The Debtors are affiliated entities.  Debtor Open Road Films is a wholly-owned subsidiary of Debtor Open Road Releasing.  In turn, Debtors OR Productions, Briarcliff, and Open Road International are wholly-owned subsidiaries of Open Road Films.  Finally, Debtor Empire Productions is a wholly-owned subsidiary of OR Productions.  Joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors' estates for substantive purposes.

16.     With six affiliated debtors, each with its own case docket, administering these Cases separately would result in duplicative pleadings, notices, orders, and other documents filed and served upon separate service lists.  This unnecessary duplication would be costly and unduly burdensome for the estates and would not create any counterbalancing benefit for creditors.

17.     Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues.  In contrast, joint administration will permit the Clerk to use a single docket—that of Open Road Films—for all of the Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

18.     Finally, separate administration of these Cases would likely confuse creditors.  By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties, thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their rights.  The Debtors request that the official caption to be used by all parties in all court filings in the jointly administered Cases be in the form set forth in paragraph 9 of this

01:23588747.3

Motion.  The Debtors submit that use of the simplified caption for all court filings will eliminate cumbersome and confusing procedures and ensure a uniformity of court filing identification.

19.     The relief requested herein is purely procedural and does not effectuate substantive consolidation of the Debtors' estates.  Thus, there will be no material prejudice to creditors or other parties in interest if these Cases are jointly administered.  Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## V.  NOTICE

20.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent (as defined in the First Day Declaration); (iv) the Office of the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


[*Remainder of page intentionally left blank*]

01:23588747.3

## VI.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the

Debtors respectfully request that this Court enter the Proposed Order, granting the relief

requested in the Motion and such other and further relief as is just and proper.

Dated:  September 6, 2018

*/s/ Robert F. Poppiti, Jr.*
Michael R. Nestor, Esq. (Bar No. 3526)
Sean M. Beach, Esq. (Bar No. 4070)
Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253

and

Michael L. Tuchin, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN  LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Proposed Counsel to Debtors and*
*Debtors in Possession*

01:23588747.3

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Open Road Films, LLC, | Case No.:  18-12012 (___) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Open Road Releasing, LLC, | Case No.:  18-12013 (___) |
| Debtor. | |
| In re | Chapter 11 |
| OR Productions LLC, | Case No.:  18-12014 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Briarcliff LLC, | Case No.:  18-12015 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Open Road International LLC, | Case No.:  18-12016 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Empire Productions LLC, | Case No.:  18-12017 (___) |
| Debtor. | **Ref. Docket No. ____** |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC
(5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions
LLC (9375-Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

**ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Upon the motion (the "Motion")[2] of Open Road Films, LLC and its affiliated debtors and

debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") for

entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C.

§ 101 *et seq*. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local

Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11

Cases for procedural purposes only; and upon consideration of the First Day Declaration and the

record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware dated February 29, 2012; and it

appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court

may enter a final order consistent with Article III of the United States Constitution; and it

appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that due and adequate notice of the Motion has been given under the

circumstances, and that no other or further notice need be given; and it appearing that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it

is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:23588747.3

2.       The Cases are hereby consolidated, for procedural purposes only, and shall be jointly administered by this Court.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the estates of the Debtors.

3.       The caption of the jointly administered Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.:  18-12012 (___) |
| Debtors. | (Jointly Administered) |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435 Del.); Open Road Releasing, LLC (4736 Del.); OR Productions LLC (5873 Del.); Briarcliff LLC (7304 Del.); Open Road International LLC (4109 Del.); and Empire Productions LLC (9375 Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

4.       The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

5.       All original court filings shall be captioned as set forth immediately above, and all original docket entries shall be made in the case of Open Road Films, LLC, Case No. 18-12012 (___).

6.       The Clerk of this Court shall make a notation substantially similar to the following on the docket of each Debtor:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Open Road Films, LLC, Open Road Releasing, LLC, OR Productions LLC, Briarcliff LLC, Open Road International LLC, and Empire Productions, LLC.  The docket in the chapter 11 case of Open Road Films, LLC, Case No. 18-12012 (___), should be consulted for all matters affecting this case.

01:23588747.3

7.      The Clerk of the Court shall maintain a single docket and file under the case number assigned to Open Road Films, LLC, which shall be the docket and file for all of the Cases.

8.      This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating the Debtors' respective estates.

9.      The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated:  Wilmington, Delaware
          _____, 2018

                                                    _____
                                                    Honorable
                                                    United States Bankruptcy Judge

01:23588747.3

4