# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: September 25, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: October 2, 2018 at 2:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby submit this application (this "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit D** (the "Proposed Order"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as bankruptcy co-counsel for the Debtors, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the declaration of Michael R. Nestor (the "Nestor Declaration"), which is attached hereto as **Exhibit A**, and submit the declaration of Amir Agam (the "Agam Declaration"), which is attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

# I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

# II. BACKGROUND

4. On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7] (the "First Day Declaration"), which is incorporated herein by reference.[2]

### III. RELIEF REQUESTED

7. By this Application, the Debtors request that the Court enter the Proposed Order, authorizing the Debtors to retain and employ Young Conaway as bankruptcy co-counsel for the Debtors in these Cases, *nunc pro tunc* to the Petition Date.

### IV. BASIS FOR RELIEF REQUESTED

**A. Young Conaway's Qualifications**

8. The Debtors seek to retain Young Conaway as their bankruptcy co-counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors submit that Young Conaway's knowledge, expertise, and experience practicing before the Court will enable it to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for these Cases, Young Conaway has become familiar with the Debtors' businesses and affairs and some of the potential legal issues that may arise in the context of these Cases. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as bankruptcy co-counsel in these Cases.

**B. Payment of Fees and Expenses**

9. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the First Day Declaration.

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The principal attorneys and paralegal presently designated to represent the Debtors, and their current standard hourly rates for work of this nature, are:

a. Michael R. Nestor — $845.00 per hour
b. Robert F. Poppiti, Jr. — $565.00 per hour
c. Ian J. Bambrick — $470.00 per hour
d. Shane M. Reil — $395.00 per hour
e. Michelle Smith (paralegal) — $255.00 per hour

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtors in connection with the matters described herein.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12.     Young Conaway was retained by the Debtors pursuant to an engagement agreement dated August 16, 2018 (the "Engagement Agreement").  In accordance with the Engagement Agreement, Young Conaway received retainers totaling $150,000.00 (collectively, the "Retainer") in connection with the planning and preparation of initial documents and its proposed postpetition representation of the Debtors.  Specifically, Young Conaway received an initial retainer payment in the amount of $100,000 on August 31, 2018, and an additional retainer payment of $50,000 on September 4, 2018.  Young Conaway applied the Retainer to its outstanding balance as of the Petition Date, including fees and expenses associated with the filing of these Cases.  After doing so, Young Conaway continues to hold a Retainer in the amount of $77,206.50, which will constitute an evergreen retainer as security for postpetition services and expenses.

13.     In this case, the evergreen retainer is appropriate for several reasons.  *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); *see also In re CTC Commc'ns Grp., Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14–15 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case.").  First, these types of retainer agreements reflect normal business terms in the marketplace.  *See In re Insilco Techs., Inc.*, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place.").  Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the Retainer at

arm's length.  Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and Retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway.  Thus, under the standards articulated in *In re Insilco Technologies, Inc.*, and adopted *In re CTC Communications Group, Inc.*, the facts and circumstances of these Cases support the approval of the evergreen retainer.

14. As set forth in the Nestor Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**C.     Services to be Provided**

15. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

- providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses, management of their properties, and the potential sale of their assets;

- preparing and pursuing confirmation of a plan and approval of a disclosure statement;

- preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

- appearing in Court and protecting the interests of the Debtors before the Court; and

- performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

16. By separate applications, the Debtors are asking the Court to approve the retentions of: (a) Klee, Tuchin, Bogdanoff & Stern LLP as bankruptcy co-counsel; (b) FTI Consulting, Inc. to provide the Debtors with a chief restructuring officer (the "CRO") and certain additional personnel to assist the CRO; and (c) Donlin, Recano & Company, Inc., as

administrative agent. The Debtors may also file motions or applications to employ additional professionals on an as needed basis.

17. Each of these firms works, and will continue to work, under the direction of the Debtors' management. The Debtors' senior management are committed to minimizing duplication of services to reduce professional costs. To that end, the Debtors understand that Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.     Bankruptcy Rule 2014 Disclosure**

18. To the best of the Debtors' knowledge, and except as disclosed herein and in the Nestor Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtors;

    b. are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtors; and

    c. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

19. For the above reasons, the Debtors submit that Young Conaway's retention and employment is necessary and in the best interests of the Debtors and their estates.

## NOTICE

20. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent; and (iv) all parties that, as of the filing of this Application, have requested notice in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 11, 2018

Respectfully submitted,

OPEN ROAD FILMS, LLC, on behalf of the Debtors

*/s/ Amir Agam*
Amir Agam
Chief Restructuring Officer