# Exhibit B

**Agam Declaration**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered) |

### DECLARATION OF AMIR AGAM IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Pursuant to 28 U.S.C. § 1746, I, Amir Agam, hereby submit this declaration (this "Declaration") under penalty of perjury:

1. I am a Senior Managing Director at FTI Consulting, Inc. ("FTI"), and I have been appointed to serve and am currently serving as the Chief Restructuring Officer ("CRO") for Open Road Films, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Cases"). As a result of my role as CRO, I am generally familiar with the Debtors' day-to-day business operations, their businesses and affairs, and their books and records.

2. I submit this Declaration in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application").[2] Except as

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors, including my colleagues at FTI.

3. The Debtors engaged Young Conaway as their bankruptcy co-counsel at the recommendation of Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS"), and because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and my prior experience with Young Conaway. In light of the recommendation of KTBS, Young Conaway's extensive experience, and my prior experience with Young Conaway, the Debtors did not interview any additional firms for the role of bankruptcy co-counsel.

4. Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for these Cases, Young Conaway has become familiar with the Debtors' businesses and affairs and some of the potential legal issues that might arise in the context of these Cases, and since its engagement has advised the Debtors on, among other things, local rules, practices, and procedures with respect to various chapter 11 issues. Therefore, the Debtors believe that Young Conaway is uniquely qualified to represent them in these Cases. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of this nature.

5. In my capacity as CRO, I will be responsible for reviewing the invoices submitted by Young Conaway, and can confirm that the rates Young Conaway charged the Debtors in the prepetition period are the same as the rates Young Conaway will charge the

Debtors in the postpetition period, subject to periodic adjustment to reflect economic and other conditions.

6. The Debtors have approved Young Conaway's prospective budget and staffing plan for the period from the Petition Date through November 30, 2018, recognizing that in the course of large chapter 11 cases like these, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Young Conaway. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed expectations or unanticipated developments.

7. The Debtors further recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Cases. The Debtors will continue to review the invoices that Young Conaway submits and, together with Young Conaway, periodically amend the budget and staffing plans, as these Cases develop.

8. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, the budget will provide guidance on the period of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

*Remainder of page intentionally left blank*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated:  September 11, 2018

Respectfully submitted,

OPEN ROAD FILMS, LLC, on behalf of the Debtors

*/s/ Amir Agam*
Amir Agam
Chief Restructuring Officer