# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability Debtors, *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_\_\_** |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), AUTHORIZING THE
DEBTORS TO (I) EMPLOY AND RETAIN FTI CONSULTING, INC.
TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER
AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE
AMIR AGAM AS CHIEF RESTRUCTURING OFFICER FOR THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") seeking authorization to (i) employ and retain FTI Consulting, Inc. ("FTI") to provide the Debtors with a Chief Restructuring Officer ("CRO") and certain additional supportive staff of FTI to assist the CRO, and (ii) designate Amir Agam as CRO in the Cases *nunc pro tunc* to the Petition Date; and upon consideration of the Agam Declaration submitted concurrently with the Application and the other declarations and exhibits filed in the Cases; and the Court being satisfied, based on the representations made in the Application and the Agam Declaration, that FTI does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of FTI is necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED, as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation, indemnification, and liability limitation provisions, as modified by the Application and this Order, are approved as reasonable terms and conditions of employment. Notwithstanding anything to the contrary in the Engagement Letter, (i) with respect to expenses, the Debtors shall not reimburse FTI for allocated expenses and shall only reimburse FTI for reasonable direct expenses actually incurred by FTI on behalf of the Debtors and (ii) FTI shall not charge the Debtors any fee if the Debtors hire an FTI employee who worked on this engagement during the engagement and for a period of one year thereafter.

3. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the

01:23620964.1

corporate bylaws and applicable state law, and to provide insurance coverage to such executive officers under the Debtors' or their affiliates' existing director and officer liability policies. For the avoidance of doubt, the Debtors shall not indemnify the Indemnified Persons from any claim, liability, obligation, damage, cost, or expense arising from (i) an Adverse Determination or (ii) a contractual dispute in which the Debtors allege the breach of FTI's contractual obligations if the Court determines that indemnification would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003).

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain FTI to provide the Debtors with a CRO and Hourly Temporary Staff, and to designate Amir Agam as CRO for the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Application, or any of the exhibits related thereto:

   a. FTI and its affiliates shall not act in any other capacity (for example, and without limitation, claims agent/claims administrator, or investor/acquirer) in connection with the Cases.

   b. In the event the Debtors seek to have FTI personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, (iii) increasing the number of personnel providing the Services by more than four above the number performing Services as of the Petition Date, or (iv) altering or expanding the scope of the engagement, an application or motion to modify the retention shall be filed.

   c. FTI shall file with this Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, reports of compensation earned, expenses incurred, and staffing on the Cases (the "Compensation and Staffing Report") by the 30th of each month for the previous month, which will include summary charts describing the name, hourly rate, number of hours billed, and role filled by each FTI Professional; the aggregate compensation earned by FTI; the hours worked and fees by activity category (*e.g.*, cash management, operations, transaction support,

  etc.); and the expenses incurred by FTI.  In addition, each FTI Professional shall maintain and the Compensation and Staffing Reports will include (i) detailed time entry records identifying activities or issues he or she addressed on a daily basis, grouped to the nearest one-tenth of an hour (0.1 hour) for each activity category each day and (ii) detailed expense records.  The first Compensation and Staffing Report shall cover the period from the Petition Date until the end of the month in which this Order is entered and shall be submitted within thirty (30) days thereafter.

d. No principal, employee, or independent contractor of FTI and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of the Cases.

e. The Compensation and Staffing Reports will be subject to review by the Court if an objection is filed by any of the Notice Parties and served on the Debtors, the Debtors' undersigned counsel, and FTI within twenty-one (21) days after the date each Compensation and Staffing Report is filed and served (the "Objection Period").  The Debtors shall be authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by FTI for fees and expenses incurred in connection with FTI's retention.  In the event an objection is filed and served during the Objection Period and not consensually resolved, the Debtors shall deduct an amount equal to the amount objected to from the next payment to FTI until such objection is resolved, either consensually or by Court order.

f. For a period of three years after the conclusion of the engagement, neither FTI nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtor.

g. During the course of these Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

h. FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.  The obligation to disclose identified in this subparagraph is a continuing obligation while FTI is employed in its current capacity in these Cases.

i. FTICA shall not perform Services for the Debtors.

j. Upon entry of this Order, FTI shall be permitted to apply a portion of its Retainer to its unbilled prepetition fees and expenses.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. This Court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this Order.