**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 2, 2018 at 2:00 p.m. (ET)**<br>**Objection Deadline: September 25, 2018 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby apply to the Court (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit D** (the "Proposed Order"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), authorizing the employment and retention of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm") as counsel for the Debtors *nunc pro tunc* to

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

the Petition Date (as defined below). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit A**, (ii) the *Declaration of Jonathan M. Weiss in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "Weiss Declaration"), attached hereto as **Exhibit B**, and (iii) the *Declaration of Amir Agam in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date*, attached hereto as **Exhibit C** (the "Agam Declaration"). In further support of the Application, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## II. BACKGROUND

4. On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. These Cases are being jointly administered for procedural purposes only.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6. The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets. The Debtors' films have generated over $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

7. The Debtors intend to utilize the bankruptcy process to continue and conclude their robust marketing and sale process. They believe that doing so will ensure that the value of their assets is maximized for the benefit of all stakeholders.

8. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7] (the "First Day Declaration").

## III. RELIEF REQUESTED

9. By this Application, the Debtors seek to employ and retain KTB&S as their bankruptcy counsel with regard to the filing and prosecution of these Cases and all related

proceedings. Accordingly, the Debtors respectfully request entry of an order, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing them to employ and retain KTB&S as their counsel, effective *nunc pro tunc* to the Petition Date, to perform the legal services that will be necessary during these Cases pursuant to the terms set forth in the Application and the Weiss Declaration.

### IV. BASIS FOR RELIEF

**A.  KTB&S's Qualifications**

10. The Debtors seek to retain KTB&S because the Debtors believe that KTB&S is qualified to represent the Debtors in these Cases in a cost-effective, efficient, and timely manner. The Debtors selected KTB&S as their counsel because of the Firm's extensive experience and knowledge of the chapter 11 bankruptcy process. KTB&S is composed of attorneys who limit their practice to the areas of insolvency, reorganization, bankruptcy, general commercial litigation, general corporate law, financing, and acquisitions. Additional information regarding KTB&S's qualifications is more fully set forth in the Weiss Declaration.

11. KTB&S was initially retained pursuant to a retention letter dated as of July 16, 2018 (as amended on August 8, 2018 and supplemented on August 30, 2018, the "Engagement Agreement"), to assist the Debtors with their efforts to respond to their financial circumstances, including, among other things, with a restructuring of their financial affairs and capital structure and, upon the Debtors' request, with the filing of these Cases and the other services to be provided as set forth in this Application. KTB&S has worked closely with the Debtors in connection with its restructuring efforts. In doing so, KTB&S has become familiar with the Debtors' capital structure, the terms of the Debtors' debt, the operation of the Debtors' businesses, and many of the potential legal issues that might arise in the context of these Cases, and has provided advice and assistance to the Debtors in all aspects of its restructuring efforts,

including drafting the various first day motions and other pleadings and filings necessary for the successful prosecution of these Cases.

**B.      Services to be Provided by KTB&S**

12.     The professional services that KTB&S will render include, without limitation, the following:

> (a)     advising the Debtors with respect to their rights, duties, and powers in these Cases as debtors and debtors in possession in the continued management and operation of their business;
>
> (b)     attending meetings and negotiating with representatives of creditors and other parties-in-interest and advising and consulting on the conduct of these Cases, including all of the legal and administrative requirements of operating in chapter 11;
>
> (c)     advising and assisting the Debtors with respect to actions to protect, preserve, and enhance the Debtors' estates, including the prosecution of actions on their behalf, the defense of actions commenced against their estates, negotiations concerning litigation in which the Debtors may be involved, and objections to claims filed against their estates;
>
> (d)     preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of their estates;
>
> (e)     negotiating and preparing, on the Debtors' behalf, chapter 11 plan(s), disclosure statement(s), and all related agreements and/or documents, and taking appropriate action on behalf of the Debtors to obtain confirmation of such plan(s);
>
> (f)     advising the Debtors in connection with the proposed sale and marketing process for their assets;
>
> (g)     appearing before this Court, any appellate courts on matters originating before this Court, and the United States Trustee; and
>
> (h)     performing other necessary and appropriate legal services, within the scope of KTB&S's practice, for the Debtors in connection with their Cases.

