## EXHIBIT B

**Declaration of Jonathan M. Weiss**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.: 18-12012 (LSS) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JONATHAN M. WEISS IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Jonathan M. Weiss, Esq., declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a partner in the law firm of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), located at 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067.  I am admitted, practicing, and a member in good standing of the bar of the State of California.  My application for admission to practice *pro hac vice* before this Court in connection with these Cases has been granted.

2.      I submit this declaration in support of the *Debtors' Application, Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for the Debtors and Debtors in*

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

*Possession Nunc Pro Tunc to the Petition Date* (the "Application"),[2] filed concurrently herewith

by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases

(the "Cases").  Unless otherwise stated in this Declaration, I have personal knowledge of the

facts set forth herein and, if called as a witness, I would testify competently thereto.[3]

3.      I am informed and believe that the Debtors selected KTB&S as their counsel

because of the Firm's extensive experience and knowledge of the chapter 11 bankruptcy process.

KTB&S is composed of attorneys who limit their practice to the areas of insolvency,

reorganization, bankruptcy, general commercial litigation, general corporate law, financing, and

acquisitions.  I believe KTB&S is well-qualified to represent the Debtors and to address both

effectively and efficiently the legal issues in these Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

4.      In connection with this proposed retention, KTB&S conducted a search with

respect to its connections to certain categories of entities or individuals (the "Potentially

Interested Parties"), as identified by the Debtors or as ascertained from a review of available

documents, which include: (i) the Debtors; (ii) the Debtors' officers and directors; (iii) certain

non-debtor affiliates of the Debtors and their respective equity holders; (iv) the Debtors' secured

creditors; (v) banks at which the Debtors maintain accounts; (vi) professionals representing the

Debtors; (vii) professionals representing other key parties in interest; (viii) parties to significant

contracts and real and personal property leases with the Debtors; (ix) employees of the Office of

the United States Trustee for the District of Delaware; (x) the Judges for the U.S. Bankruptcy

Court for the District of Delaware and their staff; (xi) certain parties to litigation against the

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

[3]      Certain of the disclosures herein relate to matters within the knowledge of other attorneys at KTB&S and are based on information provided by them and by KTB&S's administrative staff.

Debtors and their counsel (if known); (xii) federal and state taxing authorities; and (xiii) the holders of the forty largest unsecured claims on a consolidated basis against the Debtors. A list of the Potentially Interested Parties is attached hereto as <u>Schedule 1</u>.

5.      KTB&S utilized two procedures to determine its relationships, if any, to the Potentially Interested Parties. First, KTB&S used computer software to search all the "case conflict memoranda" that it has prepared and maintained over the years since the firm's inception in order to identify potential relationships. This search identified potentially relevant case conflict memoranda, which were thereafter reviewed by KTB&S attorneys. Second, KTB&S also circulated the list of Potentially Interested Parties by electronic mail to all attorneys with the firm, with a request that each attorney review the list and advise as to any relationships that may have escaped scrutiny utilizing the software-based search on which the Firm principally relies.

6.      KTB&S's search with respect to the Potentially Interested Parties has revealed that the Firm's connections with the Potentially Interested Parties, currently and in the past, are as follows:[4]

    i.      KTB&S has represented in the past and currently represents Viacom and its affiliated entities in unrelated matters. Under no circumstances will KTB&S represent Viacom and its affiliated entities in connection with the Debtors or their Cases. Moreover, KTB&S has a waiver that would permit it to be adverse to Viacom and its affiliated entities in these Cases.

    ii.      KTB&S has represented in the past and currently represents Paramount Pictures Corporation and its affiliated entities in unrelated matters. Under no circumstances will KTB&S represent Paramount Pictures Corporation and its affiliated entities in connection with the Debtors or their Cases. Moreover, KTB&S has a waiver that would permit it to be adverse to Paramount Pictures Corporation and its affiliated entities in these Cases.

---

[4]      The identification and classification herein of various entities or individuals as falling within certain categories is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

01:23621004.3

iii.     KTB&S has represented in the past Endgame Entertainment Company LLC, which is an affiliate of Endgame Releasing Company LLC, in unrelated matters.  KTB&S does not currently represent Endgame Entertainment Company LLC and under no circumstances will KTB&S represent Endgame Entertainment Company LLC or Endgame Releasing Company LLC in connection with the Debtors or their Cases.  Moreover, KTB&S has a waiver that would permit it to be adverse to Endgame Entertainment Company LLC in these Cases.

iv.     Maria Sountas-Argiropoulos, prior to joining KTB&S as a partner, previously represented Bank of America, N.A. and/or its affiliates in matters unrelated to the Debtors.  KTB&S does not currently represent Bank of America, N.A. or its affiliates and under no circumstances will KTB&S represent these parties in connection with the Debtors or these Cases.  KTB&S is free to be adverse to Bank of America, N.A. and its affiliates in these Cases.

v.     Jonathan M. Weiss, a partner at KTB&S, is a first cousin of one of the Debtors' employees, Michael Bolkin.

vi.     Kenneth N. Klee, a partner at KTB&S, was previously retained as an expert or consultant in unrelated matters by (i) Gibson, Dunn & Crutcher, LLP, (ii) O'Melveny & Myers LLP, (iii) Latham & Watkins LLP, and (iv) Paul, Hastings, Janofsky & Walker LLP.  KTB&S does not currently represent the Potentially Interested Parties referenced in this paragraph and under no circumstances will KTB&S represent such parties in connection with the Debtors or these Cases.  KTB&S is free to be adverse to the Potentially Interested Parties referenced in this paragraph in these Cases.

vii.     Daniel J. Bussel, a partner at KTB&S, was previously retained as an expert or consultant in unrelated matters by Glaser Weil Fink Howard Avchen & Shapiro LLP.  KTB&S does not currently represent Glaser Weil Fink Howard Avchen & Shapiro LLP and under no circumstances will KTB&S represent Glaser Weil Fink Howard Avchen & Shapiro LLP in connection with the Debtors or these Cases.  KTB&S is free to be adverse to Glaser Weil Fink Howard Avchen & Shapiro LLP in these Cases.

