# **EXHIBIT D**

**Proposed KTB&S Employment and Retention Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Re Docket No.** |

**ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
AND LOCAL RULE 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF
KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the *Debtors' Application, Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), seeking authorization to employ and retain Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm") as counsel for the Debtors; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Statement"), (ii) the declarations of Jonathan M. Weiss and Amir Agam (the "Declarations") submitted concurrently with the Application, and (iii) the other declarations and exhibits filed in these Cases; and the Court being satisfied, based

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

01:23621004.3

on the representations made in the Application, the Statement, and the Declarations, that KTB&S does not represent or hold any interest adverse to the Debtors or the Debtors' estates, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of KTB&S is in the best interests of the Debtors and the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Application has been given under the circumstances, and that no other or further notice need be given; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain KTB&S as counsel, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, the Statement, and the Engagement Agreement.

3. KTB&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. KTB&S may hold its Retainer under the Engagement Agreement during the Cases as security for the payment of fees and expenses under the Engagement Agreement. Following the termination of the Engagement Agreement, KTB&S shall return to the Debtors any amount of the Retainer that remains.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Debtors are authorized and empowered to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

6. Notice of the Application shall be deemed good and sufficient notice of such motion, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. This Court retains jurisdiction and power with respect to all matters arising from or related to the implementation of this Order.