# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.: 18-12012 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Objection Deadline: September 25, 2018 at 4:00 p.m. (ET)** |
| | **Hearing Date: October 2, 2018 at 2:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official creditors' committee members and granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's

entry of a final judgment or order with respect to the Motion if it is determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are sections 105,

330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## II. BACKGROUND

4.      On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their business and manage their

property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been requested or appointed in these Cases and no statutory

committee has been appointed yet by the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee").

6.      The Debtors distribute motion pictures in the United States and license motion

pictures in ancillary markets, principally to home entertainment, pay television, subscription, and

transactional video-on-demand, free television, and other non-theatrical entertainment

distribution markets.  The Debtors' films have generated over $1.3 billion in worldwide

theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13

Academy Awards.

7.       The Debtors intend to utilize the bankruptcy process to continue and conclude

their robust marketing and sale process.  They believe that doing so will ensure that the value of

their assets are maximized for the benefit of all stakeholders.

8.       The detailed factual background relating to the Debtors and the commencement of

these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions*

[Docket No. 7] (the "First Day Declaration").

### III.  RELIEF REQUESTED

9.       By this Motion, the Debtors seek entry of the Proposed Order, establishing

procedures for interim compensation and reimbursement of expenses for professionals and

official creditors' committee members and granting related relief.

10.      The entry of such an order will streamline the professional compensation process,

and allow the Court and other parties to more effectively monitor the professional fees and

expenses incurred in these Cases.

**A.       Retention of Professionals**

11.      The Debtors have filed, or intend to file, applications to retain certain

professionals, including, but not limited to, Klee, Tuchin, Bogdanoff & Stern LLP and Young

Conaway Stargatt & Taylor, LLP as the Debtors' bankruptcy counsel, and Donlin, Recano &

Company, Inc. as the Debtors' administrative agent.[2]  The Debtors may seek to retain other

professionals during the course of these Cases if the need arises.  Moreover, the Debtors

---

[2]     The Debtors will also be seeking to retain FTI Consulting, Inc. to provide interim management services;
        however, that retention is not proposed to be subject to the Compensation Procedures (as defined herein).

anticipate that an official creditors' committee (the "Committee") will likely be formed in these

Cases, which Committee will likely file one or more applications to retain counsel and possibly

other professionals to assist it in fulfilling its obligations in these Cases (the professionals

retained by the Debtors and the Committee in these Cases are hereafter collectively referred to as

the "Professionals").

**B.      Proposed Compensation and Reimbursement Procedures**

12.      By this Motion, the Debtors propose that, except as otherwise provided in an

order of the Court authorizing the retention of a particular Professional, Professionals be

permitted to seek interim payment of compensation and reimbursement of expenses in

accordance with the procedures set forth below (the "Compensation Procedures"):

a.   On or before the 5th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by regular mail on each of the following parties (collectively, the "Notice Parties"):

i)   proposed counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq.;

ii)  proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP 1000 N. King St., Rodney Square, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr., Esq.;

iii) counsel to the Agent, Paul Hastings LLP (i) 1999 Avenue of the Stars, 27th Floor, Los Angeles, California 90067, Attn: Susan Williams, Esq. and (ii) 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer, Esq.;

iv)  counsel to the Agent, Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: Bill Bowden, Esq.;

v)   the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer, Esq.; and

vi)  counsel to any Committee.

01:23620894.1

4

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.      Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period").  If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties.  A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.      Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO").  After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application.  If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.      If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment.  If, however, the parties are unable to reach a complete resolution of the objection within 10 days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with the Court within 3 business days and serve such Objection on the respective Professional and each of the Notice Parties.  Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.      At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code.  The Interim Fee Application must include a brief description identifying the following:

i) the Monthly Fee Applications that are the subject of the request;

ii) the amount of fees and expenses requested;

iii) the amount of fees and expenses paid to date and/or subject to an Objection;

iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

v) any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

f. The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every 3 months, or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

g. The first Interim Fee Period will cover the month in which the Petition Date occurs and the first two full months immediately following such month. Thus, as applicable to these Cases, the first Interim Fee Period will cover the Petition Date through November 30, 2018. Each Professional must file and serve its first Interim Fee Application on or before the 20th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Applications must be filed on or before December 20, 2018.

h. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

13. The Debtors also request that each member of any Committee be permitted to submit statements of expenses (excluding fees and expenses of counsel to individual Committee members) with supporting documentation to Committee counsel, which counsel shall collect and

01:23620894.1

6

submit such Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of this Court.

14.     The Debtors further request that the Court limit the notice of interim and final fee applications to (i) the Notice Parties and (ii) parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors further request that (i) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any final fee applications (the "Final Fee Applications"), and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "Hearing Notices"), and (ii) all other parties entitled to notice be entitled to receive only the Hearing Notices. Providing notice of interim and final fee application hearings in such manner will allow the parties most active in these Cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

15.     The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

16.     The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the U.S. Trustee, to more efficiently monitor the compensation and reimbursement of Professionals in these Cases.

## IV.  BASIS FOR RELIEF

17.    Section 330 of the Bankruptcy Code provides that, after notice and a hearing, the Court may award to professionals reasonable compensation and reimbursement of expenses. Section 331 of the Bankruptcy Code provides that all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18.    Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently.  *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Courts, including this one, have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis.  Accordingly, this Court has authority to enter an order authorizing the Compensation Procedures requested herein.

19.    Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors.  Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on part of the attorneys for the debtor in providing services necessary for the successful resolution of these Cases.  The Debtors have limited staff and resources to deal with the extra burdens imposed by the filing of these Cases.  Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtors, the Professionals, the Court, the U.S. Trustee, and other parties in interest.  Moreover, the proposed Compensation Procedures are necessary to ensure that the Professionals are fairly and timely

compensated for their services, and that such Professionals are not forced to bear undue financial burden or risk caused by prolonged delays in payment.

20.     The Compensation Procedures requested herein will: (i) enable the Debtors and parties in interest to closely monitor costs of administration relating to these Cases; (ii) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (iii) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of undisputed Monthly Fee Applications; and (iv) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtors' Cases.

21.     Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

## V.  NOTICE

22.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent (as defined in the First Day Declaration); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this

Court enter the Proposed Order, granting the relief requested in the Motion and such other and

further relief as is just and proper.

Dated:  September 11, 2018

*/s/ Robert F. Poppiti, Jr.*

Michael R. Nestor, Esq. (Bar No. 3526)
Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
Ian J. Bambrick, Esq. (Bar No. 5455)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253

and

Michael L. Tuchin, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN  LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Proposed Counsel to Debtors and
Debtors in Possession*