**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: September 25, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: October 2, 2018 at 2:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PROVIDING THAT ANY CREDITORS' COMMITTEE IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION TO CREDITORS**

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that any creditors' committee appointed under section 1102(a) of the Bankruptcy Code in these Cases (the "Creditors' Committee") is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access, to the creditors it represents, to the Debtors' confidential, privileged, or other non-public proprietary information. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

01:23620915.1

# I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9018.

# II. BACKGROUND

4. On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6. The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and

transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets. The Debtors' films have generated over $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

7. The Debtors intend to utilize the bankruptcy process to continue and conclude their robust marketing and sale process. They believe that doing so will ensure that the value of their assets are maximized for the benefit of all stakeholders.

8. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7] (the "First Day Declaration").

### III. RELIEF REQUESTED

9. By this Motion, the Debtors request that the Court enter the Proposed Order, providing that a Creditors' Committee is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access, to the creditors it represents, to the Debtors' confidential, privileged, or other non-public proprietary information.

10. The relief requested herein will help ensure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates, which relief will in turn aid a Creditors' Committee in performing its statutory function.

11. Specifically, the Debtors respectfully request entry of the Proposed Order, mandating that a Creditors' Committee and its individual members and respective representatives, advisors and counsel shall be deemed to be in compliance with section 1102(b)(3) of the Bankruptcy Code by implementing certain procedures (the "Procedures"), which may include the following: (a) establishing a website (the "Website") to make certain

information available to creditors; (b) making available on the Website information regarding the Debtors' Cases, including (i) the Petition Date, (ii) the case numbers, (iii) the contact information for the Debtors, any information hotlines, the Debtors' counsel, and counsel for a Creditors' Committee, (iv) the voting deadline with respect to any plan filed in these Cases, (v) access to the claims docket as and when established by the Debtors or any claims and noticing agent retained in these Cases, (vi) a general overview of the chapter 11 process, (vii) press releases, if any, issued by a Creditors' Committee or by the Debtors, (viii) links to other relevant websites (*e.g.*, the Debtors' corporate website, the Court's website, and the website of the Office of the United States Trustee), and (ix) any other information that a Creditors' Committee or its counsel, in its sole discretion, deems appropriate subject to the restrictions and limitations herein as well as any restrictions imposed by any agreement entered into by a Creditors' Committee or by any bylaw such committee adopts; (c) establishing an email address to allow unsecured creditors to send questions and comments in connection with these Cases; and (d) authorizing a Creditors' Committee and its counsel, in their reasonable discretion, to review and/or respond to such email correspondence.

## IV. BASIS FOR RELIEF

12. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(A) does not indicate how a creditors committee should provide "access to information" to the creditors it represents, nor does the associated legislative history provide any guidance.

13. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other

non-public proprietary information with a creditors' committee (the "Confidential Information").[2] The committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the successful prosecution of the chapter 11 case, the results of any revised operations of the debtor and the debtor's overall prospects in bankruptcy. In addition, creditors' committees typically execute confidentiality agreements or similar arrangements with the debtor to ensure that the committee's members do not use Confidential Information except in connection with the chapter 11 case, and on terms acceptable to the debtor. Section 1102(b)(3)(A) raises the issue of whether a creditors' committee could be required to share a debtor's Confidential Information with any creditor that the committee represents notwithstanding any confidentiality agreement between the committee and the debtor.

14. In these Cases, absent appropriate protections, the Debtors might be unwilling to share Confidential Information with a Creditors' Committee, which would impede the Creditors' Committee's ability to function effectively, impair the Creditors' Committee's working relationship with the Debtors, and potentially preclude access to the legal advice necessary to successfully prosecute these Cases. Given the importance of the issue, the Debtors seek entry of the Proposed Order confirming that section 1102(b)(3)(A) does not authorize or require the

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies and other documents prepared by the Debtors, their advisors or other agents, which are furnished, disclosed or made known to the Creditors' Committee, whether intentionally or unintentionally and in any manner, including written form, orally or through any electronic, facsimile or computer-assisted communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to a Creditors' Committee that the Debtors, their advisors or other agents indicate should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that (a) is or becomes generally available to the public or is or becomes available to the Creditors' Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (b) was in the possession of the Creditors' Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

Creditors' Committee(s) in these Cases to provide access to the Debtors' Confidential Information to any creditor that a Creditors' Committee represents.

15. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information, or information protected by any other applicable privilege (collectively, "Privileged Information"),[3] to the creditors that a Creditors' Committee represents. Given the importance of these privileges, the Debtors seek clarification that a Creditors' Committee is not authorized or required to provide access to Privileged Information to any creditor that a Creditors' Committee represents. A Creditors' Committee would be permitted, but not required, to provide access to Privileged Information to any party only so long as (a) such Privileged Information was not Confidential Information and (b) the relevant privilege was held and controlled solely by the Creditors' Committee.

16. In sum, the Debtors respectfully submit that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a committee to "provide access to information," without offering any guidance as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through the exercise of the committee's investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements. *See* 17 C.F.R. §§ 243.100-243/103 (2005). The Debtors respectfully submit that such a reading would be improper.

---

[3] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal or other jurisdictional law privilege, including attorney work product, whether such privilege is solely controlled by the Creditors' Committee or is a joint privilege with the Debtors or some other party.

17. Instead, given the ability to rapidly disseminate information online or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor. If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code.

18. The Debtors' interpretation of section 1102(b)(3) is further supported by section 107(b)(1) of the Bankruptcy Code, which provides that "on request of a party in interest, the bankruptcy court shall … protect an entity with respect to trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). In addition, Bankruptcy Rule 9018 states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estates or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Debtors' Confidential Information and all Privileged Information from disclosure to creditors.

19. Such an order is appropriate in these Cases because the Debtors are in a highly competitive industry. If the Debtors' creditors or competitors buying claims could require a Creditors' Committee to turn over Confidential Information or Privileged Information in the possession of the Committee, such Confidential Information or Privileged Information could

easily become public immediately thereafter. The dissemination of the Debtors' Confidential Information to parties who are not bound by any confidentiality agreement could be damaging.

20. The relief sought by the Debtors is not only for their benefit, but also for the benefit of the Creditors' Committee. The Creditors' Committee will benefit from the relief sought in this Motion insofar as it will ensure that the Creditors' Committee does not breach the confidentiality agreements and related covenants executed in connection with these Cases. Indeed, unless it is made clear that there is no risk that Confidential Information or Privileged Information will be disseminated to creditors, the representation structure envisioned by the Bankruptcy Code would become dysfunctional. Therefore, pursuant to section 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to preserve the value of the estates, the Debtors respectfully request that the relief herein be granted.

21. Finally, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that establishing and implementing the Procedures and granting the relief requested by this Motion is necessary and appropriate, and consistent with the provisions of section 1102(b)(3)(A) of the Bankruptcy Code. Any absence of such relief may result in the damaging dissemination of Confidential and Privileged Information, which could impair the Debtors' ability to preserve the value of their assets through a Court approved sale process during these Cases.

22. Therefore, the relief requested in this Motion is in the best interests of the Debtors and their estates and should be granted in all respects.

### V. NOTICE

23. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the

01:23620915.1

8

Agent (as defined in the First Day Declaration); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court the Proposed Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: September 11, 2018

*/s/ Robert F. Poppiti, Jr.*
Michael R. Nestor, Esq. (Bar No. 3526)
Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
Ian J. Bambrick, Esq. (Bar No. 5455)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

and

Michael L. Tuchin, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:  (310) 407-4000
Fax:  (310) 407-9090

*Proposed Counsel to Debtors and Debtors in Possession*