IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: October 2, 2018, at 2:00 p.m. (ET)<br>Objection Deadline: September 25, 2018, at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC., AS ADMINISTRATIVE AGENT TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby apply to the Court (the "Application") pursuant to sections 327(a), 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order, in substantially the form attached hereto as **Exhibit C** (the "Proposed Order"), authorizing and approving the employment and retention of Donlin, Recano & Company, Inc. ("DRC") as administrative agent (the "Administrative Agent") for the Debtors in these Cases. In support of this Application, the Debtors rely on the declaration of Nellwyn Voorhies (the "Voorhies Declaration"), attached

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

01:23618684.5

hereto as **Exhibit A**.  In further support of the Application, the Debtors respectfully represent as follows:

## I.  JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of the Cases and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 327(a), 328, and 330, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## II.  BACKGROUND

4. On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested or appointed in the Cases and no statutory committee

has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6. The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets. The Debtors' films have generated approximately $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

7. The Debtors intend to utilize the bankruptcy process to continue and conclude their robust marketing and sale process. They believe that doing so will ensure that the value of their assets are maximized for the benefit of all stakeholders.

8. The detailed factual background relating to the Debtors and the commencement of the Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7] (the "First Day Declaration").

### III.  RELIEF REQUESTED

9. By this Application, the Debtors seek entry of the Proposed Order authorizing them to employ and retain DRC as Administrative Agent for the Debtors pursuant to the terms and conditions of the Voting and Consulting Services Agreement dated August 29, 2018 (the "Services Agreement"), a true and correct copy of which is attached hereto as **Exhibit B**, *nunc pro tunc* to the Petition Date.

10. In addition to this Application, the Debtors previously filed an application under 28 U.S.C. § 156(c) for authorization to retain DRC to serve as the claims and noticing agent in these Cases (the "Section 156(c) Application"), which was approved on September 7, 2018 [Docket No. 44] (the "Section 156(c) Retention Order"). Given that the administration of these

01:23618684.5

- 3 -

Cases will require DRC to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtors supplement the Section 156(c) Application with this Application.

11. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). Moreover, section 328 of the Bankruptcy Code provides that a debtor, subject to Court approval, "may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

12. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014. Finally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval." Del. Bankr. L.R. 2014-1.

## IV. SERVICES TO BE RENDERED

13. The Debtors seek to retain DRC to provide, among other things, the following bankruptcy administrative services (the "Administrative Services"), if and to the extent requested:

   a. Assistance with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gathering data in conjunction therewith;

   b. Assistance with, among other things, solicitation, balloting, and tabulation of votes, and preparing any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest;

   c. Preparation of an official ballot certification and, if necessary, testifying in support of the ballot tabulation results;

   d. Confidential data room, if requested;

   e. Management and coordination of any distributions pursuant to a chapter 11 plan; and

   f. Such other processing, solicitation, balloting, and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors or the Court.

## V. QUALIFICATIONS

14. DRC is comprised of leading industry professionals with significant experience in all administrative aspects of large, complex chapter 11 cases. DRC's professionals have experience in claims administration, file preparation, noticing, balloting, tabulation, disbursement services, and facilitating other administrative aspects of chapter 11 cases of this size and complexity.

15. DRC is well-qualified to serve in the capacity as Administrative Agent and that DRC's retention is in the best interests of the Debtors' estates, creditors, and other parties-in-interest. The Debtors chose DRC based on both its experience and the competitiveness of its fees. DRC has provided identical or substantially similar administrative services in other chapter

11 cases filed in this District and elsewhere, including, among others: *In re EBH Topco, LLC*, Case No. 18-11212 (BLS) (Bankr. D. Del. 2018); *In re PZ Wind Down, Inc.*, Case No. 17-12890 (CSS) (Bankr. D. Del. 2017); *In re Velocity Holding Co., Inc.*, Case No. 17-12442 (KJC) (Bankr. D. Del. 2017); *In re Mac Holding LLC*, Case No. 17-12226 (MFW) (Bankr. D. Del. 2017).

## VI. COMPENSATION

16. The Debtors propose to compensate DRC in accordance with the Services Agreement. The Services Agreement sets forth the proposed hourly consulting fee rates, which are subject to adjustment based on DRC's ordinary billing practices. Consistent with company policy with respect to its other clients, DRC will charge the Debtors for all Administrative Services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, meals, messengers, couriers, postage, and other fees related to the services.

17. DRC intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Agent pursuant to the Services Agreement. DRC will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Cases regarding professional compensation and reimbursement of expenses.

18. The Debtors respectfully submit that DRC's rates are competitive and comparable to the rates its competitors charge for similar services. Prior to the Petition Date, in connection with DRC's retention as claims and noticing agent, the Debtors provided DRC a retainer in the amount of $75,000.00, of which $8,824.00 was applied to prepetition services.

19. Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend, and hold harmless DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from DRC's gross negligence or willful misconduct or as otherwise provided in the Services Agreement. Such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Agent in these Cases. Moreover, consistent with the practice in this jurisdiction, the Debtors requested, and DRC has agreed, that the Court approve the indemnification provisions reflected in the Services Agreement subject to the modifications set forth in the Proposed Order. The proposed modifications to the indemnification provisions of the Services Agreement are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction, and should be approved.

## VII. DISINTERESTEDNESS

20. The Debtors understand that, except as otherwise set forth in the accompanying Voorhies Declaration, and other than in connection with these Cases, DRC and its employees (i) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware or any person employed in the offices of the same; (ii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the Debtors' estates.

21. DRC will conduct an ongoing review of its files to ensure that no conflict or other disqualifying circumstances exist or arise. If any new facts are discovered, DRC will supplement its disclosure to the Court. DRC will not share any compensation to be paid by the Debtors in

01:23618684.5

connection with DRC's services as Administrative Agent to the Debtors with any other person, other than the principals and employees of DRC, to the extent required by section 504 of the Bankruptcy Code.

22. For the foregoing reasons, the retention of DRC is in their best interest and the best interests of their estates, creditors, and other parties in interest, and therefore, the Debtors desire to retain and to employ DRC as their Administrative Agent upon the terms set forth herein and in the Services Agreement.

## VIII. NOTICE

23. The Debtors will provide notice of this Application to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent (as defined in the First Day Declaration); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice of this Application is required.

*[Remainder of this page intentionally left blank]*

## IX.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Voorhies Declaration, the Debtors respectfully request that this Court enter the Proposed Order, (i) authorizing the employment and retention of DRC to act as Administrative Agent to the Debtors *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief as is just and proper.

Dated:  September 11, 2018

Respectfully submitted,

Open Road Films, LLC, *et al.*,
Debtors and Debtors in Possession

*/s/ Amir Agam*
Amir Agam
Chief Restructuring Officer

01:23618684.5