**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: September 25, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: October 2, 2018 at 2:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals (as hereinafter defined) on an "as needed" basis, without the submission of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

services rendered and expenses incurred.  In support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327, 328, 330, and 331, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## II. BACKGROUND

4. On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested or appointed in these Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6. The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets. The Debtors' films have generated over $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

7. The Debtors intend to utilize the bankruptcy process to continue and conclude their robust marketing and sale process. They believe that doing so will ensure that the value of their assets are maximized for the benefit of all stakeholders.

8. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7] (the "First Day Declaration").

### III. RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of the Proposed Order, authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals (as hereinafter defined) on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred.

10. The Debtors customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their business (the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals expected to be utilized by the Debtors during the pendency of these Cases is attached as **Exhibit 1** to the Proposed Order. The Debtors anticipate utilizing the Ordinary Course Professionals to perform ongoing services related to the Debtors' business during the

pendency of these Cases. The Ordinary Course Professionals will not be integrally involved in the administration of these Cases.

11. In contrast, the Debtors have filed, or will file, individual retention applications for any professionals that the Debtors seek to employ in connection with the administration of these Cases (the "Chapter 11 Professionals"). It is anticipated that the Chapter 11 Professionals will be compensated and reimbursed in accordance with procedures to be separately approved by this Court.[2]

### IV. PROPOSED RETENTION PROCEDURE

12. The Debtors propose to continue to employ and retain the Ordinary Course Professionals. In order to provide interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (i) proposed counsel to the Debtors, (a) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq., and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr. Esq.; (ii) counsel to the Agent, (a) Paul Hastings LLP (x) 1999 Avenue of the Stars, 27th Floor, Los Angeles, California 90067, Attn: Susan Williams, Esq. and (y) 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer, Esq., and (b) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: Bill Bowden, Esq.; (iii) counsel to any statutory committee appointed in these chapter 11 Cases; and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE

---

[2] To that end, the Debtors have filed their *Debtors' Motion for Entry of an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*.

19801, Attn: Linda Richenderfer, Esq. (collectively, the "Notice Parties") a disclosure declaration (the "Declaration") in the form attached to the Proposed Order as **Exhibit 2** at least fourteen (14) days before submitting an invoice to the Debtors. Such Declaration shall set forth the following information: (i) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (ii) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (iii) the rate(s) proposed to be charged for the services; (iv) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; and (v) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

13. The Debtors further request that the Notice Parties have fourteen (14) days from the date of the filing and service of the Declaration to object to the retention of an Ordinary Course Professional. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional and the Notice Parties. If no timely objection to the retention of the Ordinary Course Professional is filed and served, or if all objections are withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court. If an objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

14. The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on **Exhibit 1** to the Proposed Order, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to **Exhibit 1** (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on **Exhibit 1**, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties a Declaration at least fourteen (14) days before submitting an invoice to the Debtors. The Notice Parties would have fourteen (14) days after service of a Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

## V. PROPOSED PAYMENT PROCEDURE

15. The Debtors seek authority to pay, in the manner customarily made by the Debtors and without any application to this Court by any Ordinary Course Professional, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional so long as such fees and expenses do not exceed the cap proposed herein. Absent further order of the Court, the Debtors will not pay any fees or expenses to an Ordinary Course Professional unless and until the Ordinary Course Professional is authorized to be retained under the procedures set forth herein. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

16. The Debtors propose that they be permitted to pay, without any application to this Court by any Ordinary Course Professional, fees and expenses not exceeding a total of $30,000 per month, on average, over a rolling three-month period to any particular Ordinary Course Professional, unless otherwise authorized by this Court. If, any particular Ordinary Course Professional exceeds the $30,000 per month average on a rolling three-month basis, such Ordinary Course Professional must apply for approval by the Court of all of such Ordinary Course Professional's fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court; *provided, however*, that if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in a summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.[3]

17. The Debtors propose to except from such monthly limitation any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf. In other words, the limitation would apply only to direct disbursements by the Debtors.

18. Prior to the commencement of these Cases, the Debtors, as a matter of course, carefully reviewed all billing statements received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary.

---

[3] The Debtors request that no Ordinary Course Professional be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its monthly cap.

This type of review will continue postpetition and, coupled with the proposed monthly payment cap, will protect the Debtors' estates against excessive and improper billings.

19. The Debtors further propose to file a payment summary statement (the "<u>OCP Statement</u>") with this Court not more than thirty (30) days after the end of each three-month period during the Cases, or such other period as this Court directs, and to serve such statement on the Notice Parties. For the avoidance of doubt, the first OCP Statement is proposed to be due on December 30th for the period from the Petition Date though and including November 30th. The summary statement will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a brief statement of the type of services rendered. The Notice Parties shall be permitted to file and serve on the Debtors and the applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within fourteen (14) calendar days following the filing of each OCP Statement. If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by the Court pursuant to Bankruptcy Code section 330. Any fees and expenses that are ultimately not allowed by the Court after resolution of such an objection shall be subject to disgorgement.

## VI. BASIS FOR RELIEF

20. The Ordinary Course Professionals are not "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court. *See, e.g.*, *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D. N.J. 1999) ("In order to be considered a 'professional person' within the meaning of § 327, it is not enough that the party be a professional by education or training. Instead he or she must also play an integral role in the

01:23620872.1

8

administration of the bankruptcy case."); *Elstead v. Nolden (In re That's Entm't Mkt'g Group, Inc.)*, 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (explaining "the phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate," thus professionals involved only in the debtor's ongoing business do not require approval under section 327). Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Cases.

21. The work performed by the Ordinary Course Professionals, albeit ordinary course, is important to preserve the value of the Debtors' estates. It would be unduly cumbersome and expensive if Debtors were required to (i) submit to this Court an employment application, declaration, and proposed retention order for each Ordinary Course Professional, (ii) wait for entry of an order approving the retention of the Ordinary Course Professionals, and (iii) withhold payment of the fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals. Further, some of the Ordinary Course Professionals may be unfamiliar with the employment and fee application procedures employed in bankruptcy cases. Finally, some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the

Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates.

22. Requiring each Ordinary Course Professional to file employment applications and follow the typical fee application process required of the Chapter 11 Professionals would unnecessarily burden this Court and the U.S. Trustee's office with unnecessary employment and fee applications while adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate that burden.

23. Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors or hold prepetition retainers in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest in connection with the matter upon which they are to be engaged, and each Ordinary Course Professional would meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code.

24. Finally, by this Motion, the Debtors are <u>not</u> requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## VII. NOTICE

25. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Agent (as defined in the First Day Declaration); (iv) the Ordinary Course Professionals listed on **Exhibit 1** to the Proposed Order; and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VIII.  CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter the Proposed Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated:  September 11, 2018

*/s/ Robert F. Poppiti, Jr.*
Michael R. Nestor, Esq. (Bar No. 3526)
Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
Ian J. Bambrick, Esq. (Bar No. 5455)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:   (302) 571-1253

and

Michael L. Tuchin, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4000
Fax:   (310) 407-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*