# EXHIBIT A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** \_\_\_\_\_ |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") for entry of an order, pursuant to sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District Court of Delaware (the "Local Rules"), authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis, without the submission of employment applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, by such Ordinary Course Professional, without the submission of fee applications for each Ordinary Course Professional; and upon consideration of the record of these Cases; and it

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Subject to the procedures set forth below, the Debtors are authorized to retain, effective as of the Petition Date, the Ordinary Course Professionals listed on **Exhibit 1** attached hereto, without the need to file employment applications for each Ordinary Course Professional.

3. At least fourteen (14) days before submitting an invoice to the Debtors, each Ordinary Course Professional shall file with this Court, and serve upon (i) counsel to the Debtors, (a) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90035, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq., and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr., Esq.; (ii) counsel to the Agent, (a) Paul Hastings LLP (x) 1999 Avenue of the Stars, 27th Floor, Los Angeles, California 90067, Attn: Susan Williams, Esq. and (y) 200 Park Avenue, New York,

New York 10166, Attn: Andrew V. Tenzer, Esq., and (b) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: Bill Bowden, Esq.; (iii) counsel to any statutory committee appointed in these chapter 11 Cases; and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer, Esq. (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached hereto as **Exhibit 2**, which includes the following information: (i) a description of the effort(s) that were taken to search for connections with parties in interest and the results of such search; (ii) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (iii) the rate(s) proposed to be charged for the services; (iv) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; and (v) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

4. The Notice Parties shall have fourteen (14) days after service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional. Any such objection shall be timely filed with this Court and served upon the relevant Ordinary Course Professional and the Notice Parties. If no timely objection to the retention of the Ordinary Course Professional is filed and served in respect of an Ordinary Course Professional, or if any objection is resolved or withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional on a final basis without further order of this Court. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved,

such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

5. Absent further order of the Court, the Debtors may not make any payments to any Ordinary Course Professional unless and until such Ordinary Course Professional is authorized to be retained under the procedures set forth herein.

6. The Debtors are authorized, without need for further hearing or order from this Court, to retain Ordinary Course Professionals not currently listed on **Exhibit 1** attached hereto by filing with the Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 3, 4, and 5 hereof.

7. The Debtors are authorized to pay to each Ordinary Course Professional, in the manner customarily made by the Debtors and without any application to this Court by any Ordinary Course Professional, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses so long as the fees and expenses for any particular Ordinary Course Professional do not exceed a total cap of $30,000 per month, on average, over a rolling three-month period. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

8. If in an Ordinary Course Professional exceeds the $30,000 per month average on a rolling three-month basis, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such

month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court; *provided, however*, that if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in a summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.  No Ordinary Course Professional shall be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its monthly cap.

9. Within thirty (30) days after the last day of each three-month period during the Cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "<u>OCP Statement</u>") that includes the following information for each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a short statement of the type of services rendered by such Ordinary Course Professional.  The first OCP Statement shall be due on December 30th for the period from the Petition Date through and including November 30th.  The Notice Parties shall be permitted to file and serve on the Debtors and the applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within fourteen (14) calendar days following the filing of each OCP Statement.  If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by the Court pursuant to Bankruptcy

Code section 330.  Any fees and expenses that are ultimately not allowed by the Court after resolution of such an objection shall be subject to disgorgement.

10. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any use of cash collateral by the Debtors and any budget in connection therewith.

11. The Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

12. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

# EXHIBIT 1

## Ordinary Course Professionals

| Professional | Services Provided |
|---|---|
| Latham & Watkins LLP<br>PO Box 894256<br>Los Angeles, CA 90189-4256 | Legal Services, Including Trademark, Bank Facility, and Film-Specific Legal Matters |
| Shoreline, A Law Corporation<br>1299 Ocean Avenue, Suite 400<br>Santa Monica, CA 90401 | Legal Services, Including Employee Arbitration Matters |
| Glaser Weil LLP<br>10250 Constellation Blvd, 19th Floor<br>Los Angeles, CA 90067 | Legal Services, Relating to Certain Litigation Matters |
| Armanino LLP<br>11766 Wilshire Blvd<br>Los Angeles, CA 90025 | Tax Preparation Services |
| Manatt, Phelps & Phillips, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Legal Services, Including General Employee Matters |

# EXHIBIT 2

**Form Declaration**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_\_\_** |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, _____, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a _____ of _____ (the "Firm"), which maintains offices at [address].

3. This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware dated _____, 2018, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Cases").

4. The Firm has represented and advised the Debtors as _____ with respect to _____ since [insert date].

5. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code (the

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

"Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

6. The Firm's current customary [hourly] rates, subject to change from time to time, are $_____$. In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective _____ of each year, the aforementioned rates will be revised to the regular [hourly] rates which will be in effect at that time.[2]

7. The Firm [does/does not] keep in the ordinary course of business time records in one-tenths-of-an-hour increments. [If the firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

8. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the U.S. Trustee, or any person employed by the Office of the U.S. Trustee that would render the Firm's retention in these Cases improper.

9. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties-in-interest with respect to the matters upon which it is to be engaged.

10. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these

---

[2] [Disclose billing rates for Debtors if different from firm's customary rates.]

pending Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representations impair the Firm's ability to represent the Debtors in these Cases.

11. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates or any class of creditors or equity interest holders consists of the following: _____.

12. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

13. In the past year, the Firm has been paid $_____ by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $_____ on account of prepetition services. [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

14. I also understand the limitations on compensation and reimbursement of expense under the OCP Order. Specifically, the Firm understands that in the event it exceeds a total of $30,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code section 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court.

01:23620872.1

3

15. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

16. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

17. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]
[ADDRESS]