# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPEN ROADS FILMS, LLC, a Delaware Limited Liability Company, et al., | Case No. 18-12012 (LSS) (Jointly Administered) |
| Debtors. | Re: Dkt. No. 9 |

**RESPONSE AND RESERVATION OF RIGHTS OF
ENDGAME RELEASING CO., LLC AND ENDGAME RELEASING FUNDING, LLC
TO DEBTORS' MOTION FOR ORDERS: (A) (I) ESTABLISHING BID AND SALE
PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AN
ASSET PURCHASE AGREEMENT WITH STALKING HORSE BIDDER, (III)
ESTABLISHING AND APPROVING PROCEDURES RELATING TO THE
ASSUMPTION, ASSIGNMENT AND SALE OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS
AND (IV) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE AND
(B)(I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS, (II) AUTHORIZING THE ASSUMPTION, ASSIGNMENT AND SALE OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III)
<u>GRANTING CERTAIN RELATED RELIEF</u>**

Endgame Releasing Co., LLC and Endgame Releasing Funding, LLC (together, "<u>Endgame</u>"), by and through their undersigned counsel, hereby files this limited objection and reservation of rights (the "<u>Response</u>") to the Motion for Orders: (A) (I) Establishing Bid and Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(I) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief [Docket No.

9] (the "Bid Procedures Motion")[1] filed by Open Road Films, LLC ("ORF") and its affiliated debtors (the "Debtors") in the above-captioned bankruptcy cases.[2]

In support of its Response, Endgame respectfully states as follows:

1. Endgame provides financing to a variety of film, television, and live stage productions across a wide range of genres through major studios and independent distributors. Since 2012, Endgame has provided Prints and Advertising Financing ("P&A Financing") to or for the benefit of Debtors in connection with various motion pictures including *Snowden*, *Jobs*, *Side Effects*, *The Nut Job*, *A Haunted House*, *A Haunted House 2*, *The Gunman*, and *Homefront* (collectively, the "Endgame Pictures").

2. As of the Petition Date, Endgame is owed in excess of $35 million in connection with certain advances made to fund prints and advertising ("P&A") expenses related to the Endgame Pictures.[3] Endgame's rights and entitlements to certain proceeds of the Endgame Pictures are set forth in definitive payment waterfalls under applicable Prints and Advertising Financing and Revenue Participation Agreements ("RPAs"), Distribution Rights License Agreements ("Distribution Agreements"), and certain loan agreements or other contracts (collectively, the "Endgame Documents"), which generally entitle Endgame to the recoupment of advances plus interest in addition to post-recoupment participation in the gross receipts of the Endgame Pictures (the "Endgame Picture Proceeds"). Endgame's rights are generally secured by, among other things, ORF's interest in certain Distribution Agreements and other rights in respect

---

[1] All capitalized terms not defined herein shall have the definitions set forth in the Bid Procedures Motion.

[2] The deadline for Endgame to file a response to the Bid Procedures Motion was extend by the Debtors to Thursday, September 27, 2018 at 1 p.m. (ET).

[3] The exact amount of Endgame's claim against the Debtors is presently unknown due to certain information within the control of the Debtors or third parties. Endgame reserves all rights in connection with its claim including the right to conduct discovery. Endgame reserves the right to file a proof of claim that sets forth with particularity the total amount and breakdown of its claim.

to the Endgame Pictures, certain bank accounts and other collateral including, in some cases, copyright mortgages in the underlying Endgame Pictures as more particularly described in the applicable Endgame Documents (the "Endgame Collateral").  ORF also serves as a collection and disbursement agent pursuant to which ORF is responsible for collecting, accounting for, and disbursing to Endgame certain entitlements to the Endgame Picture Proceeds.

