# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 65 and 97** |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion [Docket No. 65] (the "Motion")[2] of Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") for entry of an order, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official creditors' committee members; and upon consideration of the record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that the Court may enter a final order consistent with Article III of the United States

Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has

been given under the circumstances, and that no other or further notice need be given; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest; and after due deliberation, and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      Except as may otherwise be provided in an order of this Court authorizing the

retention of specific Professionals, all Professionals in these Cases retained by the Debtors or any

official creditors' committee that may be formed (the "Committee") may seek interim payment

of compensation and reimbursement of expenses in accordance with the following procedures

(collectively, the "Compensation Procedures"):

> a.  On or before the 5th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by regular mail on each of the following parties (collectively, the "Notice Parties"):
>
> > i)   proposed counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq.;
> >
> > ii)  proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP 1000 N. King St., Rodney Square, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr., Esq.;
> >
> > iii) counsel to the Agent, Paul Hastings LLP (i) 1999 Avenue of the Stars, 27th Floor, Los Angeles, California 90067, Attn: Susan Williams, Esq. and (ii) 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer, Esq.;

iv) counsel to the Agent, Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: Bill Bowden, Esq.;

v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer, Esq.; and

vi) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. and Scott L. Hazan Esq., and 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Colin R. Robinson, Esq.

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c. Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application. If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment. If, however, the parties are unable to reach a complete resolution of the objection within 10 days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with the Court within 3 business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter or (ii) forego filing a response to the

Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.  At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code.  The Interim Fee Application must include a brief description identifying the following:

   i)  the Monthly Fee Applications that are the subject of the request;

   ii)  the amount of fees and expenses requested;

   iii)  the amount of fees and expenses paid to date and/or subject to an Objection;

   iv)  the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

   v)  any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

f.  The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every 3 months, or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

g.  The first Interim Fee Period will cover the month in which the Petition Date occurs and the first two full months immediately following such month.  Thus, as applicable to these chapter 11 Cases, the first Interim Fee Period will cover the Petition Date through November 30, 2018.  Each Professional must file and serve its first Interim Fee Application on or before the 20th day following the end of the first Interim Fee Period.  Accordingly, the first Interim Fee Applications must be filed on or before December 20, 2018.

h.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i.  Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures nor (ii) the

01:23620894.3

4

filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3.      Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding fees and expenses of counsel to individual committee members), with supporting documentation to Committee counsel, which counsel shall collect and submit such Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4.      The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties entitled to notice shall be entitled to receive only notices of hearings on the Interim Fee Applications and Final Fee Applications.

5.      In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (unless such attorney is an ordinary course professional), shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013.

6.      All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.      The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

8.      Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any use of cash collateral by the Debtors and any budget in connection therewith.

9.      The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10.     The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

01:23620894.3

**Dated: September 28th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

6