**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 66** |

**ORDER PROVIDING THAT ANY CREDITORS' COMMITTEE IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION TO CREDITORS**

Upon the motion (the "Motion")[2] of Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that any Creditors' Committee appointed in these Cases is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access, to the creditors it represents, to the Debtors' confidential, privileged, or other non-public proprietary information; and upon consideration of the record of these Cases; and it appearing that this Court has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435 Del.); Open Road Releasing, LLC (4736 Del.); OR Productions LLC (5873 Del.); Briarcliff LLC (7304 Del.); Open Road International LLC (4109 Del.); and Empire Productions LLC (9375 Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. No Creditors' Committee appointed in these Cases shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[3] of the Debtors to any creditor it represents.

3. No Creditors' Committee shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[4] to any

---

[3] For purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies and other documents prepared by the Debtors, their advisors or other agents, which are furnished, disclosed or made known to the Creditors' Committee, whether intentionally or unintentionally and in any manner, including written form, orally or through any electronic, facsimile or computer-assisted communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to a Creditors' Committee that the Debtors, their advisors or other agents indicate should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that (a) is or becomes generally available to the public or is or becomes available to the Creditors' Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (b) was in the possession of the Creditors' Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

[4] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal or other jurisdictional law privilege, including attorney work product, whether such privilege is solely controlled by the Creditors' Committee or is a joint privilege with the Debtors or some other party.

01:23620915.1

creditor it represents. Nonetheless, any Creditors' Committee appointed shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information and (b) the relevant privilege is held and controlled solely by the Creditors' Committee.

4.  A Creditors' Committee and its individual members and respective representatives, advisors and counsel shall be deemed to be in compliance with section 1102(b)(3) of the Bankruptcy Code by implementing certain procedures, which may include the following: (a) establishing a website (the "Website") to make certain information available to creditors; (b) making available on the Website information regarding the Debtors' Cases, including (i) the Petition Date, (ii) the case numbers, (iii) the contact information for the Debtors, any information hotlines, the Debtors' counsel, and counsel for a Creditors' Committee, (iv) the voting deadline with respect to any plan filed in these Cases, (v) access to the claims docket as and when established by the Debtors or any claims and noticing agent retained in these Cases, (vi) a general overview of the chapter 11 process, (vii) press releases, if any, issued by a Creditors' Committee or by the Debtors, (viii) links to other relevant websites (*e.g.*, the Debtors' corporate website, this Court's website and the website of the Office of the United States Trustee), and (ix) any other information that a Creditors' Committee or its counsel, in its sole discretion, deems appropriate subject to the restrictions and limitations herein as well as any restrictions imposed by any agreement entered into by a Creditors' Committee or by any bylaw such committee adopts; (c) establishing an email address to allow unsecured creditors to send questions and comments in connection with these Cases; and (d) authorizing a Creditors' Committee and its counsel, in their reasonable discretion, to review and/or respond to such email correspondence.

5.   Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of a Creditors' Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

6.   The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.   Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order; and (iii) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

8.   The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

*[signature]*

**Dated: September 28th, 2018**  
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**  
**UNITED STATES BANKRUPTCY JUDGE**

01:23620915.1