UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 9** |

**ORDER: (1) APPROVING BID AND SALE PROCEDURES, (2) APPROVING ASSUMPTION, ASSIGNMENT AND CURE PROCEDURES AND RELATED NOTICES, (3) ESTABLISHING DATE FOR AUCTION AND APPROVING RELATED PROCEDURES, (4) SCHEDULING THE SALE HEARING AND RELATED DEADLINES, AND (5) GRANTING RELATED RELIEF**

The Court having considered the *Motion for Orders (A)(I) Establishing Bid And Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(I) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief* [Docket No. 9] (the "Motion"),[2] filed by Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), any responsive pleadings filed in connection with the Motion, the record in the above-captioned

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435 Del.); Open Road Releasing, LLC (4736 Del.); OR Productions LLC (5873 Del.); Briarcliff LLC (7304 Del.); Open Road International LLC (4109 Del.); and Empire Productions LLC (9375 Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

01:23603148.5

cases, and the representations of counsel at the hearing on the Motion (the "Hearing"); and the Court having determined that notice of the Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.  The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are sections 105, 363, 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9008, 9014 and 9019. Venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The relief granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties in interest.

C.  The notice of the Motion, the Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable requirements of Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court District of Delaware (the "Local Rules"). Accordingly, except as otherwise set forth herein, no further notice of the Hearing or this Order and the relief provided for herein is necessary or required.

D.  All objections to the relief requested in the Motion as it pertains to the relief granted herein that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

---

[3] All findings of fact and conclusions of law announced by the Court at the Hearing are hereby incorporated herein to the extent not inconsistent herewith.

E.  The Debtors have articulated good and sufficient reasons for the Court to (i) approve the bid procedures set forth in this Order (the "Bid Procedures"), (ii) approve the form and manner of notice of the Motion, the Auction (as defined below), the Sale Hearing (as defined below), and the procedures for assumption, assignment and sale of the executory contracts and unexpired leases listed on Exhibit 1 to the Notice of Assignment and Assumption (as defined below) (the "Contracts"), (iii) authorize the Debtors to enter into an asset purchase agreement with a stalking horse bidder subject to Court approval of any bid protections; and (iv) set the date of the Auction and the Sale Hearing.

F.  The proposed *Notice of Auction and Sale Hearing*, substantially in the form attached hereto as Exhibit A (the "Sale Notice"), and the proposed notice substantially in the form attached hereto as Exhibit B to be served on counterparties to the Contracts (the "Notice of Assumption and Assignment"), are each calculated to provide adequate notice concerning the proposed sale of the Purchased Assets and the proposed assumption, assignment, and sale of the Purchased Contracts (as defined below), will provide due and adequate notice of the relief sought in the Motion, and are each hereby approved.

G.  The Bid Procedures are reasonable and appropriate, and represent a fair and appropriate method for maximizing the realizable value of the Debtors' assets.

H.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  Any objections filed or asserted in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or on the record at the Hearing, are hereby overruled.

3. Any prospective bidder (each, a "Potential Bidder") identified by the Debtors' Chief Restructuring Officer (the "CRO") as reasonably likely to be a Qualified Bidder (as defined below) that wishes to conduct due diligence on the Debtors or their assets with respect to a potential bid shall be granted access to all material information regarding the Debtors upon execution of a confidentiality agreement reasonably acceptable to the Debtors, *provided*, that if any Potential Bidder is a competitor or an affiliate thereof, such confidentiality agreement may contain provisions reasonably acceptable to the Debtors (in consultation with the Consultation Parties) that such competitor or affiliate use such information solely in connection with a potential Sale.

4. Any Potential Bidder that wishes to participate in the bidding process for the Purchased Assets must, no later than November 2, 2018 at 5:00 p.m. (Eastern Time) (the "Bid Deadline"):

