## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*, | Case No.: 18-12012 (LSS) |
| Debtors. | (Jointly Administered) |

## RICHARD DUTCHER'S MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY

**INTRODUCTION**

Richard Dutcher, through undersigned counsel, seeks relief from that automatic stay as to his lawsuit against Open Road Films, LLC and other parties, set to go to trial in Utah District Court on December 3, 2018.  11 U.S.C. § 362(d)(1), Rs. 4001 and 9014, Fed. R. Bankr. P.

Mr. Dutcher is a noted independent filmmaker who resides in Salt Lake City, Utah.   He is one of Utah's leading and most successful filmmakers, and his success as a Utah-based independent filmmaker helped launch the Utah independent film movement.   His 2000 movie, *God's Army*, which he wrote, produced, directed, and starred in, grossed $2,700,000 at the box office, and was the second highest grossing film in Utah for that year.   Mr. Dutcher wrote, directed, produced, and starred in a number of additional critically acclaimed motion pictures.

On February 19, 2015, Mr. Dutcher filed a copyright infringement lawsuit arising out of the 2014 motion picture, *Nightcrawler*.  The lawsuit is captioned *Dutcher v. Bold Films LP, Bold Film Productions, LLC, Open Road Films, LLC, NBC Universal Media, LLC and Universal Studios Home Entertainment, LLC.*, Case No. 2:15-cv-110-DB ("the Action").   Open Road distributed *Nightcrawler* domestically.

**THE AUTOMATIC STAY SHOULD BE LIFTED**

The Action was stayed upon the commencement of these Chapter 11 Cases in accordance with section 362(a) of the Bankruptcy Code (the "Automatic Stay").    Mr. Dutcher moves that the Automatic Stay be modified and lifted for the sole and exclusive purposes of (i) permitting the Action to continue to final judgment or settlement; and (ii) permitting Mr. Dutcher to recover and collect on account of such final judgment or settlement from or against Open Road from any available insurance proceeds or coverage available from any insurer of Open Road, and not from the bankruptcy estate.    Mr. Dutcher's requested relief will not have an effect on the assets of Open Road or upon other creditors.

The Bankruptcy Court has broad discretion in granting relief from the automatic stay. *See e.g.*, 11 U.S.C. § 362. "The facts of each request will determine whether relief is appropriate under the circumstances." *In re Jewett*, 146 B.R. 250, 251 (Bankr. 9th Cir. 1992).  In the present action, relief is sought so that Mr. Dutcher may seek payment from the insurance carrier under the terms of the liability policy held by Open Road and applicable to the claim alleged in the Action.

Where the Debtor has liability insurance, relief from the stay is generally proper.  The Action is being defended at no cost to Open Road, or to its estate, through counsel provided the liability insurance carrier that issued the insurance policy to Open Road.

Abundant case law supports relief in like circumstances when a discharge in bankruptcy does not preclude an action against a discharged debtor as the named defendant where such Debtor is insured against liability for the claims alleged in the lawsuit.  *E.g..*, *In re Beeney*, 142 B.R. 360, 362-63 (Bankr. 9th Cir. 1992); *In re Edgeworth*, 993 F.2d 51 (5th Cir. 1993); *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir. 1993); *Green v. Welsh*, 956 F.2d 30, 35 (2nd

Cir. 1992). Indeed, applicable statutes direct that the bankruptcy court "shall" lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1); *see Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985); *In re Davis*, 91 B.R. 470, 471 (Bankr. N.D. Ill. 1988).

While liability insurance policies may be part of the bankruptcy estate, proceeds paid by *liability* insurance are not. *In re Edgeworth*, 993 F.2d at 55-56    "Insurance policies are property of the estate because, regardless of who the insured is, the debtor retains certain contract rights under the policy itself." *Id.* at 55. On the other hand, "when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id.* at 56.  That is the case with liability insurance policies.  *Id.*

The facts and circumstances of this case demonstrate that there is ample "cause" requiring relief from the automatic stay in this matter, and it is the debtor's burden to prove that there is no "cause" for relief. Here, however, the Open Road cannot meet such a burden, especially where Mr. Dutcher has stipulated to limit his recovery from Open Road to the available insurance proceeds.

A proposed order is attached.

DATED: October 18, 2018

Stephen E. Silverman
STEPHEN SILVERMAN LAW
6945 E. Sahuaro Drive, Suite 125
Scottsdale, Arizona 85254
Tel. (480) 747-0850
Fax. (480) 400-1065

*Attorney for Richard Dutcher*

# Exhibit 1

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re:

OPEN ROAD FILMS, LLC, a Delaware
limited liability company, *et al.*,

                                    Debtor.

RICHARD DUTCHER,

                                    Creditor

**Chapter 11**

**No. 18-12012**

**ORDER LIFTING THE
AUTOMATIC STAY AS TO
*DUTCHER v. BOLD FILMS LP,*
ET AL.**

The matter having come for consideration by the Court by motion of Richard Dutcher, and no interested party having objected, and having determined that Creditor Richard Dutcher is entitled to relief from the automatic stay;

IT IS HEREBY ORDERED:

Terminating the automatic stay as to Creditor Richard Dutcher for the sole purpose of pursuing his copyright claim, to collect solely on Debtors' insurance coverage or from the insurance companies only. As a condition of the Order of Relief, there will be no collection or claim asserted by Creditor Richard Dutcher, except as to the applicable insurance coverage.

1