## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Open Road Films, LLC, *et al.*[1] | Case No.:  18-12012 (LSS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Open Road Films, LLC, Open Road Releasing, LLC, OR Productions LLC, Briarcliff LLC, Open Road International LLC, and Empire Productions LLC (collectively, the "Debtors"), with the assistance of their professional advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.

The Debtors and their officers, managers, employees, agents, and professional advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as required by the Bankruptcy Code, the Debtors and their officers, managers, employees, agents, and professional advisors do not undertake any obligation to update, modify, revise or re-categorize the information provided in the Schedules and Statements, or, except as required by the Bankruptcy Code, the Bankruptcy Rules, or order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised or re-categorized. The Debtors, on behalf of themselves, their officers, managers, employees, agents and professional advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professional advisors. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist and conflicting, revised, or subsequent information may be discovered. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description or designation, or the Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, classification or any other basis; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims,

substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records, and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or otherwise, or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2. **Description of Cases and "as of" Information Date**. On September 6, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 7, 2018, the Bankruptcy Court entered an order directing joint administration of the Debtors' chapter 11 cases [Docket No. 42]. On September 14, 2018, the Office of the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 72].

**Except as otherwise noted in the Schedules and Statements or herein, the asset and liability information provided in the Schedules and Statements represents the asset and liability data of the Debtors as of September 6, 2018 opening balances**.

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated in the Schedules and Statements or herein, the Debtors' Schedules and Statements reflect net book values as of September 6, 2018 in the Debtors' books and records. Additionally, because the book values of certain assets such as patents, trademarks, and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. In addition, the Debtors have listed investments in Debtors subsidiaries as having a $0.00 book value, as those equity interests are currently estimated to have no value due to the bankruptcy filings. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

4. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add

or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed therein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **Real Property and Personal Property**.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease, or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

Furthermore, the Debtors share office space with non-Debtor affiliates.  In the ordinary course of business, the Debtors may use personal property leased or owned by the non-Debtor affiliates (e.g., a copier), and the non-Debtor affiliates may use personal property leased or owned by the Debtors.  The Debtors' use of any such assets, and the value of any such assets, has not been accounted for in the Schedules and Statements.

6. **Excluded Assets and Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded prepetition liabilities on account of expense reimbursements for members of their workforce that were satisfied post-petition pursuant to a first day order entered by the Bankruptcy Court [Docket No. 41 and 108].

Certain producers of theatrical film titles included in the Debtors' library have indicated their intention to pay for certain of the Debtors' prepetition liabilities in the post-petition period relating to these titles.  The Debtors have therefore scheduled the liabilities that they believe have been paid, or are anticipated to be paid, by these producers as contingent.

7. **Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insider" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) relatives of directors or officers of a Debtor, (d) any managing agent or managing member of a Debtor and (e) entities under common ownership with a Debtor.  Persons listed as "insiders" have been included for informational purposes only, and their inclusion shall not constitute an

admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code or any other applicable law, including without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**.    The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.    Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

   Unless otherwise noted, the Debtors' trademarks are owned by Debtor Open Road Releasing, LLC and licensed for use to Debtor Open Road Films, LLC, pursuant to a certain Trademark License Agreement.

   In addition, although the Debtors have made reasonable efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.    Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**.    Although the Debtors made reasonable efforts to attribute executory contracts and unexpired leases to their appropriate Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.    Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such contracts and leases.

   Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.    The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.    The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages.    The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

10. **Classifications**.    Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F as "priority" or "unsecured," or (c) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases, the Debtors' setoff or recoupment rights with respect to such Claims, or any other rights of the Debtors related to such Claims.

11. **Claims Description**.    Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."    Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.    The Debtors reserve all of

their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification. Additionally, the Debtors reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."

12. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, credits, or recoupment and any Claim on contracts or leases or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action by the Debtors and their estates.

13. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.    Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    Paid Claims. As set forth above, the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims for expense reimbursement owed to members of their workforce pursuant to orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of these prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and

Statements or take other action as is necessary or appropriate to avoid over-payment for any such liabilities.

d. <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **Estimates and Assumptions**. Because of the timing of the filing of the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affected the reported amounts of the assets and liabilities reported therein. Actual amounts could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15. **Currency**. All amounts are reflected in U.S. dollars.

16. **Intercompany and Affiliate Transactions.** The net balance of intercompany transactions between the Debtors, if any, as well as of affiliate transactions between the Debtors and their non-Debtor affiliates, if any, is set forth on Schedule E/F and Schedule A/B Item 11, as applicable, and is as of the Petition Date. Any intercompany cash transfers between the Debtors, or between the Debtors and their non-Debtor affiliates, are captured on Statement Item 4. The listing in the Schedules or Statements (including, without limitation, Schedule A/B Item 11 or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor, or between a Debtor and a non-Debtor affiliate, is a statement of what appears in the Debtors' books and records as of the Petition Date, and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations. The Debtors continue to analyze intercompany and affiliate balances and these balances may continue to be revised beyond the amounts indicated in the Schedules and Statements.

The intercompany accounts receivable and accounts payable balances presented reflect adjustments to $1.5 million of payments that were made from Debtor Open Road Films, LLC to its non-debtor affiliate, IM Global LLC. These payments were originally booked to the intercompany balance between Open Road Films, LLC and IM Global LLC. However, during the Debtors' management's analysis of these payments in connection with the preparation of the Schedules and Statements, management determined that they believe these payments were made on behalf of non-debtor affiliate Tang Media Partners Holdings LLC, and therefore the payments should have been booked to the intercompany balances between Open Road Films, LLC and Tang Media Partners Holdings LLC, and between IM Global LLC and Tang Media Partners Holdings LLC (and not between Open Road Films, LLC and IM Global LLC, as originally booked). The presented balances reflect this adjustment.

In addition, the Debtors are still analyzing whether certain payments to the Debtors from non-debtor affiliates, which were intended to be intercompany transactions, were improperly categorized as equity.

17. **Setoffs**.  The Debtors incur certain offsets and the like in the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, disputes between the Debtors and their vendors and/or customers.  These offsets are consistent with the ordinary course of business in the Debtors' industry and are not necessarily tracked separately.  Therefore, although such offsets may have been accounted for when certain amounts were included in the Schedules, unless otherwise set forth herein or in the Schedules and Statements, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

18. **Global Notes Control**.  All of the Schedules and Statements are subject to and qualified by the Global Notes.  In the event that the Schedules and Statements differ from the Global Notes, ***the Global Notes shall control***.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

<u>**Schedule A/B – Real and Personal Property**</u>.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of September 6, 2018 opening balances unless otherwise noted below. The Debtors have nearly completed a "soft-close" of their asset accounts to calculate all asset accruals through the close of business on September 5, 2018.

> **Schedules A/B Item 3**.  Cash values held in financial accounts are listed on Schedule A/B Item 3 as of September 6, 2018, including accounts that contain restricted cash held for the benefit of certain third parties.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System, (II) Authorizing the Continuation of Intercompany and Affiliate Transactions, (III) Granting Administrative Priority Status to Postpetition Intercompany and Affiliate Claims, (IV) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Payment Methods, (V) Extending Time to Comply With Requirements of 11 U.S.C. § 345(b), and (VI) Scheduling Final Hearing* [Docket No. 5] (the "<u>Cash Management Motion</u>").

> **Schedule A/B Item 7.**  The amount listed herein relates to the security deposit for the former office building of the Debtors.  The Debtors moved out of this building on or about April 20, 2018.  The landlord of the former office building is still reconciling the amounts owed by the Debtors.  It is anticipated that this cash (net of any adjustments) will be returned to the Debtors following completion of the reconciliation.

> **Schedule A/B Items 7 & 8.**  The Debtors' characterization of an asset on one of these Items is not a legal characterization of either a deposit or a prepayment. The Debtors reserve all of their rights to re-categorize and/or recharacterize such asset holdings at a later time as appropriate.

> **Schedules A/B Item 11a.**  Accounts receivable includes intercompany and affiliate receivables between both Debtor and non-Debtor entities, which are accounting allocations performed as part of the Debtors' centralized cash management system.

> **Schedule A/B Item 20 and A/B Item 21.**  The inventory of the Debtors relates to physical copies of film titles (e.g., DVD and Blu-Ray) for in-home viewing. The Debtors contract with Universal Pictures Home Entertainment to manage the physical production, which in turn, has a relationship with Technicolor, which produces and stores the inventory.  At the end of each calendar quarter, Universal Pictures Home Entertainment sends the Debtors a statement detailing the quantity of DVD and Blu-Ray stock per film title in work-in-process and finished goods inventory.  The Debtors then use a predetermined rate by platform to calculate finished goods inventory.  The Debtors do not calculate amounts for work-in-process inventory.  Inventory values are listed on Schedule A/B Item 21 as of the statement received by the Debtors for the June 30, 2018 inventory.

> **Schedule A/B Item 25.**  The Debtors are unable to calculate the amount of inventory that was purchased and received by the Debtors within the 20 days prior to the Petition Date.

Thus, the Debtors have listed the value of this inventory for purposes of Schedule A/B Item 25 as "Unknown".

**Schedule A/B Items 39 & 40**.  The Debtors do not track office fixtures (to the extent they exist) separate from office furniture.  It is possible that office fixtures are included in Schedule A/B 39 – Office Furniture.

**Schedule A/B Item 55**.  The Debtors' leased real property appears on Schedule A/B 55.  The Debtors' books and records do not show a value for any leasehold improvements.  Therefore, the Debtors have listed the value of this property as an undetermined amount.  The Debtors do not own any real property.

**Schedule A/B Item 60**.  Patents, Trademarks, and other Intellectual Property listed in Schedule A/B Item 60 are listed as an undetermined amount.  The fair market value of such assets is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule A/B Item 61**.  The Debtors maintain various websites and social media accounts related to the distribution of various film titles in the Debtors' library.  The Debtors do not list these websites and social media accounts on their balance sheet.  Therefore, the Debtors have listed the value of this property as an undetermined amount.

**Schedules A/B Item 74 and A/B Item 75.**  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, credits, refunds, or potential warranty claims against their vendors and suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors may assert counter-claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed in the Schedules.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D**.  With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, and other parties that may hold security deposits.  In addition, unless otherwise stated, the Debtors may not have included on Schedule D parties that may hold liens on personal property or in connection with equipment leases.  The Debtors reserve all of their rights to amend Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject

of such filing, and reserves all rights as set forth in these Global Notes.  Except as otherwise agreed pursuant an order of the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or priority of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D.  The descriptions provided on Schedule D are intended only as a summary.

**Schedule E/F**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain prepetition liabilities pursuant to the following orders:

- *Interim Order (I) Authorizing Payment of Limited Prepetition Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (II) Authorizing Payment of Reimbursement for Prepetition Expenses, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, and (IV) Authorizing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payment* [Docket No. 41]; and

- *Final Order (I) Authorizing Payment of Limited Prepetition Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (II) Authorizing Payment of Reimbursement for Prepetition Expenses, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, and (IV) Authorizing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payment* [Docket No. 108].

To the extent that applicable Claims have been paid under such orders, such Claims are not included in Schedule E/F.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F.  Furthermore, claims listed on Schedule E/F have been aggregated by unique creditor name and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F contains potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the potential litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors incorporate by reference into Schedule E/F all parties to pending litigation listed in Statement Item 7 of the Debtors' Statements as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases.

Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any Claim on any basis.

**Schedule G**.    Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract, lease or other agreement on Schedule G does not constitute an admission that such contract, lease or other agreement was an executory contract or unexpired lease as of the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts, leases and other agreements listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements are not listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts, leases and other agreements listed on Schedule G may consist of several parts, including, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same counterparty appears multiple times on Schedule G. This multiple listing is intended to reflect distinct contracts, leases or agreements between the applicable Debtor and such counterparty. The Debtors reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract, lease or agreement or multiple, severable or separate contracts, leases or agreements.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each contract or lease listed thereon is intended to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such contract or lease, without respect to whether such agreement, instrument, or other document is expressly listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, and title agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve

all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts, leases and other agreements on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or other agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract, lease or other agreement.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facility are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Any omission of a co-debtor or co-obligor in the Schedules does not constitute an admission that such omitted co-debtor or co-obligor is not obligated or liable under the relevant debt.  The Debtors' rights under the Bankruptcy Code and non-bankruptcy law with respect to any omitted co-debtor or co-obligor are not impaired by the omission.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Pending litigation matters can be found on each Debtor's Schedule E/F and Statement 7, as applicable.

<u>**Specific Disclosures with Respect to the Debtors' Statements**</u>

**<u>Statement Item 1</u>**.  Sales are reflected net of allowances, reserves, and service deal amounts.

**<u>Statement Item 2</u>**.   Non-business revenue includes such items as interest income, credit card rebates, and revenue earned from the screening room in the Debtors' former headquarters.

**<u>Statement Item 3</u>**.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date, except for those made to insiders (which payments appear in response to Statement Item 4) and employee payroll.  To the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement Item 3. All disbursements listed on Statement Item 3 are made through the Debtors' cash management system.  Additionally, all disbursement information reported in Statement Item 3 for a specific Debtor pertains to the bank accounts maintained by that Debtor. Payments to FTI Consulting, Inc. are only included to the extent they were made before Amir Agam of FTI Consulting, Inc. became Chief Restructuring Officer of one of the Debtors.

Payments made from certain restricted cash accounts that may have been funded from third parties are included in Statement Item 3. Parties receiving cash payments from these restricted cash accounts have been marked with a footnote.

Statement Item 3 includes payments made to a media agency (MullenLowe US, Inc.). This agency arranged media spending through other third-party media providers, and the Debtor believes in many instances the media agency passed these payments directly to those third parties media providers.

**<u>Statement Item 4</u>**.  The Debtors have attempted to include all payments made on or within 12 months before the applicable Petition Date to any individual or entity deemed an "insider."  The listing of a party as an insider is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right or defense, and all such rights, Claims, and defenses are hereby expressly reserved.   These amounts include payments to certain non-Debtor affiliates for the Debtors' allocable portion of payroll for members of their workforce, as described in *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Payment of Limited Prepetition Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (II) Authorizing Payment of Reimbursement for Prepetition Expenses, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, (IV) Authorizing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments, and (V) Scheduling Final Hearing* [Docket No. 4] (the "<u>Wages Motion</u>"). Payments to FTI Consulting, Inc. are only included to the extent they were made after Amir Agam of FTI Consulting, Inc. became Chief Restructuring Officer of one of the Debtors.

As set forth in the Wages Motion, prior to the Petition Date, Debtor Open Road Films, LLC advanced payments for payroll expenses to non-Debtor affiliates on a bi-weekly basis.  These amounts included the Debtors' allocated share of payroll expense for certain individual insiders of the Debtors.  The Debtors have only included the payment to the non-Debtor affiliate insider on this Item 4 (which is the transfer actually made by the Debtor(s)), and have not listed the transfer subsequently made by such non-Debtor affiliate to the individual insider (because such

transfer was made by a non-Debtor affiliate, and not made by a Debtor).  To the extent that the Debtors made payment directly to the individual insider for payroll or otherwise, such amounts are included in Statement 4.

With respect to individuals, the amounts listed reflect certain payments and transfers to such individuals, including, without limitation, compensation, expense reimbursement, and/or termination payments and the like.  Transfers made that may have been partially on behalf of an insider (*i.e.* an allocated portion of payment for insurance coverage or other benefits) are not listed on Item 4.

**Statement Item 6**.  The Debtors, on occasion, incur setoffs during the ordinary course of business.   There may be instances of ordinary course setoffs, including, without limitation, credits due to film exhibitors, where such a setoff has occurred without the Debtors' knowledge.

**Statement Item 11**.  The Debtors use a centralized cash management system whereby all corporate disbursements for professional fees were made by Open Road Films, LLC.  As a result, payments related to bankruptcy are reflected on Statement 11 of Open Road Films, LLC only.

**Statement Item 13.**    During the ordinary course of business, the Debtors occasionally terminated deals relating to the future distribution of unreleased films.  Out of an abundance of caution, the Debtors are including two purported terminations that occurred near the end of August 2018.  The Debtors acknowledge that other such terminations may have occurred within the 2-year period before the Petition Date.  Furthermore, inclusion of certain termination of deals relating to the Debtors rights to distribute certain films should not be construed to be an admission that such distribution rights have been abandoned, terminated, assigned, or otherwise transferred, or that such agreement was or was not made in the ordinary course of the Debtors' business.   The Debtors reserve their rights to contest that these terminations have been effectuated.

**Statement Item 17.**    As set forth in the Wages Motion, prior to the Petition Date, the Debtors consolidated their payroll operations with that of non-Debtor affiliates Global Road Entertainment LLC and IM Global LLC.  Prior to this, the Debtors served as a plan administrator for a 401(k) plan.  Upon consolidation, the plan participants were transferred to the 401(k) plans of the non-Debtor affiliates. The Open Road Films 401(k) Plan was closed after these transfers were completed.

**Statement Item 20**.  The Debtors utilize certain third-party vendors to hold electronic and physical versions of the master assets for certain of the Debtors' film titles.  For any physical assets listed on Statement Item 20, the Debtors have attempted to identify the physical location where the Debtors believe the assets are held.  For electronic assets listed on Statement Item 20 which could be held on servers in one or many locations, the Debtors have listed the noticing information for the vendor as it exists in the Debtors' records.

**Statement Item 21.**    The Cash Management Motion describes the Debtors' bank accounts in detail.  On Statement Item 21, the Debtors have included any cash that exists in a restricted cash account to be used for the activities described in the Cash Management Motion.  The Debtors reserve all rights relating to the nature of the accounts listed in Item 21.

**<u>Statement Item 26d.</u>**  In the ordinary course of business the Debtors may provide certain parties, such as financial institutions, debtholders, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

**<u>Statement Item 27</u>**. As set forth more fully above, the Debtors do not conduct physical inventory counts for the inventory that they record on their books and records, and therefore the Debtor does not have any information about inventories for purposes of Statement 27.

| Fill in this information to identify the case: |
|---|
| **Debtor name:** OR Productions LLC |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 18-12014 |

☐ Check if this is an
amended filing

<u>Official Form 207</u>

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1.  Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| **From the beginning of the fiscal year to filing date:** | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| **From the beginning of the fiscal year to filing date:** | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |

**2.  Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |

Debtor    **OR Productions LLC**                                                    Case number *(if known)* **18-12014**

---

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | BLACKED OUT FICTION, LLC<br>1875 CENTURY PK EAST<br>STE 260<br>LOS ANGELES CA 90067 | 6/11/2018 | $100,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.2. | NEW REGENCY PRODUCTIONS, INC.<br>10201 W PICO BLVD BLDG 12<br>LOS ANGELES CA 90035 | 6/11/2018 | $62,688.78 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

---

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425.00. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____<br>_____<br>_____<br>_____ | _____ | $_____ | _____ |
| | **Relationship to debtor**<br>_____ | | | |

---

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

---

Debtor    **OR Productions LLC**                                      Case number *(if known)* **18-12014**

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. _____ <br> _____ <br> _____ <br> _____ | _____ | _____ | $_____ |

---

6. **Setoffs**

   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____ <br> _____ <br> _____ | _____ <br><br> Last 4 digits of account number: XXXX–_____ | _____ | $_____ |

Debtor    **OR Productions LLC**                                    Case number *(if known)* **18-12014**

---

**Part 3:**    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | | _____ | ☐ On appeal |
| | _____ | | _____ | ☐ Concluded |

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the property | Value |
|---|---|---|---|
| 8.1. | _____ | _____ | $_____ |
| | | **Case title** | **Court name and address** |
| | _____ | _____ | _____ |
| | | **Case number** | _____ |
| | | _____ | _____ |
| | | **Date of order or assignment** | |
| | | _____ | |

---

Debtor   **OR Productions LLC**                                         Case number *(if known)* **18-12014**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|------------------------------|-------------------------------------------|-------------|-------|
| 9.1. _____ | _____ | _____ | $_____ |

**Recipient's relationship to debtor**

_____

Debtor    **OR Productions LLC**                                            Case number *(if known)* **18-12014**

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor   **OR Productions LLC**                                                Case number *(if known)* **18-12014**

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1. | _____ | _____ | _____ | $ _____ |
| | **Trustee** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor    **OR Productions LLC**                                                  Case number *(if known)* **18-12014**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor    **OR Productions LLC**                                                    Case number *(if known)* **18-12014**

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1.    12301 WILSHIRE BLVD.<br>SUITE 600<br>LOS ANGELES CA 90049 | From 1/13/2015 To 4/20/2018 |

Debtor    **OR Productions LLC**                                                                                       Case number *(if known)* **18-12014**

| Part 8: | Healthcare Bankruptcies |
|---|---|

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1.

| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? |
|---|---|---|
| | | Check all that apply: |
| | | ☐ Electronically |
| | | ☐ Paper |

Debtor    **OR Productions LLC**                                                    Case number *(if known)* **18-12014**

---

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

     Does the debtor have a privacy policy about that information?

     ☐ No

     ☐ Yes

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ None. Go to Part 10.

☐ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

     ☐ No

     ☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|--------------|--------------------------------------------|
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ No

Debtor    **OR Productions LLC**                                Case number *(if known)* **18-12014**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
| --- | --- |

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- | --- |
| 18.1. | _____ <br> _____ <br> _____ | XXX-_____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- | --- |
| 19.1. | _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- | --- |
| 20.1. | _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

Debtor    **OR Productions LLC**                                    Case number *(if known)* **18-12014**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1. _____ | _____ | _____ | $_____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |

Debtor    **OR Productions LLC**                                      Case number *(if known)* **18-12014**

---

| **Part 12:** | **Details About Environmental Information** |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

|  | Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- | --- |
| 22.1. | _____ | _____ | _____ | ☐ Pending |
|  | Case number | _____ | | ☐ On appeal |
|  | _____ | _____ | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

|  | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 23.1. | _____ | _____ | _____ | _____ |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

|  | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 24.1. | _____ | _____ | _____ | _____ |

Debtor   **OR Productions LLC**                                        Case number *(if known)* **18-12014**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | EMPIRE PRODUCTIONS LLC<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | MEDIA | EIN: 32-0459375 |
| | | | **Dates business existed** |
| | | | From 2/3/2015 To Present |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.2.[1] | SLEEPLESS NIGHTS PRODUCTIONS, LLC<br>C/O BEKBER PRODUCTIONS, LIMITED<br>15 GOLDEN SQUARE<br>LONDON W1F 9JG<br>UNITED KINGDOM | MEDIA | EIN: 37-1778127 |
| | | | **Dates business existed** |
| | | | From 1/30/2015 To 6/14/2015 |

[1]DEBTOR SOLD ITS INTERESTS IN THIS ENTITY TO BEKBER PRODUCTIONS, LIMITED ON 6/14/2015

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1. | ALEXA PLATT<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | From 1/22/2017 To 1/31/2018 |

| | Name and address | Dates of service |
|---|---|---|
| 26a.2. | CHRISTINA KARLSSON<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | From 8/28/2017 To Present |

| | Name and address | Dates of service |
|---|---|---|
| 26a.3. | MIMI TSENG<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | From 9/15/2017 To Present |

| | Name and address | Dates of service |
|---|---|---|
| 26a.4. | PERFECTO LOPEZ<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | From SEPTEMBER 2014 To JULY 2017 |

Debtor    **OR Productions LLC**                                              Case number *(if known)* **18-12014**

| Name and address | Dates of service |
|---|---|
| 26a.5.    STEVEN ANDRIUZZO<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | From 5/8/2011 To 2/2/2017 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.    KPMG LLP<br>550 SOUTH HOPE STREET<br>SUITE 1500<br>LOS ANGELES CA 90071 | From 1/13/2015 To AUG 2017 |

| Name and address | Dates of service |
|---|---|
| 26b.2.    ERNST & YOUNG LLP<br>725 SOUTH FIGUEROA STREET<br>SUITE 500<br>LOS ANGELES CA 90017 | From 3/20/2018 To Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    CHRISTINA KARLSSON<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.    MIMI TSENG<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    SEE GLOBAL NOTES |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Debtor | **OR Productions LLC** | Case number *(if known)* **18-12014** |
|---|---|---|

|  | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27.1. | _____ | _____ | $_____ |
|  | **Name and address of the person who has possession of inventory records** |  |  |
|  | _____ |  |  |
|  | _____ |  |  |
|  | _____ |  |  |
|  | _____ |  |  |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

|  | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1. | AMIR AGAM<br>350 S. GRAND AVE<br>SUITE 3000<br>LOS ANGELES CA 90071 | CRO | N/A | N/A |

|  | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.2. | MIMI TSENG<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | CFO | N/A | N/A |

|  | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.3. | OPEN ROAD FILMS, LLC<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | EQUITY HOLDER | MEMBERSHIP INTEREST | 100.00% |

|  | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.4. | ROB FRIEDMAN<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | CEO | N/A | N/A |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

|  | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1. | ALEXA PLATT<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | CFO | N/A | From 1/22/2017 To 1/31/2018 |

Debtor    **OR Productions LLC**                                                    Case number *(if known)* **18-12014**

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.2. | TOM ORTENBERG<br>2049 CENTURY PARK EAST<br>4TH FLOOR<br>LOS ANGELES CA 90067 | CEO | N/A | From 1/13/2015 To 12/29/2017 |

---

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below

| | Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|---|
| 30.1. | _____<br>_____<br>_____<br>_____ | $_____ | _____ | _____ | _____ |
| | **Relationship to debtor**<br>_____ | | | | |

---

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☐ No

☑ Yes. Identify below

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1. | OPEN ROAD RELEASING, LLC | EIN: 27-4344736 |

---

### 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No

☐ Yes. Identify below

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1. | _____<br>_____<br>_____ | EIN: __ __-__ __ __ __ __ __ |

Debtor   **OR Productions LLC**                                          Case number *(if known)* **18-12014**

---

**Part 14:** **Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


10/22/2018
MM/DD/YYYY


✘   */s/ Amir Agam*                        Printed name    Amir Agam
Signature of individual signing on behalf of the debtor


Position or relationship to debtor    Chief Restructuring Officer


**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes