## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.: 18-12012 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 9, 160, and 217** |

### ORDER AUTHORIZING AND APPROVING CERTAIN
### BIDDING PROTECTIONS, AMENDMENTS TO BID PROCEDURES ORDER,
### AND GRANTING RELATED RELIEF

The Court having considered the *Motion for Orders (A)(I) Establishing Bid And Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(II) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief* [Docket No. 9] (the "Bid Procedures Motion"), filed by Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), the notice of filing [Docket No. 216] of the Asset Purchase Agreement, dated as of October 23, 2018 (the "Stalking Horse Agreement"), between the Debtors and OR Acquisition Co, LLC (the "Stalking Horse Bidder"), the *Motion for Order*

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435 Del.); Open Road Releasing, LLC (4736 Del.); OR Productions LLC (5873 Del.); Briarcliff LLC (7304 Del.); Open Road International LLC (4109 Del.); and Empire Productions LLC (9375 Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

*Authorizing and Approving Certain Bid Protections, Amendments to Bid Procedures Order, and Granting Related Relief* [Docket No. 217] (the "Bid Protections Motion"),[2] any responsive pleadings filed in connection with the Bid Protections Motion, the record in the above-captioned cases, and the representations of counsel at the hearing on the Bid Protections Motion (the "Hearing"); and the Court having entered that certain *Order: (1) Approving Bid and Sale Procedures, (2) Approving Assumption, Assignment and Cure Procedures and Related Notices, (3) Establishing Date for Auction and Approving Related Procedures, (4) Scheduling the Sale Hearing and Related Deadlines, and (5) Granting Related Relief* [Docket No. 160] (the "Bid Procedures Order"), which approved certain bid and sale procedures set forth therein (the "Bid Procedures"); and the Court having determined that notice of the Bid Protections Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are sections 105, 363, 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9008, 9014 and 9019. Venue of these Chapter 11 Cases and the Bid Protections Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The relief granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties in interest.

---

[2]    Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Bid Protections Motion.

[3]    All findings of fact and conclusions of law announced by the Court at the Hearing are hereby incorporated herein to the extent not inconsistent herewith.

01:23772689.4

C.     The notice of the Bid Protections Motion, the Hearing, the Stalking Horse Agreement and the Bid Protections (as defined below), and the proposed entry of this Order was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with (i) all applicable requirements of Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court District of Delaware (the "Local Rules") and (ii) the applicable provisions of the Bid Procedures Order. A reasonable opportunity to object or be heard regarding the relief requested in the Bid Protections Motion (including without limitation, with respect to the payment of the Bid Protections (as defined below) and the amendments to the Bidding Procedures) has been afforded to all interested persons and entities under the circumstances of these Chapter 11 Cases. Accordingly, except as otherwise set forth herein, no further notice of the Hearing or this Order and the relief provided for herein is necessary or required.

D.     All objections to the relief requested in the Bid Protections Motion as it pertains to the relief granted herein that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

E.     The Stalking Horse Agreement and the Bid Protections (as defined below) were each negotiated in good faith and at arm's length among the Debtors and the Stalking Horse Bidder. The Debtors, in the exercise of their business judgment, have determined that the Stalking Horse Agreement represents the highest and or otherwise best offer that the Debtors have received to date for the Debtors' assets. The process for selecting the Stalking Horse

Bidder was fair and appropriate under the circumstances and in the best interest of the Debtors' estates.

F.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the amendments to the Bid Procedures set forth in this Order, (ii) authorize the break-up fee as provided for in the Stalking Horse Agreement (the "Break-Up Fee") and the expense reimbursement as provided for in the Stalking Horse Agreement (the "Expense Reimbursement"; collectively with the Break-Up Fee, the "Bid Protections"), under the terms and conditions set forth in the Stalking Horse Agreement, and (iii) approve the form and manner of the amended notice of the Sale Hearing (as defined in the Bid Procedures Motion), which amended notice will provide adequate and sufficient notice of the amendments to the Bid Procedures and of the Bid Protections under the circumstances of these Chapter 11 Cases.

G.    The Bid Protections, and upon satisfaction of the conditions set forth in the Stalking Horse Agreement the payment thereof, are (i) an actual and necessary cost of preserving the Debtors' estates, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code, (ii) reasonably tailored to encourage, rather than hamper, the bidding for the Debtors' assets, by providing a baseline of value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other bidders in the sale process, thereby increasing the likelihood that the Debtors will receive the best possible price and terms for the assets under the circumstances of these cases, (iii) of substantial benefit to the Debtors' estates and stakeholders and all parties in interest in these Chapter 11 Cases, (iv) reasonable and appropriate, (v) a material inducement for, and condition necessary to, ensuring that the Stalking Horse Bidder will continue to pursue its proposed agreement to purchase the Debtors' assets and (vi) reasonable in

relation to the Stalking Horse Bidder's efforts and to the magnitude of the sale and the Stalking Horse Bidder's lost opportunities resulting from the time spent pursuing such transaction.

H.       The proposed *Amended Notice of Auction and Sale Hearing*, substantially in the form attached hereto as Exhibit A (the "Amended Sale Notice"), is calculated to provide adequate notice concerning the proposed sale of the Purchased Assets, will provide due and adequate notice of the relief sought in the Bid Protections Motion, and is hereby approved.

I.       The Bid Procedures, as amended by this Order, are reasonable and appropriate, and represent a fair and appropriate method for maximizing the realizable value of the Debtors' assets.

J.       The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Bid Protections Motion is GRANTED as set forth herein.

2.       Any objections filed or asserted in response to the Bid Protections Motion and the relief granted herein, to the extent not resolved as set forth herein or on the record at the Hearing, are hereby overruled.

3.       Paragraph 4(a) of the Bid Procedures Order is hereby amended to include as a party entitled to receive a copy of any bid the following party: counsel for the Stalking Horse Bidder, Greenberg Traurig, LLP, Attn: Nathan A. Haynes, Esq., email: haynesn@gtlaw.com, and DLA Piper LLP (US), Attn: Robert J. Sherman, Esq., email: robert.j.sherman@dlapiper.com.

4.       Paragraph 4(a) of the Bid Procedures Order is hereby further amended to require that, in addition to the other requirements set forth therein for any Potential Bidder to participate in the bidding process, any Potential Bidder must, no later than November 5, 2018 at 12:00 p.m. (Eastern Time) (the "Bid Deadline"):

01:23772689.4

a.    submit a "blacklined" or otherwise marked copy of the Proposed APA reflecting the differences between the Proposed APA and the Stalking Horse Agreement, a Word copy of which shall be provided to a Potential Bidder upon request.

b.    provide in such Potential Bidder's bid for a Base Purchase Price in an amount greater than or equal to the sum of (A) the Base Purchase Price in the Stalking Horse Agreement, (B) the Bid Protections, and (C) the Minimum Overbid (as defined below) ("Minimum Initial Overbid Amount").

5.    Paragraph 4(b) of the Bid Procedures Order is hereby amended to include the following at the end:  Notwithstanding the foregoing, any Secured Creditor or Secured Creditors that exercise(s) its or their credit bid right(s) shall pay to the Stalking Horse Bidder in cash the Break Up Fee and Expense Reimbursement at the closing of the sale to such Secured Creditor(s) to the extent such amounts are payable under the Stalking Horse Agreement.  Moreover, in the event of any transaction involving the direct or indirect sale or sales of all or substantially all or a portion of the Purchased Assets (as defined in the Stalking Horse Agreement) to a person or persons other than Stalking Horse Bidder, the Break Up Fee and Expense Reimbursement shall be paid from the proceeds of the sale at closing to the extent such amounts are payable under the Stalking Horse Agreement.

6.    Paragraph 15 of the Bid Procedures Order is hereby amended to include as an Objection Recipient the following party: counsel for the Stalking Horse Bidder, Greenberg Traurig, LLP, Attn: Nathan A. Haynes, Esq., email: haynesn@gtlaw.com, and DLA Piper LLP (US), Attn: Robert J. Sherman, Esq., email: robert.j.sherman@dlapiper.com.

7.    Subject to final Court approval at the Sale Hearing (other than the Bid Protections, which are finally approved hereby), the Debtors are authorized to enter into the

Stalking Horse Agreement with the Stalking Horse Bidder for the sale of the Purchased Assets. The Stalking Horse Bidder shall be deemed to be a Qualified Bidder, the Stalking Horse Purchaser's bid shall be deemed a Qualified Bid, and the Bid Protections are approved.

8.      Pursuant to sections 105, 363, 364, 503, and 507 of the Bankruptcy Code, the Debtors are hereby authorized and directed, upon satisfaction of the conditions set forth in the Stalking Horse Agreement, to pay the Break-Up Fee and the Expense Reimbursement to the Stalking Horse Bidder in accordance with the terms of the Stalking Horse Agreement without further order of this Court.

9.      If the Debtors do not receive any Qualified Bids other than the Stalking Horse Agreement, or receive Qualified Bids on portions of the Purchased Assets which do not have the purchase prices, in the aggregate, equal to or exceeding the Minimum Initial Overbid Amount, the Debtors shall not conduct the Auction with respect to the Purchased Assets, and instead shall seek approval of the sale of the Purchased Assets pursuant to the Stalking Horse Agreement at the Sale Hearing.

10.      Only the Qualified Bidders may bid at the Auction, which, notwithstanding anything to the contrary in the Bid Procedures Order, shall take place on **November 7, 2018 at 10:00 a.m. (Pacific Time) at the offices of Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067**. Each Qualified Bidder shall appear in person at the Auction, or through a duly authorized representative. To the extent the Proposed APAs submitted by Qualified Bidders differ in any material respect, the CRO, in consultation with the Consultation Parties, may assign relative values to such differences, taking into account the relative burdens and benefits resulting from such differences, and shall afford a Qualified Bidder the opportunity to further modify such Proposed APA to reduce or eliminate any

deduction in value assigned to such Proposed APA. At the commencement of the Auction, and

following the processes described in the preceding sentence, the Debtors shall identify the bid

that they have determined to be the highest and best offer, state terms of such bid and the identity

of such bidder, and shall permit the Stalking Horse Bidder and all other Qualified Bidders to

submit higher and better bids. Each Qualified Bidder must bid in each round or it shall be

disqualified from further bidding at the Auction. Each subsequent bid must exceed the amount

of the preceding bid by not less than $1,000,000 (the "Minimum Overbid") and shall not be

modified in a manner that causes it no longer to be a Qualified Bid. If the Stalking Horse Bidder

bids at the Auction, it shall be entitled to a "credit bid" in the amount of the Bid Protections to be

counted towards each bid. All Qualified Bidders shall have the right to, at any time, request the

Debtors use reasonable efforts to clarify any and all questions such Qualified Bidder may have

regarding the then-current highest and best bid.

11.     The "Bid Deadline" as used herein and in the Bid Procedures Order shall mean

November 5, 2018 at 12:00 p.m. (Eastern Time).

12.     The proposed Amended Sale Notice is hereby approved.

13.     Notice of (a) the Bid Protections Motion, (b) the Bid Procedures, as amended by

this Order, (c) the Auction, (d) the Objection Deadlines, (e) the Stalking Horse Agreement and

the Bid Protections, (f) the Sale Hearing, and (g) the proposed assumption, assignment and sale

of Purchased Contracts to the Winning Bidder shall be good and sufficient, and no other or

further notice shall be required, if given as follows (in addition to the forms of notice required in

the Bid Procedures Order): Within two (2) business days after entry of this Order, the Debtors

(or their agents) shall provide notice (in substantially the form of the Amended Sale Notice

attached hereto as Exhibit A) of this Order, the Bid Protections Motion, the Bid Protections, the

Bid Procedures as amended by this Order, the Auction, the Objection Deadlines, and the Sale Hearing by first-class mail upon: (a) all Persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Purchased Assets during the past six (6) months; (b) all entities known by the Debtors to have asserted any Lien or interest in the Purchased Assets; (c) all non-Debtor parties to the Contracts; (d) the U.S. Trustee; (e) the Committee and its counsel; (f) any Governmental Body known to have a claim in the Chapter 11 Cases; (g) all other known creditors and equity security holders of the Debtors; (h) all Persons that have requested special notice in the Chapter 11 Cases; and (i) all other Persons as directed by the Court.

14.     Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     Except as amended by this Order, the Bid Procedures Order shall remain in full force and effect.  In the event of any conflict between the terms of the Bid Procedures Order and this Order, this Order shall control.

16.     This Court shall retain jurisdiction and power to enforce and interpret the provisions of this Order.

Dated: October 26, 2018
     Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**AMENDED SALE NOTICE**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[4] | Case No.:  18-12012 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket Nos. 9, 160, 216, 217, and \_\_\_\_\_** |

### *AMENDED* NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On September 6, 2018, Open Road Films, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      On October 9, 2018, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 160] (the "Bid Procedures Order"),[5] pursuant to sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, (a) scheduling an auction (the "Auction") for the sale of substantially all of the Debtors' assets (the "Purchased Assets") for November 7, 2018 and a hearing to approve the sale of the Purchased Assets (the "Sale Hearing") for November 9, 2018; (b) approving procedures (the "Bid Procedures") for submitting competing bids for the Purchased Assets; (c) approving the form and manner of the notice of the Auction and the Sale Hearing; and (d) approving procedures for the assumption, assignment and sale of Contracts to any purchaser(s) of the Purchased Assets, and/or to resolve any objections thereto.

3.      On October 23, 2018, the Debtors filed the notice of filing [Docket No. 216] of the Asset Purchase Agreement, dated as of October 23, 2018 (the "Stalking Horse Agreement"), between the Debtors and OR Acquisition Co, LLC (the "Stalking Horse Bidder"), and the *Motion for Order Authorizing and Approving Certain Bid Protections, Amendments to Bid Procedures Order, and Granting Related Relief* [Docket No. 217] (the "Bid Protections Motion"), seeking entry of an order (the "Bid Protections Order") (i) approving certain Bid Protections in favor of the Stalking Horse Bidder and (ii) approving certain amendments to the Bid Procedures Order and Bid Procedures in connection with the Stalking Horse Agreement.  On October [_], 2018, the Court entered the Bid Protections Order [Docket No. \_\_\_\_].

4.      Pursuant to the Bid Procedures Order and the Bid Protections Order, if the Debtors receive any Qualified Bids, for the Purchased Assets, the Auction shall take place on **November 7, 2018 at 10:00 a.m. (Pacific Time) at the offices of Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067**.  Only parties that have submitted a Qualified Bid, as set forth in the Bid Procedures Order, by no later than **November 5, 2018 at 12:00 p.m. (Eastern Time)** (the "Bid

---

[4]     The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435 Del.); Open Road Releasing, LLC (4736 Del.); OR Productions LLC (5873 Del.); Briarcliff LLC (7304 Del.); Open Road International LLC (4109 Del.); and Empire Productions LLC (9375 Del.).  The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[5]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Bid Procedures Order.

Deadline") may bid at the Auction.  Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bid Procedures, as amended by the Bid Protections Order, including that any bidder must, by the Bid Deadline, (i) submit a "blacklined" or otherwise marked copy of the bidder's Proposed APA reflecting the differences between the Proposed APA and the Stalking Horse Agreement, and (ii) provide in such Potential Bidder's bid for a Base Purchase Price in an amount greater than or equal to the sum of (A) the Base Purchase Price in the Stalking Horse Agreement, (B) the Bid Protections, and (C) the Minimum Overbid ("Minimum Initial Overbid Amount").

     5.     This Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Bid Procedures Motion, the Bid Procedures Order, the Bid Protections Motion, and the Bid Protections Order, with such Bid Protections Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety.  More information is provided below on how to obtain copies of such documents.

     6.     The Sale Hearing to consider approval of the sale of the Purchased Assets to the Winning Bidder at the Auction, free and clear of all liens, claims and encumbrances, will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, 824 North Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom #2, on **November 9, 2018 at 10:00 a.m. (Eastern Time)**, or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or in the applicable hearing agenda.

     7.     Objections to the (i) sale, if any (the "Sale Objections") and (ii) results of the Auction, if any (the "Auction Objections") must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; and (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington, Delaware 19801, *in the case of the Sale Objections*, **on or before November 2, 2018 at 4:00 p.m. (Eastern Time)** (the "Sale Objection Deadline") and, *in the case of the Auction Objections*, **on or before 8:30 a.m. (Eastern Time) on the day of the Sale Hearing** (the "Auction Objection Deadline") (provided, that solely in respect of any Sale Objection(s) filed by the Official Committee of Unsecured Creditors, any such Sale Objection(s) may be filed on or before the Auction Objection Deadline), and be served upon (I) Open Road Films, LLC, 2049 Century Park East, 4th Floor, Los Angeles, CA 90067, Attn: James Ellis, Email: jellis@tangmp.com; (II) co-counsel for the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Jonathan M. Weiss, Email: mtuchin@ktbslaw.com and jweiss@ktbslaw.com; (III) co-counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael Nestor, Esq. and Robert F. Poppiti, Jr., Esq., Email: mnestor@ycst.com and rpoppiti@ycst.com; (IV) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq., Scott L. Hazan Esq., and Colin R. Robinson, Esq., Email: rfeinstein@pszjlaw.com, shazan@pszjlaw.com, and crobinson@pszjlaw.com; (V) counsel for the Agent, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Andrew Tenzer, Esq., email: andrewtenzer@paulhastings.com and Susan Williams, Esq., email: susanwilliams@paulhastings.com, and Ashby & Geddes, P.A., Attn: Bill Bowden, Esq., email: wbowden@ashbygeddes.com; (VI) counsel for the Stalking Horse Purchaser, Greenberg Traurig, LLP, Attn: Nathan A. Haynes, Esq., email: haynesn@gtlaw.com, and DLA Piper LLP (US), Attn: Robert J. Sherman, Esq., email: robert.j.sherman@dlapiper.com; (VII) counsel for certain guilds, Bush Gottlieb, a Law Corporation, 801 North Brand Boulevard, Suite 950, Glendale, California, Attn: Joseph A. Kohanski, Esq., email: kohanski@bushgottlieb.com and David E. Ahdoot, Esq., email: dahdoot@bushgottlieb.com; and (VIII) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Richenderfer, Esq., email: 01:23772689.4  linda.richenderfer@usdoj.gov.  **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED**

**IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT, AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.**

8.      Parties interested in receiving more information regarding the sale of the Purchased Assets and/or copies of any related document, including the Stalking Horse Agreement, the Bid Procedures Motion, the Bid Protections Motion, the Bid Procedures Order, or the Bid Protections Order, may make a written request to: (i) co-counsel for the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Jonathan M. Weiss, Esq., Email: jweiss@ktbslaw.com; or (ii) co-counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert F. Poppiti, Jr., Esq., Email: rpoppiti@ycst.com.  In addition, copies of the Bid Procedures Motion, the Bid Protections Motion, the Bid Procedures Order, the Bid Protections Order and this Notice are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801, and available for download on the dedicated website of the claims and noticing agent for the Chapter 11 Cases, Donlin, Recano & Company, Inc., at https://www.donlinrecano.com/Clients/orf/Index, by clicking on the tab "Sale Related Documents."  The Stalking Horse Agreement is also available on the "Sale Related Documents" tab.

9.      The Bid Procedures Order, as amended in certain respects by the Bid Protections Order, sets forth in detail the requirements for submitting a Qualified Bid for the Purchased Assets, and any person interested in making an offer to purchase the Purchased Assets must comply with the Bid Procedures Order, as amended in certain respects by the Bid Protections Order.  Any persons interested in making an offer to acquire the Purchased Assets should contact FTI Consulting, Inc., via Amir Agam, at Amir.Agam@FTIConsulting.com, and Luke Schaeffer, at Luke.Schaeffer@FTIConsulting.com.

10.      For ease of reference, the following is a summary of certain dates and deadlines established pursuant to the Bid Procedures Order.  The Debtors encourage parties-in-interest to review the Bid Procedures Order in its entirety, as the below summary is not intended to be exhaustive.

| | |
|---|---|
| November 2, 2018 at 4:00 p.m. (ET) | Deadline to object to the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the sale of the Purchased Assets (other than regarding adequate assurance of future performance) |
| November 2, 2018 at 4:00 p.m. (ET) | Deadline to object to the sale of the Purchased Assets |
| November 5, 2018 at 12:00 p.m. (ET) | Deadline to submit a bid for the Purchased Assets |
| November 7, 2018 at 10:00 a.m. (PT) | Auction for the Purchased Assets at the offices of Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 |
| November 7, 2018 at 4:00 p.m. (ET) | Deadline to object to adequate assurance of future performance with respect to the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the sale of the Purchased Assets |

| 8:30 a.m. (ET) on the day of the hearing of the sale of the purchased assets | Deadline to object to the results of the Auction (and deadline for Committee to object to the sale) |
|---|---|
| November 9, 2018 at 10:00 a.m. (ET) | Hearing on the sale of the Purchased Assets |

Dated: _____, 2018

                           */s/ DRAFT*
                           Michael R. Nestor, Esq. (Bar No. 3526)
                           Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
                           Ian J. Bambrick, Esq. (Bar No. 5455)
                           YOUNG CONAWAY STARGATT & TAYLOR, LLP
                           Rodney Square, 1000 North King Street
                           Wilmington, Delaware 19801
                           Tel:   (302) 571-6600
                           Fax:   (302) 571-1253
                           Email: mnestor@ycst.com
                                    sbeach@ycst.com
                                    rpoppiti@ycst.com

                           and

                           Michael L. Tuchin, Esq.
                           Whitman L. Holt, Esq.
                           Jonathan M. Weiss, Esq.
                           KLEE, TUCHIN, BOGDANOFF & STERN LLP
                           1999 Avenue of the Stars, 39th Floor
                           Los Angeles, CA 90067
                           Tel:   (310) 407-4000
                           Fax:   (310) 407-9090
                           Email: mtuchin@ktbslaw.com
                                    jweiss@ktbslaw.com
                                    sgurvitz@ktbslaw.com

                         *Counsel to Debtors and Debtors in Possession*