**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 187** |

**DEBTORS' LIMITED OBJECTION TO RICHARD DUTCHER'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Open Road Films, LLC ("Open Road Films") and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") hereby object (the "Limited Objection") on a limited basis to *Richard Dutcher's Motion for Relief from the Automatic Stay* [Docket No. 187] (the "Motion"). In support of the Limited Objection, the Debtors submit the Declaration of Amir Agam attached hereto as Exhibit A (the "Agam Declaration"), and respectfully state as follows:

**I. PRELIMINARY STATEMENT**

1. Dutcher is the plaintiff in copyright litigation currently pending against Debtor Open Road Films, LLC ("Open Road Films") and certain co-defendants in the United States District Court for the District of Utah. By the Motion, Dutcher seeks relief from the automatic stay to allow the copyright litigation to proceed against Open Road Films, with any claim or collection against Open Road Films limited to the proceeds of the available insurance policies. **The Debtors do not object to granting Dutcher relief from stay**; however, the Debtors file

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

this Limited Objection because the proposed form of order submitted by Dutcher does not ensure that there is no adverse impact on the estates as a result of allowing Dutcher to continue his lawsuit. In particular, any relief from the automatic stay must be conditioned on the Debtors and their estates not incurring any post-petition liability for any potential self-insured retention claim under any applicable insurance policy. The Debtors have attached as Exhibit B to this Limited Objection a proposed form of order (the "Proposed Order"), which contains provisions that will allow Dutcher to proceed with the District Court litigation, while protecting the Debtors, their estates, and the interests of creditors.

## II.  BACKGROUND FACTS

**A.     The Chapter 11 Cases**

2.     On September 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

3.     The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee or examiner has been requested or appointed in these Cases. On September 14, 2018, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Cases.

4.     The Debtors distribute motion pictures in the United States and license motion pictures in ancillary markets, principally to home entertainment, pay television, subscription, and transactional video-on-demand, free television, and other non-theatrical entertainment distribution markets. The Debtors' films have generated over $1.3 billion in worldwide theatrical box office receipts, have been nominated for 49 Academy Awards, and have won 13 Academy Awards.

5. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Amir Agam in Support of First Day Motions* [Docket No. 7].

**B.   The Utah Litigation**

6. The Motion relates to a copyright infringement lawsuit filed by Dutcher against Open Road Films and certain co-defendants in the U.S. District Court for the District of Utah on February 19, 2015, entitled *Dutcher v. Bold Films, et al.*, Case No. 2:15-CV-00100-DB-PMW (the "Utah Litigation"). Dutcher asserts claims for copyright infringement arising from the production and distribution of the film *Nightcrawler*.

7. Open Road Films and its co-defendants[2] are collectively represented by the law firm Parr Brown Gee & Loveless, P.C. ("Parr Brown"), based in Salt Lake City, Utah. The defense of the claims asserted by Dutcher in the Utah Litigation is covered by three separate film and entertainment liability insurance policies procured in connection with *Nightcrawler* (collectively, the "Insurance Policies"). Two of the Insurance Policies were purchased by certain of the co-defendants and/or their affiliates (the "Non-Debtor Insurance Policies") and have funded the entirety of the co-defendants' defense costs, including attorneys' fees, to date. Approximately $2.65 million in aggregate coverage remains under the Non-Debtor Insurance Policies, which is available to cover defense and settlement costs and any potential judgment.

8. If the Non-Debtor Insurance Policies are exhausted, the Debtors' film and entertainment insurance policy would be required to provide coverage (the "Debtor Insurance Policy"). The Debtor Insurance Policy was issued by AXIS Insurance Company and provides coverage of $10 million per loss, with a total limit of $10 million. Importantly, however, the

---

[2] The co-defendants in the Utah Litigation are Bold Films LP, Bold Film Productions, LLC, NBC Universal Media, LLC, and Universal Studios Home Entertainment, LLC.

Debtor Insurance Policy provides for a $50,000 self-insured retention (the "Self-Insured Retention"). A true and correct copy of the declarations page for the Debtor Insurance Policy is attached as Exhibit 1 to the Agam Declaration.

### III.  LIMITED OBJECTION

**A.     Automatic Stay**

9.     The automatic stay of section 362 of the Bankruptcy Code is "one of the most fundamental protections granted the debtor under the Bankruptcy Code." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)). The automatic stay "prevent[s] certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991) (quoting *St. Croix Condo. Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982)), quoted in *Rexene Prods.*, 141 B.R. at 576.

10.     The automatic stay is designed to give a debtor a "breathing spell" free from lawsuits and other collection type activities while the debtor attempts to reorganize its affairs. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991); H.R. Rep. No. 595, 95th Cong. 1st Sess. 340 (1977). Implementation and maintenance of the automatic stay is fundamental to the effective administration of pending bankruptcy cases, as it provides a debtor protection from "a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981) (internal citations omitted).

11. Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. "The term 'cause' as used in section 362(d) has no obvious definition and is determined on a case-by-case basis." *See In re Integrated Health Servs., Inc.*, 2000 Bankr. LEXIS 1319, *4-5 (Bankr. D. Del. Aug. 11, 2000); *In re Lincoln*, 264 B.R 370, 372 (Bankr. E.D. Pa. 2001) (internal citations omitted) ("Each request for relief for 'cause' under [section] 362(d)(1) must be considered on its own facts."). In determining whether "cause" exists, courts in this district consider the following three factors:

> (1) the prejudice that would be suffered by the debtors should the stay be lifted;
>
> (2) the balance of the hardships facing the parties if the stay is lifted; and
>
> (3) the probable success on the merits if the stay is lifted.

*In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing *Rexene Prods.*, 141 B.R. at 576). "To establish cause, the party seeking relief from the stay must show that 'the balance of hardships from not obtaining relief tips significantly in [its] favor.'" *Atlantic Marine Inc. v. American Classic Voyages, Co. (In re American Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003) (alternation in original) (quoting *In re FRG*, 115 B.R. 72, 74 (E.D. Pa. 1990)); *see also In re DBSI, Inc.*, 407 B.R. 159, 166 (Bankr. D. Del. 2009) (listing as the second prong "whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor" (internal quotations omitted)).

**B.    The Proposed Order**

12. Here, the Debtors do not object to relief from the automatic stay, provided that the protections embodied in the terms of the Debtors' Proposed Order are included. The Utah Litigation involves multiple non-Debtor defendants, is well-advanced and nearly ready for trial, and, in any event, the trial of the underlying claims asserted by Dutcher in the Bankruptcy Court would be burdensome and unnecessarily duplicative. *See Rexene Prods.*, 141 B.R. 576.

However, Dutcher's relief from the automatic stay must be subject to reasonable and customary conditions to protect the Debtors and their estates.

13. Specifically, the Proposed Order contains the following provisions:

- Provision #1: The automatic stay shall be modified and lifted solely with respect to the claim of Dutcher identified in the Motion, and solely for the sole and exclusive purposes of (i) permitting the Utah Litigation to continue to final judgment or settlement; and (ii) permitting Dutcher to recover and collect on account of such final judgment or settlement solely from any available insurance proceeds or coverage available from any insurer of the Debtors (the "Insurance Proceeds").

- Provision #2: Dutcher shall take no action to execute on, or otherwise attempt to collect, and hereby waives (i) all rights against and claims to, any property or assets of the Debtors or their estates and (ii) any and all rights to participate in a recovery from the assets of, or distributions from, the Debtors' estates, except, in either instance, as against available Insurance Proceeds, if any. In no event will the Debtors or their estates be liable to Dutcher in any way whatsoever in connection with such claim.

- Provision #3: Nothing herein is intended or shall be deemed to mean that: (i) the Debtors are liable to Dutcher for any amounts at all; or (ii) any causes of action, claims and damages alleged in the Utah Litigation are covered in whole, in part, or at all, under any of the Debtors' insurance policies.

- Provision #4: Nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Debtors (i) to defend against any claims asserted in the Utah Litigation or to incur any costs in connection therewith; or (ii) to satisfy any amounts due and owing under any of the Debtors' insurance policies, including any deductible, self-insured retention, or similar amount.

- Provision #5: Dutcher shall indemnify and hold harmless the Debtors from and against any and all losses, liabilities, claims, damages, or amounts paid in settlement, interest, awards, judgments, costs, or expenses (including, without limitation, attorneys' fees and expenses) incurred by the Debtors in any manner arising out of or in any way related to any applicable self-insured retention or deductible, provided that the indemnification provided by this paragraph may not exceed $50,000.

- Provision #6: Parr Brown shall not be paid any fees, compensation, costs, or other amounts directly from the Debtors or their estates in connection with the Utah Litigation. Nothing herein shall prevent Parr Brown from seeking payment of its attorney's fees and costs from Dutcher on behalf of

    the Debtor and the other co-defendants in the Utah Litigation, as well as from Insurance Proceeds.[3]

- Provision #7: This Court shall retain jurisdiction and power to enforce and interpret the provisions of this Order.

14. Provisions #1-4 of the Proposed Order, among other things, (i) clarify the limited scope and purposes of the stay modification; (ii) provide for the waiver by Dutcher of any claims, collection, or recovery in or against the Debtors or their estates; (iii) clarify that the stay modification does not create certain duties or obligations on the part of the Debtors, and (iv) clarify that the stay modification does not give rise to any implications regarding Dutcher's claims or any of the Debtors' insurance policies.

15. In addition, Provision #5 of the Debtors' Proposed Order requires as a condition to Dutcher being allowed to proceed in the Utah Litigation that Dutcher indemnify the Debtors for any losses, claims, or other amounts paid in settlement, judgments, costs, or expenses incurred by the Debtors arising from or related to any applicable self-insured retention or deductible (up to the amount of the Self-Insured Retention). Indeed, courts recognize that self-insured retentions present complications in the stay relief context. *See, e.g.*, *In re EnCap Golf Holdings, LLC*, 2008 Bankr. LEXIS 2146 (Bankr. D.N.J. Aug. 4, 2008) (denying motion for relief from stay for lack of cause when "the Self-Insured Retention has not been exhausted"); *Perez v. Cumberland Farms, Inc.*, 213 B.R. 622, 623-24 (D. Mass. 1997) (court observed that "[b]ecause a lawsuit against the Debtor could cause it monetary consequences, the logic of pertinent caselaw suggests that such a lawsuit should be prohibited, but permitting litigant to pursue claims against debtor only on the "condition that she indemnify the Debtor for any unreimbursed expenses of defending the suit"). Accordingly, in granting Dutcher the relief from

---

[3] The Debtors have served Parr Brown with a copy of this Limited Objection. It is the Debtors' understanding, as of the filing of this Limited Objection, that Parr Brown has no objection to this provision.

stay that he requests, the Debtors simply seek assurance that the Debtors, their estates and their creditors will not be adversely affected by allowing the Utah Litigation to proceed.[4]

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court deny the Motion to the extent that it seeks relief other than that provided for in the Proposed Order and such other and further relief as is just and proper.

Dated: November 2, 2018

/s/ Robert F. Poppiti, Jr.
Michael R. Nestor, Esq. (Bar No. 3526)
Robert F. Poppiti, Jr., Esq. (Bar No. 5052)
Ian J. Bambrick, Esq. (Bar No. 5455)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253

and

Michael L. Tuchin, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4000
Fax:   (310) 407-9090

*Counsel to Debtors and Debtors in Possession*

---

[4] The Debtors take no position at this time regarding whether the Debtors' insurer would provide coverage, or could be compelled to provide coverage either under the terms of the Debtors Insurance Policy or under applicable law, in the absence of the Debtors' satisfaction of the Self-Insured Retention. Those issues are not before this Court.