# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 9, 124, 160, 172, 216, 248 & 256** |

**MOTION OF VIACOM INTERNATIONAL INC.
PURSUANT TO SECTIONS 362(d) AND 553 OF THE BANKRUPTCY CODE
FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE SETOFF**

Viacom International Inc. ("Viacom International"), by and through its undersigned counsel, hereby files this Motion for an order, substantially in the form attached as **Exhibit C**, pursuant to sections 362(d) and 553 of the Bankruptcy Code, modifying the automatic stay to allow Viacom International to effectuate its right to setoff, and respectfully states as follows:

### Jurisdiction and Venue

1. This Motion is brought pursuant to 11 U.S.C. §§ 362(d) and 553. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### Factual Background

**A. The Chapter 11 Cases**

2. On September 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases

4. On September 14, 2018, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Cases.  [D.I. 72.]

5. The factual background relating to the Debtors and the commencement of these Cases is set forth in the Declaration of Amir Agam in Support of First Day Motions (the "First Day Declaration").  [D.I. 7.]

**B.    The Sale Process**

6. On September 6, 2018, the Debtors filed the *Motion for Orders (A)(I) Establishing Bid And Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(II) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief* (the "Sale Motion").  [D.I. 9.]

7. On October 1, 2018, the Debtors filed the *Notice of Filing of (I) Proposed Sale Order and (II) Proposed Form APA*.  [D.I. 124.]

8. On October 2, 2018, the Court entered the *Order: (1) Approving Bid and Sale Procedures, (2) Approving Assumption, Assignment and Cure Procedures and Related Notices, (3) Establishing Date for Auction and Approving Related Procedures, (4) Scheduling the Sale*

*Hearing and Related Deadlines, and (5) Granting Related Relief* (The "Bid Procedure Order"). [D.I. 160.]

9. On October 2, 2018, the Court entered the *Final Order, Pursuant to Sections 105(a), 361, 362, 363(c), 503(b) and 507(b) of the Bankruptcy Code, (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protections, and (III) Granting Related Relief* (the "Cash Collateral Order"). [D.I. 135.]

10. On October 12, 2018, the Debtors filed the *Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Cure Schedule"). [Dkt No. 172]. The Cure Schedule lists 38 agreements (together, the "Viacom Agreements") with Viacom and its affiliates including: (i) the Distribution Agreement with Awesomeness (Contract No. 4); (ii) eight license agreements with Viacom International (the "Viacom License Agreements") and certain ancillary agreements related to the assignment of license fees (Contract Nos. 1993–2013); and (iii) two license agreements with Paramount (the "Paramount License Agreements" and together with the Viacom License Agreements, the "License Agreements") and certain ancillary agreements related to the assignment of license fees (Contract Nos. 1334–1345).

11. On October 23, 2018, the Debtors filed the *Notice of Filing of (I) Stalking Horse Agreement, (II) Summary of Proposed Bid Protections, and (III) Summary of Proposed Amendments to Bid Procedures Order* [D.I. 216] and *The Debtors' Motion for Entry of an Order Authorizing and Approving Certain Bidding Protections and Amendments to Bid Procedures Order, and Granting Related Relief*. [D.I. 217.]

12. On October 26, 2018, the Court entered the *Order Authorizing and Approving Certain Bidding Protections, Amendments to Bid Procedures Order, and Granting Related Relief*. [D.I. 239.]

13. On October 30, 2018, the Debtors filed the *Notice of Filing of Schedule of Contracts with Amended Cure Amounts* (the "Amended Cure Schedule"). [Dkt No. 248.]

### C. The Unpaid Advertising

14. Viacom International Inc. is a global media company. It operates primarily through its Viacom Media Networks division ("VMN"), which provides high-quality entertainment content, services and related branded products for consumers in targeted demographics attractive to advertisers, content distributors and retailers. VMN's key brands are Nickelodeon, Nick Jr., MTV, BET, Comedy Central and The Paramount Network f/k/a Spike TV.

15. Prior to the Petition Date, Viacom International provided Open Road Films certain linear and digital advertising related to films of Open Road Films ("Advertising"). As of the Petition Date, Open Road Films owes Viacom International more than $6 million in unpaid fees on account of the Advertising (the "Pre-Petition Advertising Claim). A chart reflecting the unpaid invoices is attached as Exhibit A.[2]

16. Prior to the Petition Date, Open Road Films and Viacom International were parties to the Viacom License Agreements pursuant to which Viacom licensed certain content from Open Road Films for air on Viacom International's television stations. Viacom International is currently withholding three pre-petition payments in the aggregate amount of

---

[2] Open Road Films owes additional amounts to certain other Viacom International affiliates (collectively, "Viacom"). The Court has not yet set a bar date, and Viacom reserves all rights to assert any and all claims at the appropriate time.

$323,940 (the "Pre-Petition License Fees") that were due to Open Road Films under two of the Viacom License Agreements in order to preserve its setoff rights against Open Road Films. A chart reflecting those three payments is attached as Exhibit B.

## Relief Requested

17. By this Motion, Viacom International requests entry of an order, pursuant to sections 362(d)(1) and 553(a) of the Bankruptcy Code, modifying the automatic stay to allow Viacom International to exercise its setoff rights.

## Argument

### I. THE COURT SHOULD MODIFY THE AUTOMATIC STAY TO ALLOW VIACOM INTERNATIONAL TO EXERCISE ITS SETOFF RIGHTS

**A.    Cause Exists to Modify the Automatic Stay**

18. Section 553 of the Bankruptcy Code does not codify the right to setoff, but it does preserve the right under applicable non-bankruptcy law, as it provides, in pertinent part:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before commencement of the case . . .

11 U.S.C. § 553(a).

19. While section 553 of the Bankruptcy Code preserves prepetition setoff rights, section 362 makes clear that the automatic stay applies to stay a creditor's exercise of that right. 11 U.S.C. § 362(a)(7).

20. Section 362(d)(1) of the Bankruptcy Code allows the Court to lift or modify the automatic stay for "cause," including a lack of adequate protection. 11 U.S.C. § 362(d)(1). An established right of setoff demonstrates cause for relief from the automatic stay. *See, e.g.*, *United States v. Gould (In re Gould)*, 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009); *In re WL Homes LLC*, 471 B.R. 349, 352 (Bankr. D. Del. 2012) ("Showing cause requires the creditor to first establish

its right to setoff by finding an independent right of setoff under non-bankruptcy law.  It then must show that the conditions § 553 places on setoff are satisfied."); *In re Whitaker*, 173 B.R. 359, 359 (Bankr. S.D. Ohio 1994); *Dollar Bank, FSB v. Tarbuck (In re Tarbuck)*, 304 B.R. 718, 725 (Bankr. W.D. Pa. 2004); *see also In re Stienes*, 285 B.R. 360, 361 (Bankr. D.N.J. 2002) (creditor with setoff right is secured and entitled to adequate protection and the inability of the debtor to give the creditor replacement cash as adequate protection is cause for relief).

21. Moreover, as discussed more fully in Viacom International's objection to the Debtors' sale motion filed concurrently with this Motion, the Debtors are attempting to transfer the Viacom License Agreements free and clear of Viacom International's setoff rights.  If the Court determines the Viacom License Agreements assets may be sold free and clear of Viacom International's setoff rights, Viacom International is entitled to adequate protection.  Under section 363(e) of the Bankruptcy Code, "on request of an entity that has an interest in property . . . sold . . . or proposed to be sold . . . by the trustee, the court . . . shall prohibit or condition such sale . . . as is necessary to provide adequate protection of such interest."  Setoff rights are treated as secured claims under section 506(a) of the Bankruptcy Code and are entitled to adequate protection.  *E.g.*, *Szymanski v. Wachovia Bank, N.A. (In re Szymanski)*, 413 B.R. 232, 242 (Bankr. E.D. Pa. 2009).  Adequate protection requires that Viacom be provided the "indubitable equivalent" of its setoff rights.  11 U.S.C. § 361(3).  Here, the only way that Viacom International's setoff rights can be adequately protected is if the Court grants Viacom relief from the stay in order to exercise its setoff rights prior to the closing of any sale.  Accordingly, cause exists to modify the automatic stay to allow Viacom to effectuate the setoff.

### B. Viacom Is Entitled to Set Off the Pre-Petition License Fees Against the Pre-Petition Advertising Claim

22. The right of setoff is a simple right that "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (internal citations omitted). Under section 553 of the Bankruptcy Code, a creditor must establish that (1) a debt owed by the creditor to the debtor that arose prepetition, (2) a claim of the creditor against the debtor that arose prepetition, (3) the debt and the claim are mutual, and (4) non-bankruptcy law allows a setoff. *In re Czyzk*, 297 B.R. 406, 409 (Bankr. D.N.J. 2003); *In re Whitaker*, 173 B.R. 359, 361 (Bankr. S.D. Ohio 1994). Viacom International easily satisfies each of these elements.

23. New York law, which is applicable here, "has codified the common law right of setoff in N.Y. Debtors & Creditor Law § 151. Section 151 provides that every debtor has the right to 'setoff and apply against any indebtedness, whether mature or unmatured,' any amount owing from the debtor to the creditor, so long as the debts are mutual."[3] *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-CV-5256 (KMW) (DCF), 2016 U.S. Dist. LEXIS 29864, at *6 (S.D.N.Y. Mar. 8, 2016); *see also Official Comm. of Unsecured Creditors v. Mfrs. & Traders Tr. Co. (In re Bennett Funding Grp.)*, 146 F.3d 136, 139 (2d Cir. 1998) ("There is also no question that New York has long recognized a common law right of setoff.").

24. As of the Petition Date, Open Road Films was indebted to Viacom International in the amount of at least $6,011,931.30 on account of unpaid digital and linear advertising

---

[3] Viacom International is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York City. Each of the at-issue Viacom License Agreements provides that the "Agreement and all matters or issues collateral thereto shall be governed by the laws of the State of New York." (*See* Contract No. 1993 ¶ 16; Contract No. 2003 ¶ 16.)

expenses. (*See* Ex. A.) At the same time, Viacom International was indebted to Debtor Open Road Films on account of the Viacom License Agreements in the total amount of $323,940. (*See* Ex. B.) Accordingly, the debts are mutual, and the automatic stay should be modified to allow Viacom International to exercise its setoff rights to apply the Pre-Petition License Fees against the Pre-Petition Advertising Claim.

## Additional Relief Requested

25. Notwithstanding Bankruptcy Rule 4001(a)(3) and Local Rule 4001-1(c)(iii), Viacom International requests that any order approving this Motion be a final order not subject to a fourteen day stay.

## Notice

26. Viacom International has provided notice of this motion to (i) counsel to the Debtors; (ii) counsel to the Committee; (iii) the U.S. Trustee; (iv) counsel to the Stalking Horse Bidder; (v) counsel to the Debtors' Pre-Petition Secured Lenders; and (vi) all parties requesting notice in these Chapter 11 cases pursuant to Rule 2002 of the Bankruptcy Rules. Viacom International submits that, in light of the nature of the relief requested, no further notice is required.

**Conclusion**

WHEREFORE, Viacom International respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit C**, modifying the automatic stay to allow Viacom International to exercise its setoff rights and granting such other relief as is just and proper.

Dated: Wilmington, Delaware
November 2, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek C. Abbott
Derek C. Abbott (No. 3376)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@mnat.com
mharvey@mnat.com

- and –

LUSKIN, STERN & EISLER LLP
Richard Stern
Stephan E. Hornung
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile: (212) 974-3205
Email: stern@lsellp.com
hornung@lsellp.com

*Counsel for Viacom International Inc.*