IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 9, 124, 160 & 296** |

**MOTION FOR ORDER SHORTENING NOTICE OF MOTION OF VIACOM INTERNATIONAL INC. PURSUANT TO SECTIONS 362(d) AND 553 OF THE BANKRUPTCY CODE FOR RELIEF FROM THE STAY TO EFFECTUATE SETOFF**

Viacom International Inc. ("Viacom International"), by and through its undersigned counsel, hereby moves (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the time for notice to allow the *Motion of Viacom International Inc. Pursuant to Sections 362(d) and 553 of the Bankruptcy Code for Relief from the Stay to Effectuate Setoff* (the "Motion for Relief from Stay")[2] to be considered at the hearing scheduled for **November 9, 2018 at 10:00 a.m. (ET)** (the "Sale Hearing"). In support of this Motion to Shorten, Viacom International respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

[2] Capitalized but undefined terms used in this Motion to Shorten shall have the meaning ascribed to them in the Motion for Relief from Stay.

**JURISDICTION**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2.  The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**BACKGROUND**

A.  **The Chapter 11 Cases**

3.  On September 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

4.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

5.  On September 14, 2018, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Cases [D.I. 72].

6.  The factual background relating to the Debtors and the commencement of these Cases is set forth in the Declaration of Amir Agam in Support of First Day Motions (the "First Day Declaration") [D.I. 7].

B.  **The Sale Process**

7.  On September 6, 2018, the Debtors filed the *Motion for Orders (A)(I) Establishing Bid and Sale Procedures Relating to the Sale of Substantially All of the Debtors'*

*Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(II) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief* (the "Sale Motion") [D.I. 9].

8. On October 1, 2018, the Debtors filed the *Notice of Filing of (I) Proposed Sale Order and (II) Proposed Form APA* [D.I. 124].

9. On October 2, 2018, the Court entered the *Order: (1) Approving Bid and Sale Procedures, (2) Approving Assumption, Assignment and Cure Procedures and Related Notices, (3) Establishing Date for Auction and Approving Related Procedures, (4) Scheduling the Sale Hearing and Related Deadlines, and (5) Granting Related Relief* (the "Bid Procedure Order") [D.I. 160].

10. Pursuant to the Bid Procedure Order, the Sale Hearing is presently set for **November 9, 2018 at 10:00 a.m. (ET)**.

C. **The Unpaid Advertising**

11. Viacom International is a global media company. It operates primarily through its Viacom Media Networks division ("VMN"), which provides high-quality entertainment content, services and related branded products for consumers in targeted demographics attractive to advertisers, content distributors and retailers. VMN's key brands are Nickelodeon, Nick Jr., MTV, BET, Comedy Central and The Paramount Network f/k/a Spike TV.

12.  Prior to the Petition Date, Viacom International provided Open Road Films certain linear and digital advertising related to films of Open Road Films ("Advertising"). As of the Petition Date, Open Road Films owes Viacom International more than $6 million in unpaid fees on account of the Advertising.

13.  Prior to the Petition Date, Open Road Films and Viacom International were parties to the Viacom License Agreements pursuant to which Viacom licensed certain content from Open Road Films for air on Viacom International's television stations. Viacom International is currently withholding three pre-petition payments in the amount of $323,490 that were due to Open Road Films under two of the Viacom License Agreements in order to preserve its setoff rights against Open Road Films.

14.  In general, the Motion for Relief from Stay requests that this Court grant Viacom International relief from the automatic stay to permit Viacom International to effectuate its setoff rights against Open Road Films prior to the closing of any sale. Additional factual background supporting this Motion to Shorten is more fully set forth in the Motion for Relief from Stay filed contemporaneously herewith and fully incorporated herein by reference.

15.  In light of the scheduled Sale Hearing and the impact the closing of any sale would have on Viacom International's rights, Viacom International respectfully requests that this Court set the Motion for Stay Relief for the Sale Hearing in connection with the Sale Motion.

**RELIEF REQUESTED**

16.  By this Motion to Shorten, Viacom International respectfully requests that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Motion for Relief from Stay; (ii) scheduling the Motion for Relief from Stay to be heard on **November 9, 2018 at 10:00 a.m. (ET)** in connection with the Sale Motion;

(iii) requiring objections, if any, to the Motion for Relief from Stay to be filed on or before **November 7, 2018 at 4:00 p.m. (ET)**; and (iv) granting such other relief as may be just and proper.

## BASIS FOR RELIEF REQUESTED

17. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

18. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

19. Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

20. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

21.     Viacom International respectfully submits that allowing the relief requested in the Motion for Relief from Stay to be considered on an expedited basis is reasonable and appropriate under the circumstances.  As described more fully in the Motion for Relief from Stay and Viacom International's limited objection to the Sale Motion, the Sale Motion seeks to sell the Debtors' assets free and clear of Viacom International's setoff rights.  Viacom International does not consent to the sale of the Viacom License Agreements free and clear of its setoff rights, and the Debtors have not made a showing that they are able to satisfy any of the other provisions of Section 363(f) of the Bankruptcy Code.  However, if the Court were to determine that the Debtors may sell the Viacom License Agreements free and clear of Viacom International's setoff rights, it is entitled to adequate protection.  The only way that Viacom International can be adequately protected is if it is entitled to exercise its setoff rights before any sale is closed.  Viacom International's Motion for Relief from Stay should be considered in connection with the Sale Motion because approval of the Sale Motion prior to determination of the Motion for Relief from Stay could result in a forfeiture of Viacom International's rights of setoff.

22.     For these reasons, Viacom International respectfully submits that allowing the Motion for Relief from Stay to be considered on shortened notice is reasonable and appropriate under the circumstances.

## **NOTICE**

23.     Notice of this Motion to Shorten has been provided to: (i) the Office of the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Committee; (iv) counsel to the Stalking Horse Bidder; (v) counsel to the Debtors' Pre-Petition Secured Lenders; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the

relief requested, Viacom International submits that no other or further notice is necessary or need be given.

## **CONCLUSION**

WHEREFORE, Viacom International respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Motion for Relief from Stay; (ii) scheduling the Motion for Relief from Stay to be heard on **November 9, 2018 at 10:00 a.m. (ET)** in connection with the Sale Motion; (iii) requiring objections, if any, to the Motion for Relief from Stay to be filed on or before **November 7, 2018 at 4:00 p.m. (ET)**; and (iv) granting such other relief as may be just and proper.

Dated: Wilmington, Delaware  
   November 2, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*  
Derek C. Abbott (No. 3376)  
Matthew B. Harvey (No. 5186)  
1201 North Market Street, 16th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989  
Email: dabbott@mnat.com  
   mharvey@mnat.com

-and-

LUSKIN, STERN & EISLER LLP  
Richard Stern  
Stephan E. Hornung  
Eleven Times Square  
New York, New York 10036  
Telephone: (212) 597-8200  
Facsimile: (212) 974-3205  
Email: luskin@lsellp.com  
stern@lsellp.com  
hornung@lsellp.com  
*Counsel for Viacom International Inc.*