13.     The Debtors believe that it is necessary and appropriate for them to retain KTB&S to render the foregoing professional services. KTB&S has indicated a willingness to act on behalf of the Debtors.

01:23621004.3

5

14. The Debtors have informed KTB&S, and KTB&S understands, that the Debtors are planning to file retention applications for other professionals in these Cases. In particular, the Debtors have informed KTB&S that the Debtors have retained FTI Consulting, Inc. to provide interim management services and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as bankruptcy co-counsel to the Debtors in these Cases. KTB&S has informed the Debtors that it will take appropriate steps to coordinate with each of the Debtors' other professionals to avoid unnecessary duplication of efforts.

**C.     Payment of Fees and Expenses**

15. The Debtors request that all fees and related costs and expenses incurred by the Debtors on account of services rendered by KTB&S in these Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 330 and 331. Subject to this Court's approval, and compliance with Bankruptcy Code sections 330 and 331, KTB&S will charge for its legal services based on its hourly rates in effect on the date such services are rendered. KTB&S's hourly rates for 2018 are as follows:

| | |
|---|---|
| Partners & Of-Counsel | $725–$1,475 |
| Associates | $600–$675 |
| Paralegal | $375 |

16. The principal attorneys and paralegal presently designated to represent the Debtors, and their current hourly rates, are:

| | |
|---|---|
| Michael L. Tuchin | $1,245 |
| Whitman L. Holt | $895 |
| Jonathan M. Weiss | $725 |
| Sasha M. Gurvitz | $625 |
| Robert J. Smith | $600 |

Shanda D. Pearson         $375

17.     The Debtors have been advised that the hourly rates set forth above are subject to increases, in the normal course of KTB&S's business. Upon a fee increase, KTB&S will file a supplemental affidavit (a "Supplemental Affidavit") with the Court and provide the U.S. Trustee and any official committee(s) appointed in these Cases with notice of any such increase. KTB&S's practice of annually adjusting its billing rates was disclosed to Debtors in the Engagement Agreement, and the Debtors have agreed to pay these adjusted rates pursuant to the Engagement Agreement. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, KTB&S will provide justification of the reasonableness of any rate increase in the applicable fee application and pursuant to section 330(a)(3)(F) of the Bankruptcy Code, KTB&S will explain the basis for any rate increase in the applicable Supplemental Affidavit, if any.[2]

18.     In connection with KTB&S's retention and in accordance with the Engagement Agreement, KTB&S maintains a retainer (the "Retainer") for professional services rendered or to be rendered and expenses incurred or to be incurred by KTB&S on behalf of the Debtors. On July 31, 2018, KTB&S was paid an initial Retainer of $125,000. On August 15, 2018, August 17, 2018, and September 4, 2018 the Debtors supplemented the initial Retainer with an additional $180,000, $150,000, and $300,000, respectively, for a total Retainer amount of $755,000 in the aggregate.

19.     Pursuant to the Engagement Agreement, KTB&S has periodically sent the Debtors invoices for hourly charges and out-of-pocket disbursements incurred on behalf of the Debtors. KTB&S applied that portion of the Retainer necessary to satisfy such invoices, with the

---

[2] Like many of its peer law firms, KTB&S increases the hourly billing rate of attorneys and its paralegal periodically, typically in January of each year, in the form of annual step increases in the ordinary course on the basis of advancing seniority and promotion. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). Accordingly, KTB&S does not intend to provide a separate justification for and explanation of each such annual step increase.

01:23621004.3

7

Debtors periodically replenishing the Retainer (as described above). As of the Petition Date, the amount of the Retainer is approximately $253,047.92. The dates and amounts of the payments made by the Debtors to replenish the Retainer are set forth in the Firm's statement pursuant to Bankruptcy Rule 2016, which is attached hereto as **Exhibit A**.

20. KTB&S will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any additional procedures that may be established by the Court in these Cases. KTB&S contemplates using the following billing categories:

| CATEGORY | DESCRIPTION |
| --- | --- |
| Case Administration | Includes general case administration services, communications with the U.S. Trustee not within the scope of other matter numbers, maintenance of case docket and calendar, filing and circulation of papers, and preparation and review of other reports, notices, and service lists. |
| Asset Analysis / Recovery | Includes identification, analysis, and recovery of the Debtors' assets. |
| Business Operations | Includes general advice relating to business operations. |
| Creditor Inquiries | Includes all actions taken to respond to creditor inquiries about the Cases. |
| Use, Sale, Lease of Assets | Includes all matters relating to postpetition uses of property of the estates |
| Cash Collateral | Includes negotiation and documentation of cash collateral issues and related services. |
| Claims Administration | Includes bar date matters, claims objections and related contested matters, and other claims administration activities. |
| Court Hearings | Includes preparation for and attendance at court hearings. |
| Professional Retention/Fee Issues | Includes preparation of applications to retain professionals, other matters relating to retention of professionals, and objections to fees of other professionals. |

01:23621004.3

| CATEGORY | DESCRIPTION |
|---|---|
| Fee Application Preparation | Includes preparation of KTB&S fee applications and related activities. |
| Budgeting | Includes preparation of and advice relating budgets requested by the U.S. Trustee |
| General Corporate | Includes all transactional, corporate governance, and related matters involving the Debtors. |
| Schedules/SOFA/U.S. Trustee Reports | Includes preparation of schedules of assets and liabilities and amendments thereto, statements of financial affairs and amendments thereto, operating reports, and other reports required by the U.S. Trustee or the Court. |
| Employee Matters | Includes employee compensation and benefits matters, other employee relations matters, and related matters. |
| Litigation/Adversary Proceedings | Includes all non-bankruptcy litigation and adversary proceedings (*i.e.*, actions initiated by a complaint in the Bankruptcy Court), such as avoidable transfer litigation, claims litigation and related prelitigation matters; also includes all other contested matters that do not fit within another, more specific matter description. |
| Automatic Stay/Adequate Protection | Includes all motions to modify the automatic stay, all other types of actions where adequate protection is the central issue, and issues related to the effect of the automatic stay on pending matters. |
| Executory Contracts/Unexpired Leases | Includes contract and lease analysis and matters relating to assumption, assumption and assignment, rejection, or recharacterization of executory contracts and unexpired leases. |
| Plan/Disclosure Statement | Includes negotiation, preparation, and dissemination of chapter 11 plan(s) and related disclosure schedules and solicitation and voting materials. |
| Meetings | Includes preparing for and attending meetings with the Debtors' other professionals, a creditors' committee, individual creditors, the U.S. Trustee, co-counsel, and other interested parties. |
| Non-Working Travel | Includes all non-working travel time, billed at half-time. |

| CATEGORY | DESCRIPTION |
| --- | --- |
| Tax | Includes matters related to, among other things, the Debtors' income, property, and sales taxes and claims related to such taxes. |

21. It is KTB&S's practice to charge its clients for expenses incurred in connection with their cases. Third-party expenses incurred by KTB&S are charged at their actual cost to KTB&S without surcharge. KTB&S does not charge its clients for word processing or secretarial overtime. KTB&S contemplates using the following expense categories: (a) copies; (b) outside printing; (c) telephone; (d) online research; (e) delivery services/couriers; (f) postage; (g) local travel; (h) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation, other); (i) meals (local); (j) court fees; (k) subpoena fees; (l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o) trial exhibits; (p) litigation support vendors; (q) experts; (r) investigators; (s) arbitrators/mediators; and (t) other.

22. The Debtors understand that KTB&S will apply to the Court for interim and final allowance of compensation for professional services rendered and reimbursement of expenses incurred in these Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. The Debtors understand that KTB&S will seek compensation for the services of each attorney and paralegal acting on behalf of the Debtors in these Cases at the then-current hourly rates charged for such services as referenced above.

23. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay KTB&S its hourly rates for services rendered that are in effect from time to time, as set forth above and in the Weiss

Declaration, and to reimburse KTB&S according to its reimbursement policies, and submit that such rates are reasonable.

24. Other than as set forth above and in the Weiss Declaration, no arrangement is proposed between the Debtors and KTB&S for compensation to be paid in these Cases. In addition, KTB&S has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### D. Disinterestedness of KTB&S Professionals

25. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth herein and in the accompanying Weiss Declaration, the attorneys comprising or employed by KTB&S have not represented and do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware, or any person employed in the offices of the same.

26. As set forth in the Weiss Declaration, KTB&S has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these Cases in matters unrelated to the Debtors, these Cases, or such entities' claims against or interests in the Debtors. KTB&S is free to be adverse to such parties in connection with the Debtors' Cases.

27. The Debtors understand that except as otherwise set forth in the Weiss Declaration:

    (a)    Neither KTB&S nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates.

    (b)    Neither KTB&S nor any attorney at the Firm is or was a creditor, an equity security holder, or an insider of the Debtors.

01:23621004.3

11

(c) Neither KTB&S nor any attorney at the Firm is or ever was a director, officer, or employee of the Debtors.

(d) KTB&S does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

28. In view of the foregoing, the Debtors believe that KTB&S is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and does not hold or represent any interest adverse to the Debtors' estates.

29. KTB&S has informed the Debtors that KTB&S will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in this case and that KTB&S will promptly update the Weiss Declaration to disclose any pertinent relationships that come to KTB&S's attention.

## V. STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

30. KTB&S intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. KTB&S also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by KTB&S in these Cases.[3]

---

[3] As this Court is aware, the Executive Office for the United States Trustee ("EOUST") adopted the U.S. Trustee Guidelines. By their terms, the new U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. In other chapter 11 cases where it has been retained, KTB&S has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section

31. The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No. The hourly rates set forth in the Engagement Agreement and disclosed above are consistent with the rates that KTB&S charges other chapter 11 clients and the rates that KTB&S charges in other non-bankruptcy representations. Furthermore, the hourly rates to be charged in connection with this engagement are not significantly different from the rates of other comparably skilled professionals for similar engagements.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: KTB&S represented the Debtors in the 12 months prior to the Petition Date. KTB&S was engaged on July 16, 2018 pursuant to the Engagement Agreement. The billing rates and material financial terms for the prepetition engagement are set out in the Engagement Agreement and are the same as the rates and terms set out in the "Payment of Fees and Expenses" section of this Application.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response: The Debtors, KTB&S, and Young Conaway expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of these large chapter 11 Cases there may be unforeseeable fees

---

330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority," and it remains to be seen how the U.S. Trustee Guidelines will be incorporated into larger chapter 11 cases. It is the Debtors' and KTB&S's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, the Debtors and KTB&S reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in these Cases that falls within the ambit of the U.S. Trustee Guidelines.

01:23621004.3

and expenses that will need to be addressed by the Debtors, KTB&S, and Young Conaway.

## VI. NOTICE

32. Notice of this Application will be provided to the following parties, or their counsel, if known: (i) the U.S. Trustee; (ii) the holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent (as defined in the First Day Declaration), and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank.*]

01:23621004.3

## VII. CONCLUSION

WHEREFORE, for the reasons set forth herein, in the Weiss Declaration, the Agam Declaration, and the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **Exhibit D**, (i) authorizing the employment and retention of KTB&S *nunc pro tunc* to the Petition Date, on the terms described above, and (ii) granting such other and further relief as is just and proper.

Dated: September 11, 2018

Respectfully submitted,

Open Road Films, LLC, *et al.*,
Debtors and Debtors in Possession

*/s/ Amir Agam*_____
Amir Agam
Chief Restructuring Officer