viii.     Over the years, KTB&S has represented and currently represents both formal and ad hoc groups of creditors, in matters unrelated to the Debtors, in which parties included among the Potentially Interested Parties and/or their affiliates were or are members; provided, however, that KTB&S did not and does not serve as counsel to such parties unless otherwise noted above.  Likewise, KTB&S has represented and currently represents agent-lenders and non-agent lenders, in lending facilities unrelated to the Debtors, under which parties listed among the Potentially Interested Parties and/or their affiliates also were or are agents and/or lenders that are part of a lending syndicate but not clients of KTB&S.  Likewise, KTB&S

has represented and currently represents groups of former law firm partners and/or shareholders, in bankruptcy matters unrelated to the Debtors, where certain individual members of such groups are currently employed with parties listed among the Potentially Interested Parties; provided, however, that KTB&S did not and does not serve as counsel to any such Potentially Interested Parties themselves.

ix.   Over the years, KTB&S has represented and currently represents, in matters and cases unrelated to the Debtors, debtor entities, representatives of bankruptcy estates (*e.g.*, chapter 7 trustees), or other analogous entities such as liquidating or litigation trusts in which parties included among the Potentially Interested Parties and/or their affiliates may have economic interests.

x.    KTB&S's corporate restructuring and bankruptcy practice also involves representing holders of debt and equity securities issued by financially distressed businesses and buyers and sellers of distressed debt and securities.  One or more past or present clients of the Firm may now own or later purchase secured or unsecured claims against one or more Debtors.  KTB&S believes that its representation of such parties in matters unrelated to the Debtors will have no effect on its representation of the Debtors in these Cases and KTB&S would be free to be adverse to such parties in these Cases.

xi.   Since the formation of KTB&S over 19 years ago, and over the course of the lengthy careers of the lawyers comprising KTB&S (including mine), KTB&S and its attorneys have represented, now represent, and likely will represent in the future parties adverse to many of the creditors, professionals, equity holders, and other parties in interest in these Cases.

xii.  Over the years, KTB&S attorneys have prepared educational materials for and made presentations to various organizations and groups, which may be affiliated with certain of the Potentially Interested Parties.

xiii. Over the years, KTB&S has represented and currently represents other clients in conjunction with certain of the Potentially Interested Parties as co-counsel, including (i) Young Conaway Stargatt & Taylor, LLP, (ii) Sidley Austin LLP, (iii) Levene, Neale, Bender, Yoo & Brill, LLP, (iv) Glaser Weil Fink Howard Avchen & Shapiro LLP, (v) Latham & Watkins LLP, and (vi) Quinn Emanuel Urquhart & Sullivan.  KTB&S has also represented and currently represents other clients in conjunction with certain of the Potentially Interested Parties as co-professionals or otherwise involved parties, including (i) FTI Consulting, Inc., (ii) Donlin Recano & Company, Inc., (iii) KPMG, LLP, and (iv) Berkeley Research Group.

xiv.  Over the years, KTB&S has appeared before the Bankruptcy Judges of the Bankruptcy Court for the District of Delaware in matters unrelated to the Debtors, and has worked with the Office of the United States Trustee for the District of Delaware in matters unrelated to the Debtors.

xv. Kenneth N. Klee, a partner at KTB&S, served as one of eighteen voting commissioners for a working group of the American Bankruptcy Institute Commission on which Judge Shannon of the Bankruptcy Court for the District of Delaware served.

xvi. Kenneth N. Klee and Whitman L. Holt, partners at KTB&S, are members of the Executive Committee for the National Bankruptcy Conference on which Judge Shannon of the Bankruptcy Court for the District of Delaware is a member.

xvii. From time to time, KTB&S partners, associates, and employees (i) have personal banking relationships with certain of the Potentially Interested Parties, (ii) personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and/or other types of investment funds that may be administered by certain of the Potentially Interested Parties or acquire a debt or equity security of certain of the Potentially Interested Parties, and/or (iii) personally invest in the publically traded stock of certain of the Potentially Interested Parties or their affiliates, including Bank of America, N.A.

xviii. From time to time, KTB&S partners, associates, and employees owe income taxes to certain taxing authorities that are among or may be affiliated with the Potentially Interested Parties, including the California Franchise Tax Board, Internal Revenue Service, Los Angeles County Tax Collector, State of New York Department of Taxation and Finance, and United States Treasury.

xix. From time to time, KTB&S and KTB&S partners, associates, and employees enter into ordinary customer relationships (*e.g.*, a cell phone service contract) with, or purchase goods or services from, certain of the Potentially Interested Parties, including Amazon, AMC Theaters, Arthur J. Gallagher & Co., Bank of America, N.A., Bank of America Merrill Lynch, Blue Shield, Disney, Facebook, Google, MUFG Union Bank, N.A., and Roku.

7. None of KTB&S's representations of any Potentially Interested Party represented one-percent (1%) or more of KTB&S's gross revenue for the 12-month period preceding Petition Date.

8. I do not believe that any such connections between KTB&S and the Potentially Interested Parties result in KTB&S holding or representing an interest that is adverse to the Debtors or their estates.

9.	In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at KTB&S is a relative of the United States Bankruptcy Judge assigned to these Cases, and KTB&S does not have a connection with the United States Bankruptcy Judge that would render its retention in these Cases improper.  Further, in accordance with Bankruptcy Rule 2014, KTB&S does not have any connection with the U.S. Trustee or any persons employed by the U.S. Trustee.

10.	In view of the foregoing, to the best of my knowledge, KTB&S is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), in that KTB&S, its partners, counsel, and associates:

i.	are not creditors, equity security holders, or insiders of the Debtors;

ii.	are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

iii.	do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

11.	As set forth above, and subject to any explanations and/or exceptions contained herein, KTB&S (i) does not hold or represent any interest adverse to, or have any other connections with, the Debtors or their estates, or any of the Potentially Interested Parties, and (ii) is disinterested.  If the results of further investigation reveal any additional connections, KTB&S will make any further disclosures as may be appropriate at that time.

## PROFESSIONAL COMPENSATION

12.	KTB&S was initially retained pursuant to a retention letter dated as of July 16, 2018 (as amended on August 8, 2018 and supplemented on August 30, 2018, the "Engagement Agreement" attached hereto as Schedule 2), to assist the Debtors with their efforts to respond to their financial circumstances, including, among other things, with a restructuring of their

financial affairs and capital structure and, upon the Debtors' request, with the filing of these Cases and the other services to be provided as set forth in this Application. KTB&S has worked closely with the Debtors in connection with their restructuring efforts. In doing so, KTB&S has become familiar with the Debtors' capital structure, the terms of the Debtors' debt, the operation of the Debtors' businesses, and many of the potential legal issues that might arise in the context of these Cases, and has provided advice and assisted the Debtors in all legal aspects of its restructuring efforts, including drafting the various first day motions and other documents and pleadings necessary for the successful prosecution of these Cases.

13.     In connection with KTB&S's retention and in accordance with the Engagement Agreement, KTB&S maintains a retainer (the "Retainer") for professional services rendered or to be rendered and expenses incurred or to be incurred by KTB&S on behalf of the Debtors. On July 31, 2018, KTB&S was paid an initial Retainer of $125,000. On August 15, 2018, August 17, 2018, and September 4, 2018, the Debtors supplemented the initial Retainer with an additional $180,000, $150,000, and $300,000, respectively, for a total Retainer amount of $755,000 in the aggregate. Pursuant to the Engagement Agreement, KTB&S has periodically sent the Debtors invoices for hourly charges and out-of-pocket disbursements incurred on behalf of the Debtors. KTB&S applied that portion of the Retainer necessary to satisfy such invoices, with the Debtors periodically replenishing the Retainer. As of the Petition Date, the amount of the Retainer is approximately $253,047.92. The dates and amounts of the payments made by the Debtors to replenish the Retainer are set forth in the Firm's statement pursuant to Bankruptcy Rule 2016, which is attached as **Exhibit A** to the Application.

14.     KTB&S intends to apply to the Court for interim and final allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders entered in these Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  Subject to such provisions and Court orders, the Debtors have agreed that compensation will be payable to KTB&S on an hourly basis for services rendered, plus reimbursement of actual, necessary expenses incurred by the Firm in connection with these Cases.  KTB&S operates in national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors.  The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | |
|---|---|
| Michael L. Tuchin | $1,245 |
| Whitman L. Holt | $895 |
| Jonathan M. Weiss | $725 |
| Sasha M. Gurvitz | $625 |
| Robert J. Smith | $600 |
| Shanda D. Pearson | $375 |

15.     The hourly rates set forth above are subject to annual increases, in the normal course of KTB&S's business.  KTB&S increases the hourly billing rate of attorneys and its paralegal annually in the ordinary course of the Firm's business due to advancing seniority and promotion.  It is my understanding that these annual increases do not constitute "rate increases" as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* Effective as of November 1, 2013.  KTB&S's rates for bankruptcy representations are the

same as its rates for non-bankruptcy representations. The hourly rates charged by KTB&S attorneys are based on the experience and seniority of the individuals assigned. The rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

16.     In addition to the hourly rates set forth above, it is KTB&S's practice to charge its clients for expenses incurred in connection with its cases. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, telephone conferencing, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. Third party expenses incurred by KTB&S are charged at their actual cost to KTB&S without surcharge. KTB&S does not charge its clients for word processing or secretarial overtime.

17.     Other than as set forth above, no arrangement is proposed between the Debtors and KTB&S for compensation to be paid in these Cases. Except for such sharing arrangements among KTB&S, and its respective partners, of counsel, and associates, KTB&S has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1).

18.     KTB&S will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

19.     The Debtors have informed KTB&S, and KTB&S understands, that the Debtors are planning to file retention applications for other professionals in these cases. In particular, the

Debtors have informed KTB&S that the Debtors have retained FTI Consulting, Inc. to provide interim management services and Young Conaway Stargatt & Taylor, LLP as bankruptcy co-counsel to the Debtors in these Cases. KTB&S has informed the Debtors that it will take appropriate steps to coordinate with each of the Debtors' other professionals to avoid unnecessary duplication of efforts.

## ATTORNEY STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

20.     KTB&S intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. KTB&S also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by KTB&S in these Cases.

21.     The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

**Question:**   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:   No. The hourly rates set forth in the Engagement Agreement and disclosed above are consistent with the rates that KTB&S charges other chapter 11 clients and the rates that KTB&S charges in other non-bankruptcy representations. Furthermore, the hourly rates to be charged in connection with this engagement are not significantly different from the rates of other comparably skilled professionals for similar engagements.

**Question:**   Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question:**   If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement,

including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:      KTB&S represented the Debtors in the 12 months prior to the Petition Date.  KTB&S was engaged on January 14, 2016 pursuant to the Engagement Agreement.  The billing rates and material financial terms for the prepetition engagement are set out in the Engagement Agreement and are the same as the rates and terms set out in the "Payment of Fees and Expenses" section of the Application.

**Question:**      Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:      The Debtors, KTB&S, and Young Conaway expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of these large chapter 11 Cases there may be unforeseeable fees and expenses that will need to be addressed by the Debtors, KTB&S, and Young Conaway.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of September 2018 at Los Angeles, California.


_/s/ Jonathan M. Weiss_____ _____
Jonathan M. Weiss

# SCHEDULE 1

| Name | Description |
|---|---|
| 21st Century Fox | 40 Largest Unsecured Creditor |
| A&E Networks | 40 Largest Unsecured Creditor |
| Allied Integrated Marketing | 40 Largest Unsecured Creditor |
| Amazon.com, Inc. | 40 Largest Unsecured Creditor |
| AMC Networks, Inc. | 40 Largest Unsecured Creditor |
| AMC Theatres | 40 Largest Unsecured Creditor |
| BBG Home Again LLC | 40 Largest Unsecured Creditor |
| Cinedigm Digital Cinema Corp. | 40 Largest Unsecured Creditor |
| Discovery, Inc. | 40 Largest Unsecured Creditor |
| Dolphin Max Steel Holdings LLC | 40 Largest Unsecured Creditor |
| Erwin Penland LLC | 40 Largest Unsecured Creditor |
| Facebook, Inc. | 40 Largest Unsecured Creditor |
| Giaronomo Productions Inc | 40 Largest Unsecured Creditor |
| Google, LLC | 40 Largest Unsecured Creditor |
| HULU | 40 Largest Unsecured Creditor |
| International Alliance of Theatrical Stage Employees | 40 Largest Unsecured Creditor |
| IPG Mediabrands | 40 Largest Unsecured Creditor |
| Kasima, LLC | 40 Largest Unsecured Creditor |
| Loft International NV | 40 Largest Unsecured Creditor |
| National Research Group, Inc. | 40 Largest Unsecured Creditor |
| NBCUniversal | 40 Largest Unsecured Creditor |
| Pandora Media Inc | 40 Largest Unsecured Creditor |
| Promise Acquisitions, LLC | 40 Largest Unsecured Creditor |
| Rhino Entertainment Company | 40 Largest Unsecured Creditor |
| Roku, Inc. | 40 Largest Unsecured Creditor |
| Snap Inc | 40 Largest Unsecured Creditor |
| Sony Electronics, Inc. | 40 Largest Unsecured Creditor |
| Spotify Technology | 40 Largest Unsecured Creditor |
| Swisher Productions LLC | 40 Largest Unsecured Creditor |
| The CW Television Network, LLC | 40 Largest Unsecured Creditor |
| The Walt Disney Company | 40 Largest Unsecured Creditor |
| Turner Broadcasting System | 40 Largest Unsecured Creditor |
| Twitter Inc. | 40 Largest Unsecured Creditor |
| Universal Pictures | 40 Largest Unsecured Creditor |
| Univision | 40 Largest Unsecured Creditor |
| Viacom, Inc. | 40 Largest Unsecured Creditor |
| Bank Leumi, USA | 40 Largest Unsecured Creditor, Litigation Party - Plaintiff |
| Joshua Deutsch | 40 Largest Unsecured Creditor, Litigation Party - Plaintiff |
| Loren Schwartz | 40 Largest Unsecured Creditor, Litigation Party - Plaintiff |
| Latham & Watkins LLP | 40 Largest Unsecured Creditor, Ordinary Course Professional |
| 2.9 Film Distribution Limited | Contract Counterparty |
| All I See Partners 2015, L.P. | Contract Counterparty |
| Amazon Digital Services LLC | Contract Counterparty |
| CinemaScore | Contract Counterparty |
| ComScore, Inc. | Contract Counterparty |
| Constantin Film Verleih GmbH | Contract Counterparty |
| Fullscreen, Inc. | Contract Counterparty |
| Good Films Enterprises LLC | Contract Counterparty |
| Haivision | Contract Counterparty |
| Hotel Artemis Limited | Contract Counterparty |
| IM Global Film Fund, LLC | Contract Counterparty |
| iSpot.tv, Inc. | Contract Counterparty |
| Kintop Pictures, Inc | Contract Counterparty |
| Lakeshore Entertainment Group LLC | Contract Counterparty |
| Lakeshore Entertainment Productions LLC | Contract Counterparty |
| ListenFirst Media, LLC | Contract Counterparty |
| Marshall Film, LLC, | Contract Counterparty |
| Midnight Sun, LLC | Contract Counterparty |
| Miramax Distribution Services, LLC | Contract Counterparty |
| MullenLowe U.S., Inc. d/b/a Mediahub | Contract Counterparty |
| Neilsen NRG, Inc. | Contract Counterparty |
| Paramount Pictures Corporation | Contract Counterparty |
| Promise Distribution, LLC | Contract Counterparty |

| Name | Description |
|---|---|
| PXL Bros, LLC | Contract Counterparty |
| Redrover Co., LTD | Contract Counterparty |
| Rentrak Corporation | Contract Counterparty |
| Riverstone Pictures (Show Dogs) Limited | Contract Counterparty |
| Romin, Inc. | Contract Counterparty |
| Showtime Networks Inc. | Contract Counterparty |
| Toon Box Entertainment Ltd. | Contract Counterparty |
| Universals Studios Home Entertainment LLC | Contract Counterparty |
| Adrienne Gary | Current / Former Executives of Debtors or Affiliates |
| Brad Kembel | Current / Former Executives of Debtors or Affiliates |
| Charlotte Von Weede | Current / Former Executives of Debtors or Affiliates |
| David Rubin | Current / Former Executives of Debtors or Affiliates |
| Eli Shibley | Current / Former Executives of Debtors or Affiliates |
| Frank Prugo | Current / Former Executives of Debtors or Affiliates |
| Jack Pan | Current / Former Executives of Debtors or Affiliates |
| James Ellis | Current / Former Executives of Debtors or Affiliates |
| Josh Gutfreund | Current / Former Executives of Debtors or Affiliates |
| Jun Oh | Current / Former Executives of Debtors or Affiliates |
| Lynn Harris | Current / Former Executives of Debtors or Affiliates |
| Lynn Stepanian | Current / Former Executives of Debtors or Affiliates |
| Mark Stern | Current / Former Executives of Debtors or Affiliates |
| Melissa Martinez | Current / Former Executives of Debtors or Affiliates |
| Michael Dwyer | Current / Former Executives of Debtors or Affiliates |
| Mimi Tseng | Current / Former Executives of Debtors or Affiliates |
| Phil Gurin | Current / Former Executives of Debtors or Affiliates |
| Richie Fay | Current / Former Executives of Debtors or Affiliates |
| Rodolphe Buet | Current / Former Executives of Debtors or Affiliates |
| Sandy Friedman | Current / Former Executives of Debtors or Affiliates |
| Scott Kennedy | Current / Former Executives of Debtors or Affiliates |
| Steve Nickerson | Current / Former Executives of Debtors or Affiliates |
| Tatyana Joffe | Current / Former Executives of Debtors or Affiliates |
| Tim Sommerfeld | Current / Former Executives of Debtors or Affiliates |
| TJ Moffett | Current / Former Executives of Debtors or Affiliates |
| Donald Tang | Current / Former Executives of Debtors or Affiliates |
| Jie "Kevin" Kang | Current / Former Executives of Debtors or Affiliates |
| Robert Friedman | Current / Former Executives of Debtors or Affiliates |
| Briarcliff LLC | Debtor |
| Empire Productions LLC | Debtor |
| Open Road Films, LLC | Debtor |
| Open Road International LLC | Debtor |
| Open Road Releasing, LLC | Debtor |
| OR Productions LLC | Debtor |
| Donlin, Recano & Company, Inc. | Debtors' Claims and Noticing Agent |
| Klee, Tuchin, Bogdanoff & Stern LLP | Debtors' Counsel |
| FTI Consulting, Inc. | Debtors' Interim Management Company |
| Young Conaway Stargatt & Taylor, LLP | Debtors' Local Counsel |
| Judge Brendan L. Shannon | Delaware Bankruptcy Judge |
| Judge Christopher S. Sontchi | Delaware Bankruptcy Judge |
| Judge Kevin Gross | Delaware Bankruptcy Judge |
| Judge Kevin J. Carey | Delaware Bankruptcy Judge |
| Judge Laurie Selber Silverstein | Delaware Bankruptcy Judge |
| Judge Mary F. Walrath | Delaware Bankruptcy Judge |
| Cacia Batts | Delaware Judge's Staff |
| Catherine Farrell | Delaware Judge's Staff |
| Cheryl Szymanski | Delaware Judge's Staff |
| Danielle Gadson | Delaware Judge's Staff |
| Donna Grottini | Delaware Judge's Staff |
| Janet Moore | Delaware Judge's Staff |
| Jill Walker | Delaware Judge's Staff |
| Laura Haney | Delaware Judge's Staff |
| Laurie Capp | Delaware Judge's Staff |
| Lora Johnson | Delaware Judge's Staff |
| Nancy Hunt | Delaware Judge's Staff |

**Open Road Films, LLC, et al.**
**List of Parties in Interest**

| Name | Description |
|---|---|
| Rachel Bello | Delaware Judge's Staff |
| Rachel Werkheiser | Delaware Judge's Staff |
| Sherry Scaruzzi | Delaware Judge's Staff |
| Benjamin Hackman | Delaware UST's Office |
| Brya Keilson | Delaware UST's Office |
| Christine Green | Delaware UST's Office |
| David Buchbinder | Delaware UST's Office |
| Diane Giordano | Delaware UST's Office |
| Dion Wynn | Delaware UST's Office |
| Edith A. Serrano | Delaware UST's Office |
| Hannah M. McCollum | Delaware UST's Office |
| Holly Dice | Delaware UST's Office |
| Jaclyn Weissgerber | Delaware UST's Office |
| James R. O'Malley | Delaware UST's Office |
| Jane Leamy | Delaware UST's Office |
| Jeffrey Heck | Delaware UST's Office |
| Juliet Sarkessian | Delaware UST's Office |
| Karen Starr | Delaware UST's Office |
| Lauren Attix | Delaware UST's Office |
| Linda Casey | Delaware UST's Office |
| Linda Richenderfer | Delaware UST's Office |
| Mark Kenney | Delaware UST's Office |
| Michael Panacio | Delaware UST's Office |
| Michael West | Delaware UST's Office |
| Ramona Vinson | Delaware UST's Office |
| Richard Schepacarter | Delaware UST's Office |
| Shakima L. Dortch | Delaware UST's Office |
| T. Patrick Tinker | Delaware UST's Office |
| Timothy J. Fox, Jr. | Delaware UST's Office |
| China Everbright Limited | Equity Holder of Non-Debtor Parent Company |
| China Harvest Partners, L.P. | Equity Holder of Non-Debtor Parent Company |
| Donald Tang and Partners | Equity Holder of Non-Debtor Parent Company |
| Gopher Hargest | Equity Holder of Non-Debtor Parent Company |
| Neil Shen | Equity Holder of Non-Debtor Parent Company |
| Reliance Industries Limited | Equity Holder of Non-Debtor Parent Company |
| Tencent Holdings Limited | Equity Holder of Non-Debtor Parent Company |
| Tom Ortenberg | Former Director |
| Alliance of Canadian Cinema, Television and Radio Artists | Industry Guilds |
| American Federation of Musicians | Industry Guilds |
| Directors Guild of America | Industry Guilds |
| International Alliance of Theatrical Stage Employees | Industry Guilds |
| Media, Entertainment and Arts Alliance | Industry Guilds |
| Producers Guild of America | Industry Guilds |
| Union of British Columbia Performers | Industry Guilds |
| Dewitt Stern of California Insurance Services, a division of Risk Strategies Company | Insurance Broker |
| AIG Europe Limited | Insurer |
| Allied World Specialty Insurance Company | Insurer |
| Arch Insurance Group | Insurer |
| AXIS Insurance Company | Insurer |
| Chubb National Insurance Company | Insurer |
| Federal Insurance Company | Insurer |
| Hallmark Specialty Insurance Company | Insurer |
| Hartford Fire Insurance Company | Insurer |
| Hiscox Insurance Company, Inc. | Insurer |
| Starr Companies | Insurer |
| U.S. Specialty Insurance Company | Insurer |
| Vigilant Insurance Company | Insurer |
| One Hundred Towers L.L.C. | Lease Counterparty (Landlord) |
| Shoreline Law - Andrew Pauly and Damon Thayer | Litigation Party - Debtors' Attorney |
| Robert Thornton | Litigation Party - Plaintiff |
| Sous Chef, LLC | Litigation Party - Plaintiff |
| Bent Caryl & Kroll, LLP | Litigation Party - Plaintiff's Attorney |
| Leto Bassuk | Litigation Party - Plaintiff's Attorney |

**Open Road Films, LLC, et al.**
**List of Parties in Interest**

| Name | Description |
|------|-------------|
| Procopio Cory Hargreaves & Savitch LLP | Litigation Party - Plaintiff's Attorney |
| Quinn Emanuel Urquhart & Sullivan - Gary Gans, Diane Cafferata, and William Odom | Litigation Party - Plaintiff's Attorney |
| Daley & Tang Securities LLC | Non-filing Debtor Affiliate |
| Global Road Entertainment LLC | Non-filing Debtor Affiliate |
| Global Road Entertainment Television LLC | Non-filing Debtor Affiliate |
| Global Road International Limited | Non-filing Debtor Affiliate |
| GRE Puerto Rico LLC | Non-filing Debtor Affiliate |
| IM Global LLC | Non-filing Debtor Affiliate |
| Sixjoy LLC | Non-filing Debtor Affiliate |
| Sleepless Nights Productions LLC | Non-filing Debtor Affiliate |
| Tang and Partners Limited | Non-filing Debtor Affiliate |
| Tang Media Partners Holdings LLC | Non-filing Debtor Affiliate |
| Tang Media Partners Limited | Non-filing Debtor Affiliate |
| Tang Media Partners LLC | Non-filing Debtor Affiliate |
| Tang Media Partners Securities LLC | Non-filing Debtor Affiliate |
| TMP Films Shanghai | Non-filing Debtor Affiliate |
| TMP Global LLC | Non-filing Debtor Affiliate |
| TMP Investment Shanghai | Non-filing Debtor Affiliate |
| TMPTV LLC | Non-filing Debtor Affiliate |
| Loeb & Loeb, LLP | Ordinary Course Professional |
| Shoreline, A Law Corporation | Ordinary Course Professional |
| Paul Hastings LLP | Professional, Counsel to Secured Lender (Bank of America) |
| Berkeley Research Group | Professional, Financial Advisor to Bank of America, N.A. |
| Glaser Weil - Patricia Glaser and Garland Kelly | Professional, Litigation Party - Debtors' Attorney |
| Amazon Content Services LLC | Secured - UCC Party |
| Awesomeness Distribution, LLC | Secured - UCC Party |
| Believe Film Partners, LLC | Secured - UCC Party |
| City National Bank, N.A. | Secured - UCC Party |
| Endgame Releasing Company, LLC | Secured - UCC Party |
| Film Finances, Inc. | Secured - UCC Party |
| Neddy Dean Productions Limited | Secured - UCC Party |
| Redrover Co., Ltd | Secured - UCC Party |
| Riverstone Pictures (Show Dogs) Limited | Secured - UCC Party |
| Riverstone Pictures (Sleepless Night) Limited | Secured - UCC Party |
| Riverstone Solutions 2 Limited | Secured - UCC Party |
| RPSD2 Limited | Secured - UCC Party |
| Sony Pictures Worldwide Acquisitions Inc. | Secured - UCC Party |
| Spotlight Films, LLC | Secured - UCC Party |
| IMG Global Film Fund LLC | Secured - UCC Party, Contract Counterparty |
| Writers Guild of America, East, Inc. | Secured - UCC Party, Industry Guild |
| Writers Guild of America, West, Inc. | Secured - UCC Party, Industry Guild |
| Screen Actors Guild - American Federation of Television and Radio Artists | Secured - UCC, Industry Guilds |
| Bank Hapoalim B.M. | Secured Lender |
| East West Bank | Secured Lender |
| MUFG Union Bank, N.A. | Secured Lender |
| CIT Bank, N.A. | Secured Lender, Depository Institution |
| Bank of America, N.A. | Secured Lender, UCC, Administrative Agent |
| California Franchise Tax Board | Taxing Authority |
| City of Chicago Department of Finance | Taxing Authority |
| Delaware Division of Revenue | Taxing Authority |
| Georgia Department of Revenue | Taxing Authority |
| Illinois Department of Revenue | Taxing Authority |
| Internal Revenue Service | Taxing Authority |
| Los Angeles County Tax Collector | Taxing Authority |
| New York City Department of Finance | Taxing Authority |
| Office of Finance, City of Los Angeles | Taxing Authority |
| Ohio Department of Taxation | Taxing Authority |
| State of New York, Department of Taxation and Finance | Taxing Authority |
| Tennessee Department of Revenue | Taxing Authority |
| Texas Comptroller of Public Accounts | Taxing Authority |
| Washington Department of Revenue | Taxing Authority |

# SCHEDULE 2



1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, California 90067

voice: 310-407-4000
fax: 310-407-9090
www.ktbslaw.com

E-mail: mtuchin@ktbslaw.com
Direct Dial: 310-407-4040

August 30, 2018

**VIA ELECTRONIC MAIL**

Open Road Films, LLC, et al.
James Ellis, Esq., General Counsel
2049 Century Park East
Los Angeles, California 90067

> Re: Retention Agreement among Open Road Films, LLC, Open Road Releasing, LLC, OR Productions LLC, Briarcliff LLC, Open Road International LLC, and Empire Productions LLC (collectively, the "Clients") and Klee, Tuchin, Bogdanoff & Stern LLP

Dear James:

I am writing this letter to set forth the terms and conditions upon which Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") will serve as legal counsel to the Clients in connection with their jointly administered chapter 11 cases. This letter supplements the earlier retention letter agreement between KTB&S and Open Road Films, LLC ("ORF"), dated July 16, 2018 (as amended on August 8, 2018, the "Prior Agreement"). To the extent any terms and conditions herein are different than those in the Prior Agreement, the terms and conditions set forth herein shall control, on and after the date hereof.

<u>Scope of Representation</u>.

KTB&S specializes in the areas of reorganization, bankruptcy, general commercial litigation, general corporate law, financings and acquisitions. We limit our practice (and hence our services) to those areas.

KTB&S will act as Clients' reorganization counsel, to render such ordinary and necessary legal services as may be required in connection with the cases under chapter 11 of the Bankruptcy Code which may be filed by any or all of the Clients in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), including assisting with and/or advising the Clients regarding: preparation for the chapter 11 filing (including preparation of voluntary petitions and other documents that must be filed in connection with the commencement of a chapter 11 case); preparation of pleadings requesting emergency relief from the Bankruptcy Court shortly after the filing of a

chapter 11 case; preparation of pleadings to approve any contemplated sale of assets of the Clients and the consummation of such sale; preparation of a plan and disclosure statement for the Clients and the plan solicitation and confirmation process; the preparation of other pleadings, documents and disclosures to be filed with the Bankruptcy Court or the Office of the United States Trustee; appearing at meetings of creditors; and the Clients' rights and responsibilities under the Bankruptcy Code and applicable rules. KTB&S will represent the Clients in contested matters and adversary proceedings involving matters of bankruptcy law in the Bankruptcy Court, and in any federal court that may exercise bankruptcy or appellate jurisdiction over such matters originating in the Bankruptcy Court.

It is a condition to KTB&S's engagement (and continued engagement) that Clients have available competent outside counsel to provide advice in matters outside the scope of KTB&S's engagement. Without limiting the preceding, it is a condition to our employment that Clients retain Delaware counsel to serve as co-counsel.

KTB&S will consult only as to those aspects of the matter that are within the scope of its representation to which you request that it devote attention. KTB&S's employment as Clients' legal counsel does not include the provision of advice outside the areas to which KTB&S limits its practice or beyond the scope of this engagement. A separate engagement letter will be required should Clients and KTB&S agree, in their respective sole discretion, to expand the scope of KTB&S's employment.

Financial Arrangements.

Clients agree to pay KTB&S professional fees on account of the services provided to the Clients at KTB&S's hourly rates in effect at the time of such services, and to reimburse KTB&S for costs and expenses incurred by KTB&S in connection with this engagement.

The current rates for attorney and paralegal services presently range from $375 to $1,475 per hour. My hourly rate is $1,245. Jonathan Weiss and Sasha Gurvitz, who will be working on this matter as well, have hourly rates of $725 and $625, respectively. KTB&S's hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities and seniority of KTB&S's professionals, as well as general economic factors.

Following commencement of the Clients' chapter 11 cases, the Clients acknowledge and agree that KTB&S will be compensated consistent with any rules or orders of the Bankruptcy Court and applicable procedures established by the Office of the United States Trustee.

Since the commencement of KTB&S's engagement under the Prior Agreement, at all times KTB&S has been holding a retainer to be applied to future billings. KTB&S anticipates that after drawing upon the retainer immediately prior to the contemplated

chapter 11 filing to satisfy professional fees and expenses incurred through such time, it may hold a retainer balance.  If so, that balance will serve as a retainer to secure the payment of professional fees and expenses incurred after the commencement of the chapter 11 cases ("Chapter 11 Retainer").

The Clients consent to KTB&S drawing down on any Chapter 11 Retainer to cover postpetition fees and expenses during the chapter 11 cases and agree to promptly pay any and all amounts that are permitted to be paid by the Bankruptcy Court.

The types of costs and expenses that must be reimbursed hereunder include charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage, telephone conferencing, investigative searches, legal research, transcripts, and other actual charges customarily invoiced by law firms in addition to fees for legal services.  KTB&S does not ever bill for secretarial overtime or word processing.

<u>Disclosures and Waivers</u>.

KTB&S is a specialty law firm with few continuing institutional clients.  Because of the specialized nature of its practice, from time to time KTB&S may concurrently represent one client in a particular case and a debtor, creditor, competitor or adversary of that client (or a professional employed to represent that opposing party) in an unrelated matter.  Thus, by way of illustration only, while representing Clients, KTB&S may represent a creditor of Clients as a debtor in other bankruptcy case or in connection with out-of-court negotiations with such entity's creditors concerning that entity's ability to pay its debts generally.

In particular, KTB&S calls your attention to the following:

- From time to time, KTB&S represents Viacom (a creditor of Clients) in unrelated matters.  Under no circumstances will KTB&S represent Viacom in connection with this engagement.  Over the past 12 months, KTB&S's revenue from Viacom matters comprised less than 1% of KTB&S's overall revenue.  KTB&S is free to be adverse to Viacom in this engagement.

Clients acknowledge the foregoing disclosures, do not believe that KTB&S's representation of Clients is inappropriate or otherwise objectionable in light of the relationships described above, and consent to KTB&S's representation of Clients under these circumstances.

Clients agree that they do not consider the concurrent representation by KTB&S, in unrelated matters, of any adversary to Clients, to be inappropriate or otherwise objectionable and, therefore, waive any and all objections (and/or other rights to oppose or otherwise contest) to any such concurrent representations (present and/or future) by KTB&S now or any time in the future including, without limitation, the representation by

KTB&S of parties adverse to Clients on or in connection with any matters and/or issues other than the engagement hereunder.  Clients understand that KTB&S is relying on this waiver and would not undertake this representation but for this waiver.  Please be assured, however, that KTB&S strictly preserves all client confidences and zealously pursues the interests of each of its clients, including in those circumstances in which KTB&S represents the adversary of an existing client in an unrelated matter.

Clients' consent to KTB&S's representation of parties directly adverse to Clients in unrelated matters would not ordinarily require screening procedures unless a risk existed that relevant confidential information of Clients might be disclosed to those working on behalf of Clients' adversary or otherwise used against Clients.  If that risk exists, however, KTB&S will employ its customary screening procedures to protect Clients' confidential information.  Those procedures prohibit lawyers with access to relevant confidential information of Clients from participating in the representation of Clients' adversary in the unrelated matter, and preclude those KTB&S professionals representing Clients' adversary in the unrelated matter from communicating with those lawyers regarding either matter or accessing documents, in our office or on our computer system, that are related to our representation of Clients.  Clients acknowledge and agree that KTB&S will not be required to implement screening procedures unless the risk described above exists, and that if such risk does exist, the screening procedures described above are sufficient and appropriate.

Although confidential communications between a client and its counsel are privileged, Clients should be aware that the filing of a bankruptcy case for a corporation, partnership, limited liability company or other entity may have a severe impact upon the attorney-client privilege.  Specifically, if a trustee is appointed in a bankruptcy case for a debtor that is a corporation, partnership, limited liability company or other entity, the trustee or the creditors' committee may be able to obtain a court order compelling counsel for the debtor to disclose any and all information communicated between the debtor and its counsel.

Each of the Clients has requested that KTB&S agree to jointly represent these entities.  After considering the issue of joint representation and discussing it with the parties, KTB&S believes that it can concurrently represent all of these entities as set forth herein.  It is possible that during the representation of the entities, facts could come to light that would create a conflict of interest such that continued joint representation would be inadvisable.  Thus, it is possible that such entities could find themselves in a legal position different from each other, and conceivably it could be advantageous for one entity to take positions separately or adverse to the others.  In that event, KTB&S will abstain from its joint representation of such entities with respect to the particular issue in conflict, and each entity will retain separate counsel with respect to that particular issue.  KTB&S will continue to jointly represent the interests of all entities with respect to all other matters that are the subject of this agreement.  In the event that such measures prove inconsistent with ethical or practical considerations, KTB&S may have to withdraw completely from its representation of one or more of the

entities to maintain its ability to exercise its independent professional judgment. Similarly, one or more of the entities may later determine that unanticipated facts have come to light that would impair KTB&S's ability to exercise independent professional judgment. KTB&S will promptly inform representatives of each entity if it becomes aware of such unanticipated circumstances, and will rely on each entity to promptly notify KTB&S if it becomes aware of such circumstances.

You may seek independent legal advice with respect to the proposed joint representation. Rule 3-310 of the California Rules of Professional Conduct bears upon the matters set out in this letter and requires KTB&S to so inform you and to obtain your written consent before KTB&S can concurrently represent multiple entities. If conflicts were to develop and KTB&S withdraws from the representation of any of these entities, KTB&S wishes to be able to continue to represent the other or others, consistent with ethical and practical considerations.

Some attorneys at KTB&S have relatives or significant others who are attorneys at other law firms. In addition, we call your attention to the following:

- A partner at KTB&S, Jonathan M. Weiss, is a first cousin of an ORF employee, Michael Bolkin.

We have strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés and other relatives. You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

KTB&S maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder in compliance with California Corporations Code section 16956(a)(2).

None of the attorneys at KTB&S are admitted to practice law in the State of Delaware. Following the commencement of Clients' chapter 11 cases, the attorneys at KTB&S which are to represent Clients in their chapter 11 cases will file applications with the Bankruptcy Court for permission to represent Clients in connection with their chapter 11 cases, with the assistance of Delaware local counsel. Clients acknowledge this disclosure and consent to KTB&S's representation.

<u>Opinion Letters and Tax Matters</u>.

To the extent KTB&S is requested to provide an opinion letter, it does so only as approved by a special committee of the firm, based upon the facts and circumstances presented. KTB&S may determine, in its sole discretion, whether to provide any opinion letter requested by Clients. If KTB&S agrees to provide an opinion letter, KTB&S may require an additional fee for the drafting and issuance of such a letter. Nothing herein is

intended, nor should it be construed, as an obligation by KTB&S to issue any opinion letter.

KTB&S does not give tax advice. If, notwithstanding the preceding, any advice KTB&S furnishes to Clients is deemed to constitute tax advice within the meaning of U.S. Treasury Regulations, then, as required by U.S. Treasury Regulations governing tax practice, Clients are hereby advised that any tax advice will not be written or intended to be used (and cannot be used) by any taxpayer for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s).

<u>No Individual/Officer/Family etc. Representation</u>.

KTB&S is being engaged by Clients only. KTB&S's employment by Clients does not include the representation of any officer, director, member, partner, employee, agent or representative of Clients, or any partner of or in Clients. KTB&S encourages each to consult independent counsel to the extent appropriate. Clients are solely responsible for notifying their officers, directors, members, partners, employees, agents and representatives of clients that KTB&S represents only Clients in this engagement.

<u>Discharge and Withdrawal</u>.

Clients may discharge KTB&S at any time. KTB&S may withdraw at any time with Clients' consent or for good cause without Clients' consent. Good cause includes Clients' breach of this agreement, Clients' refusal or failure to cooperate with KTB&S, or any fact or circumstance that would render KTB&S's continuing representation unlawful or unethical.

<u>Clients' Files</u>.

After the termination of KTB&S's engagement, KTB&S will retain Clients' hard-copy and electronic files in KTB&S's possession for a period of three years following such termination. If Clients do not request in writing delivery of Clients' files before the end of that three-year period, KTB&S will have no further obligation to retain such files upon the expiration of such period, and may, in KTB&S's sole discretion, destroy them without further notice or obligation to Clients.

<u>No Other Agreement</u>.

This agreement constitutes the entire understanding between Clients and KTB&S regarding this engagement. By executing this agreement, Clients acknowledge they have read carefully and understand all of its terms. The agreement cannot be modified except by further written agreement signed by each party.

Conclusion.

If you have any questions about the foregoing, please call me. Moreover, feel free to obtain independent legal advice regarding this agreement. If Clients are in agreement with the foregoing, and it accurately represents Clients' agreement with KTB&S, please execute this letter. If Clients are not in agreement with the foregoing, kindly contact me immediately.

KTB&S looks forward to working with you.

Very truly yours,

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: MICHAEL L. TUCHIN

THE FOREGOING LETTER AGREEMENT IS APPROVED AND AGREED TO:

**ON BEHALF OF OPEN ROAD FILMS, LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: James H. Ellis
Its: General Counsel

**ON BEHALF OF OPEN ROAD RELEASING, LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: Donald Tang
Its: Manager

**ON BEHALF OF OR PRODUCTIONS LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: Robert G. Friedman
Its: Authorized Signatory

**ON BEHALF OF BRIARCLIFF LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: Robert G. Friedman
Its: Authorized Signatory

**ON BEHALF OF OPEN ROAD INTERNATIONAL LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: Robert G. Friedman
Its: Authorized Signatory

**ON BEHALF OF EMPIRE PRODUCTIONS LLC , A DELAWARE LIMITED LIABILITY COMPANY**

_____

By: Robert G. Friedman
Its: Authorized Signatory