3. While Endgame generally does not oppose the Bid Procedures Motion to the extent that the Debtors request that the Court approve certain bid and sale procedures relating to the proposed sale of substantially all of the Debtors' assets, the Debtors have not submitted a Form APA or otherwise identified what assets fall within the definition of "Purchased Assets." Indeed, the Debtors have not yet filed their bankruptcy schedules identifying what assets they actually own. As more particularly set forth in the Bid Procedures Motion, the Debtors' primary assets consist of distribution rights in connection with the distribution of various motion pictures in the United States, including the Endgame Pictures, which are then licensed "in ancillary markets, principally to home entertainment, pay television, subscription, and transaction video-on-demand, free television, and other non-theatrical entertainment distribution markets." Bid Procedures Motion, ¶ 6.  Based on information and belief, the Debtors generally do not own the intellectual property rights associated with these motion pictures, but enter into license and distribution agreements with the various non-debtor producers.  The Debtors' rights are subject to these agreements, certain financing and revenue participation agreements, loan documents and other arrangements, including the Endgame Documents.

**Reservation of Rights**

4. Endgame reserves the right to object to any sale to the extent that the Debtors propose to sell any Purchased Assets that constitute the Endgame Collateral or the Endgame

Picture Proceeds free and clear of Endgame's liens, claims or interests pursuant to 11 U.S.C. § 363(f).

5. Endgame further reserves the right to object to any sale to the extent that the Debtors propose to sell property that is not property of ORF or the Debtors' bankruptcy estates. As discussed above, ORF serves as a collection and disbursing agent pursuant to various distribution and license agreements governing the Endgame Pictures. While ORF is contractually obligated to *collect* all of the Endgame Picture Proceeds in its capacity as distributor, ORF is not entitled to *retain* the entirety of the Endgame Picture Proceeds. Rather, ORF retains a portion of those proceeds under the applicable distribution agreements, and disburses the remainder of the proceeds in accordance with clearly-identified waterfalls under the respective Distribution Agreements, RPAs, or other agreements. In this sense, ORF plays a similar role to a Collection Account Manager that is charged with administering a Collection Account Management Agreement.

6. While the Bankruptcy Code defines property of the estate broadly to include a debtor's legal or equitable interests in property, non-bankruptcy law (generally state law) dictates what substantive rights the estate has in property. *See, e.g., Butner v. United States*, 440 U.S. 48, 54 (1979). A debtor does not receive greater rights in bankruptcy than those it would receive outside of it. *Id.* at 57. Rather, a "debtor's property rights come into the estate subject to all of the conditions, restrictions and limitations that attached to those property rights under State law prior to commencement of the bankruptcy case." *Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*, 344 B.R. 114 (Bankr. E.D. Cal. 2006) (citing 5 Collier on Bankruptcy, (15th Ed. Rev.), ¶ 541.04, pp. 541-12, 13) (other citation omitted). Thus, "[t]o the extent that an interest in

property is limited in the hands of a debtor prior to commencement of the bankruptcy case, it is equally limited as property of the estate." *Id.*

7. Endgame further objects to the Debtors' request for the Court to approve the "Form APA [which] ***may be a Stalking Horse Agreement . . . in the event the Debtors enter into a Stalking Horse Agreement in advance of the hearing on the Bid Procedures***", Bid Procedures Motion, p.2 (emphasis added) unless parties-in-interest have a sufficient opportunity to review and object to the Form APA as part of the Sale Objections.

8. Endgame reserves all of its contractual and legal rights, remedies, claims and interests under the Endgame Documents and applicable law including, without limitation, the right to object to the proposed sale of the Purchased Assets and the assumption, assumption and assignment or rejection of any contracts including the Endgame Documents on any basis whatsoever.

Dated: September 27, 2018
      Wilmington, Delaware

**VENABLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
Daniel A. O'Brien (No. 4897)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Tel: 302.298.3535
Fax: 302.298.3550
jledmonson@venable.com
daobrien@venable.com

and

Keith C. Owens (admitted *pro hac vice*)
2049 Century Park East, 23rd Floor
Los Angeles, CA 90067
Tel: 310.229.9900
Fax: 310.229.9901
kowens@venable.com

*Attorneys for Endgame Releasing Co., LLC* and *Endgame Releasing Funding, LLC*