a. Submit to the Debtors, through their counsel (i) Klee, Tuchin, Bogdanoff & Stern LLP, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq., email: mtuchin@ktbslaw.com and jweiss@ktbslaw.com, and (ii) Young Conaway Stargatt & Taylor, LLP, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr., Esq., email: mnestor@ycst.com and rpoppiti@ycst.com, with copies to (i) the Debtors' proposed Chief Restructuring Officer, Amir Agam, email: amir.agam@fticonsulting.com, (ii) counsel for the official committee of unsecured creditors, if any (the "Committee"), Pachulski Stang Ziehl & Jones LLP, Attn: Robert J. Feinstein, Esq., email: rfeinstein@pszjlaw.com, Scott L. Hazan Esq., email: shazan@pszjlaw.com, and Colin R. Robinson, Esq., email: crobinson@pszjlaw.com, (iii) co-counsel for the Agent, Paul Hastings LLP, Attn: Andrew Tenzer, Esq., email: andrewtenzer@paulhastings.com and Susan Williams, Esq., email:

susanwilliams@paulhastings.com, and Ashby & Geddes, P.A., Attn: Bill Bowden, Esq., email: wbowden@ashbygeddes.com, and (iv) counsel for certain guilds, Bush Gottlieb, a Law Corporation, 801 North Brand Boulevard, Suite 950, Glendale, California, Attn: Joseph A. Kohanski, Esq., email: kohanski@bushgottlieb.com and David E. Ahdoot, Esq., email: dahdoot@bushgottlieb.com an irrevocable offer in the form of an executed asset purchase agreement (a "Proposed APA"), including (A) all exhibits and schedules contemplated thereby (other than exhibits and schedules that by their nature must be prepared by the Debtors) and (B) a list of Contracts that the Potential Bidder proposes to be assumed, assigned and sold to it in connection with the transaction (the "Purchased Contracts"), and without financing, internal approval or due diligence contingencies. The Potential Bidder shall also submit a "blacklined" or otherwise marked copy of the Proposed APA reflecting the differences between the Proposed APA and the form APA attached to the Motion as **Exhibit III** (the "Form APA"). The Proposed APA (i) must propose an acquisition of (A) all or substantially all of the Purchased Assets or (B) such other group of assets reasonably acceptable to the CRO in consultation with the Consultation Parties, (ii) must contain an acknowledgement that the Potential Bidder has relied upon its own independent review, investigation and/or inspection of any document and/or Assets in making its bid, and (iii) must include a commitment to close by no later than November 16, 2018. The Proposed APA may be subject to the accuracy, in all material respects, of specified representations and warranties at or before closing, or the satisfaction at the closing of specified conditions.

    b. Any Qualified Bidder who has a valid and perfected lien on assets of the Debtors' estates (a "Secured Creditor") shall have the right to credit bid all or a portion of such Secured Creditor's secured claims to the extent permitted under section 363(k) of the Bankruptcy

Code (the "Credit Bid Right"); *provided* that a Secured Creditor shall have the right to credit bid its secured claim only with respect to the assets by which such Secured Creditor is secured, and *provided further* that the intention to exercise any Credit Bid Right must be expressed on or before the Bid Deadline. For the avoidance of doubt, every dollar of a credit bid shall be treated the same as a dollar from a cash bid. The Agent and the Prepetition Secured Parties have a Credit Bid Right up to the entire outstanding amount of their claims, subject to section 363(k) of the Bankruptcy Code.

        c.      Make a good faith deposit in an amount not less than 10% of the purchase price (the "Bid Deposit") in the form of a cashier's check or wire transfer into an escrow account (the "Segregated Account") that shall be opened or made available by the Debtors for this purpose. The Agent and the Prepetition Secured Parties shall not be required to make any Bid Deposit in connection with any Proposed APA. The Bid Deposit shall: (i) immediately become non-refundable (subject to the next sentence) and (ii) be credited toward the Purchase Price, if and when the transaction with the Potential Bidder making such deposit is approved by the Court (the "Winning Bid" and the "Winning Bidder") at the Sale Hearing. If a Potential Bidder's bid is not designated as a Qualified Bid (as defined below), or such bid is not approved as the Winning Bid or the Back-Up Bid (as defined below) at the Sale Hearing, the Bid Deposit of such bidder will be returned to such bidder within three (3) business days after the Sale Hearing.

        d.      Provide written evidence reasonably satisfactory to the CRO in consultation with the Consultation Parties of (i) the identification of the Potential Bidder, its principals, and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction, (ii) the Potential Bidder's corporate or other authority to enter into the contemplated transaction, and (iii) the Potential Bidder's

financial ability to (A) fully and timely perform all obligations under the Proposed APA if it is declared to be the Winning Bidder, and (B) provide adequate assurance of future performance under all Contracts to be assigned and sold to it, which may include, but is not limited to, the following (provided, however, that the CRO in consultation with the Consultation Parties shall determine whether the written evidence of adequate assurance of future performance is acceptable):

        i.      the Potential Bidder's current financial statements (audited if they exist);

        ii.     contact names and numbers for verification of financing sources;

        iii.    evidence of the Potential Bidder's resources and proof of any debt or equity funding commitments that are needed to close the contemplated transaction and to provide adequate assurance of future performance to the non-Debtor parties to Purchased Contracts; and

        iv.    any such other form of financial disclosure or credit-quality support information or enhancement acceptable to the CRO in consultation with the Consultation Parties demonstrating that such Potential Bidder has the ability to close the contemplated transaction.

        e.     Disclose any connections or agreements with the Debtors, any other known Potential Bidder or Qualified Bidder, and/or any officer, director or direct or indirect equity security holder of the Debtors.

     5.     If a Potential Bidder delivers all of the materials described in paragraph 4 above, (including the Bid Deposit) by the Bid Deadline, the CRO, in consultation with the Committee and the Agent (the "<u>Consultation Parties</u>," provided, however, that the Agent shall cease to be a

Consultation Party at any time after the Agent or the Prepetition Secured Parties have submitted a Proposed APA, unless such Proposed APA has been withdrawn), will determine whether the Potential Bidder (i) has demonstrated the financial ability to consummate the purchase of the Purchased Assets, (ii) is reasonably likely to be able to and willing to consummate the contemplated transactions and (iii) has otherwise satisfied all of the requirements described in paragraph 4 above. If so, the Debtors shall designate the Potential Bidder as a "Qualified Bidder" and such bid as a "Qualified Bid." The Debtors shall promptly notify all Qualified Bidders of the identity of any other Qualified Bidders.

6. The Debtors, in consultation with the Consultation Parties, may enter into a stalking horse agreement (the "Stalking Horse Agreement") for the sale of the Purchased Assets. If the Debtors enter into an agreement with a stalking horse entity (the "Stalking Horse Purchaser"), no later than two (2) business days after execution of the Stalking Horse Agreement, the Debtors shall (i) file and serve a notice (the "Stalking Horse Agreement Notice"), via overnight delivery, of the proposed Stalking Horse Agreement on all parties who were served with the Motion, and (ii) file a copy of the Stalking Horse Agreement Notice and the Stalking Horse Agreement on the docket of the Chapter 11 Cases. The Stalking Horse Agreement Notice will include the type and amount of bid protections, if any, a general description of the assets covered by the Stalking Horse Agreement, and any necessary modifications or amendments to the Bid Procedures. Notice of the Stalking Horse Agreement shall be good and sufficient, and except as otherwise set forth in this paragraph with respect to any associated bid protections, no other or further notice of the Stalking Horse Agreement shall be required, if given as set forth in this paragraph. The Debtors shall request that the Court set a hearing, to be held no later than five (5) business days after execution of the Stalking Horse

Agreement, to consider approval of any associated bid protections. The Stalking Horse Purchaser shall be deemed to be a Qualified Bidder and the Stalking Horse Purchaser's bid shall be deemed a Qualified Bid, provided, however, that any associated bid protections shall remain subject to the approval of this Court as set forth in this paragraph.

7. If the Debtors receive at least two (2) Qualified Bids prior to the Bid Deadline, then the Debtors shall notify each Qualified Bidder that the Debtors intend to conduct an auction (the "<u>Auction</u>") to consider all Qualified Bids, subject to reasonable rules and regulations as may be established by the Debtors, in consultation with the Consultation Parties. The Auction to determine the successful bidder for the Purchased Assets shall be held on November 7, 2018 at 10:00 a.m. (Eastern Time) at a location to be identified in advance of the Auction. Each bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale. Except as expressly provided herein, the Auction will be conducted openly and will be transcribed. The Debtors shall file a notice announcing the results of the Auction and the identity of the Winning Bidder(s) and the Back-Up Bidder on the Court's docket as soon as practicable after conclusion of the Auction, but in any event not later than Noon (ET) the next business day after the conclusion of the Auction. All creditors of the Debtors and representatives of the Office of the United States Trustee for the District of Delaware are permitted to attend the Auction provided that they give one (1) business day's advance written notice to counsel for the Debtors by email to co-counsel for the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, Attn: Jonathan M. Weiss, Esq., Email: jweiss@ktbslaw.com, and co-counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Attn: Robert F. Poppiti, Jr., Esq., Email: rpoppiti@ycst.com.

8.      Only the Qualified Bidders may bid at the Auction. To the extent the Proposed APAs submitted by Qualified Bidders differ in any material respect, the CRO, in consultation with the Consultation Parties, may assign relative values to such differences, taking into account the relative burdens and benefits resulting from such differences, and shall afford a Qualified Bidder the opportunity to further modify such Proposed APA to reduce or eliminate any deduction in value assigned to such Proposed APA. At the commencement of the Auction, and following the processes described in the preceding sentence, the Debtors shall identify the bid that they have determined to be the highest and best offer and shall permit the Qualified Bidders to submit higher and better bids. Each subsequent bid must exceed the amount of the preceding bid by not less than $1,000,000 and shall not be modified in a manner that causes it no longer to be a Qualified Bid.

9.      The CRO shall supervise the bidding process and conduct the Auction in such a manner as to provide the Qualified Bidders a full, fair, and equal opportunity to participate in the Auction. The CRO, in consultation with the Consultation Parties, shall determine which bid is to be recommended to the Court for approval. The Debtors shall request at the Sale Hearing that the Court authorize the Debtors to consummate the Sale Transaction with the Winning Bidder. All Qualified Bidders at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Bankruptcy Court. If a Secured Creditor or the Agent is declared a Winning Bidder, such Winning Bidder shall pay cash in the amount of such bid, less any amount of the Secured Creditor's or Agent's Credit Bid Right.

10.     If there is only one (1) Qualified Bid from a Qualified Bidder (the "<u>Sole Qualified Bid</u>"), then no Auction shall be conducted, and the Court at the Sale Hearing shall proceed to

consider the approval of the Sole Qualified Bid and the Debtors shall not consider any competing or alternative offers or proposals to purchase the Purchased Assets.

11. The Court shall hold a hearing on November 9, 2018 at 10:00 a.m. (Eastern Time) (the "Sale Hearing") to consider the approval of the Sale Transaction as set forth in the Motion, approve the Winning Bidder and the Winning Bid, approve the Back-Up Bidder and the Back-Up Bid (as defined below), if necessary, and confirm the results of the Auction, if applicable.

12. Upon approval by the Court of the Winning Bid, the Winning Bidder's Bid Deposit shall become non-refundable if the Proposed APA is thereafter terminated as a result of a breach by the Winning Bidder. The Bid Deposit of the Back-Up Bidder shall remain on deposit in the Segregated Account pending the Closing Date (as defined below), and such deposit shall become non-refundable if the Back-Up Bidder is declared the Winning Bidder and if the Proposed APA is thereafter terminated as a result of a breach by the Back-Up Bidder. In the event a dispute arises over whether a Bid Deposit is refundable or non-refundable, the Bid Deposit shall remain in the Segregated Account pending a determination of the dispute by the Court or written agreement of the parties.

13. If bids have been submitted by more than one (1) Qualified Bidder, the Qualified Bidder that makes the next-highest and best bid to that of the Winning Bidder shall become the back-up bidder (the "Back-Up Bidder") and such Back-Up Bidder's final and highest and best bid (the "Back-Up Bid") shall, subject to the terms of the applicable Proposed APA, remain open pending the closing of the Winning Bid (the "Closing Date"). If the Winning Bid does not close by the outside closing date specified in the Winning Bidder's Proposed APA (which date shall not be later than the outside date specified in paragraph 4(a)(iii), above), the Back-Up Bid, as selected by the CRO (after consultation with the Consultation Parties) at the Auction and

approved as the Back-Up Bid by the Court at the Sale Hearing, shall upon notice by the Debtors to the Back-Up Bidder, be deemed the Winning Bid without further order of the Court, and the Back-Up Bidder shall be required to consummate the transaction in accordance with the Proposed APA. If the Winning Bidder breaches any of its obligations under the Proposed APA, it shall forfeit the Bid Deposit in accordance with the Proposed APA without regard to the Debtors' ultimate damages occasioned by such breach, and the Bid Deposit shall be applied to the Debtors' damages, if any, and shall constitute liquidated damages, and the Debtors and the bankruptcy estates shall not retain any other rights, remedies, claims, counterclaims, and defenses against the Winning Bidder or any of its affiliates.

14. The CRO may modify the bid procedures set forth in this Order in any nonmaterial respect, at any time prior to or during the Auction if the CRO determines, in consultation with the Consultation Parties, that such modifications will better promote the goals of the auction process and are in the best interest of the bankruptcy estates and the creditors thereof.

15. Objections to the (i) Sale Transaction, if any (the "Sale Objections") and (ii) results of the Auction, if any (the "Auction Objections") shall be in writing and shall be filed and served so as to be actually received by the Court and the following parties (the "Objection Recipients") in the case of the Sale Objections **on or before November 2, 2018 at 4:00 p.m. (Eastern Time)** (the "Sale Objection Deadline") and, in the case of the Auction Objections, **on or before 8:30 a.m. (Eastern Time) on the day of the Sale Hearing** (the "Auction Objection Deadline"), *provided*, that solely in respect of any Sale Objection(s) filed by the Committee, any such Sale Objection(s) may be filed on or before the Auction Objection Deadline:

      a.     Open Road Films, LLC, *et al.*, 2049 Century Park East, 4th Floor, Los Angeles, CA 90067, Attn: James Ellis, Email: jellis@tangmp.com;

      b.     co-counsel for the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq., Email: mtuchin@ktbslaw.com and jweiss@ktbslaw.com;

      c.     co-counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael Nestor, Esq. and Robert F. Poppiti, Jr., Esq., Email: mnestor@ycst.com and rpoppiti@ycst.com;

      d.     counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq., Scott L. Hazan Esq., and Colin R. Robinson, Esq., Email: rfeinstein@pszjlaw.com, shazan@pszjlaw.com, and crobinson@pszjlaw.com;

      e.     counsel for the Agent, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Andrew Tenzer, Esq., email: andrewtenzer@paulhastings.com and Susan Williams, Esq., email: susanwilliams@paulhastings.com, and Ashby & Geddes, P.A., Attn: Bill Bowden, Esq., email: wbowden@ashbygeddes.com;

      f.     counsel for certain guilds, Bush Gottlieb, a Law Corporation, 801 North Brand Boulevard, Suite 950, Glendale, California, Attn: Joseph A. Kohanski, Esq., email: kohanski@bushgottlieb.com and David E. Ahdoot, Esq., email: dahdoot@bushgottlieb.com;

      g.     counsel for the Stalking Horse Purchaser (if any); and

      h.     the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Richenderfer, Esq., email: linda.richenderfer@usdoj.gov.

16.     The proposed Sale Notice and the proposed Notice of Assumption and Assignment are each hereby approved

17.     Notice of (a) the Motion, (b) the Bid Procedures, (c) the Auction, (d) the Objection Deadlines, (e) the Sale Hearing, and (f) the proposed assumption, assignment and sale of Purchased Contracts to the Winning Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

    a.      <u>Notice of Auction and Sale Hearing</u>: Within three (3) business days after entry of this Order, the Debtors (or their agents) shall:

        i.     provide notice (in substantially the form of the Sale Notice attached hereto as <u>Exhibit A</u>) of this Order, the Motion, the Auction, the Objection Deadlines, and the Sale Hearing by first-class mail upon (a) all Persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Purchased Assets during the past six (6) months; (b) all entities known by the Debtors to have asserted any Lien or interest in the Purchased Assets; (c) all non-Debtor parties to the Contracts; (d) the U.S. Trustee; (e) the Committee and its counsel; (f) any Governmental Body known to have a claim in the Chapter 11 Cases; (g) all other known creditors and equity security holders of the Debtors; (h) all Persons that have requested special notice in the Chapter 11 Cases; and (i) all other Persons as directed by the Court; and

        ii.    cause the Sale Notice, as may be conformed for publication, to be published on one occasion in the national edition of the *USA Today* and such local newspapers or trade journals as the Debtors deem appropriate on or before October 16, 2018.

    b.    <u>Assumption, Assignment and Cure Notice</u>.

        i.    On or before October 12, 2018, the Debtors shall file with the Court and serve via first class mail on each counterparty to a Contract (and counsel to such counterparty, if known) a notice of assumption, assignment and sale, substantially in the form of the Notice of Assumption and Assignment attached hereto as <u>Exhibit B</u>. The Notice of Assumption and Assignment shall include the Debtors' calculation of the amount necessary to cure, pursuant to section 365 of the Bankruptcy Code, all monetary defaults (the "<u>Cure Amount</u>") for each such Contract prior to the closing of the Sale. The Debtors reserve the right to supplement the list of Contracts and provide additional Notices of Assumption and Assignment for omitted contracts prior to the closing of the Winning Bid, and to remove a Contract from the list of Purchased Contracts at any time prior to the closing of the Winning Bid. Each Notice of Assumption and Assignment that identifies a Contract that was not previously designated to be assumed, assigned and sold or that reduces the Debtors' calculation of the Cure Amount shall provide a deadline of not less than seven business (7) days from the date of service of such Notice of Assumption and Assignment by which the counterparty to any such Contract may object to (a) its listing as a Contract, and (b) the Debtors' calculation of the Cure Amount for such Contract. The inclusion of a Contract on the Notice of Assumption and Assignment shall not obligate the Winning Bidder to take assignment of such Contract. Only those Contracts that constitute Purchased Contracts pursuant to the Winning Bidder's Proposed APA will be assumed, assigned and sold to the Winning Bidder. The inclusion of a

contract, lease or other agreement on the Notice of Assumption and Assignment shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights of the Debtors and their estates with respect thereto shall be reserved.

    ii.    Any counterparty to a Contract shall file and serve on the Objection Recipients any objections to (a) the proposed assumption, assignment and sale of its Contract to the Winning Bidder (and must state in its objection, with specificity, the legal and factual basis of its objection) and (b) if applicable, the proposed Cure Amount for its Contract (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), **no later than November 2, 2018 at 4:00 p.m. (Eastern Time)**. If no objection is timely filed and served, (x) the counterparty to a Contract shall be deemed to have consented to the assumption, assignment and sale of the Contract to the Winning Bidder(s) pursuant to sections 363 and 365 of the Bankruptcy Code if such Contract is designated by the Winning Bidder(s) as a Purchased Contract, and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by the Winning Bidder(s), and (y) the Cure Amount set forth in the Notice of Assumption and Assignment shall be controlling pursuant to section 365 of the Bankruptcy Code, notwithstanding anything to the contrary in any Contract, or any other document, and the

counterparty to the Contract shall be deemed to have consented to the Cure Amount pursuant to section 365 of the Bankruptcy Code, and shall be forever barred from asserting any other claims related to such Contract against the Debtors or the Winning Bidder(s), or the property of any of them except with respect to the adequate assurance of future performance by the Winning Bidder(s). ~~Without in any way limiting the foregoing, any non-Debtor party to any Contract that does not timely file an objection to the proposed Cure Amount will be bound by the applicable Cure Amount(s) set forth in the Notice of Assumption and Assignment regardless of any audit or similar rights that may exist under the applicable Contract(s).~~

    iii.    No later than **November 5, 2018**, the Debtors shall file with the Bankruptcy Court and serve via overnight mail on each counterparty (and its counsel, if known) to a Contract each Qualified Bidder's proposed adequate assurance of future performance as set forth in sections 365(b)(1)(C) and 365(b)(3) of the Bankruptcy Code. Any objection by a counterparty solely to the proposed adequate assurance of future performance by the Qualified Bidder must be filed and served on the Objection Recipients **no later than November 7, 2018 at 4:00 p.m. (Eastern Time)**. If no objection is timely filed and served, the counterparty to a Contract shall be deemed to have consented to the Qualified Bidder's adequate assurance of future performance pursuant to section 365 of the Bankruptcy Code, and shall be forever barred from asserting any objection with regard to such adequate assurance of future performance should the Qualified Bidder become the Winning Bidder or Back-Up Bidder.

18. For the avoidance of doubt, this Order is not intended to be, and shall not be construed as, approval of any of the terms of the Form APA or of the proposed sale order (both filed at Docket No. 124), objections to either of which may be the subject of a Sale Objection.

19. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. This Court shall retain jurisdiction and power to enforce and interpret the provisions of this Order.

Dated: October 9, 2018
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE