**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OPEN ROAD FILMS, LLC, a Delaware | ) | Case No. 18-12012 (LSS) |
| limited liability company, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date**: |
| | ) | **November 9, 2018 at 10:00 a.m. (ET)** |
| | ) | |
| | ) | **Objection Deadline**: |
| | ) | **At or before the Hearing Date** |
| | ) | |
| _____ | ) | **Re: Docket Nos. 9, 166, 256 & 316** |

**MOTION OF SHOWTIME NETWORKS INC. FOR ENTRY**
**OF AN ORDER AUTHORIZING SHOWTIME NETWORKS INC.**
**TO FILE UNDER SEAL THE LIMITED OBJECTION AND RESERVATION OF**
**RIGHTS OF SHOWTIME NETWORKS INC. TO PROPOSED SALE FREE AND**
**CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Showtime Networks Inc. ("**Showtime**") hereby submits this motion (the "**Motion to Seal**") for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing Showtime to file under seal certain portions of Exhibit A of the *Limited Objection and Reservation of Rights of Showtime Networks Inc. to Proposed Sale Free and Clear of All Liens, Claims, Encumbrances and Other Interests* (the "**Limited Objection**"). In support of the Motion to Seal, Showtime respectfully states as follows:

**Background**

1.      On September 6, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On information and

---

[1]      The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

belief, the Debtors continue to operate their businesses as a debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.      On the Petition Date, the Debtors filed their Motion for Orders: (A) (I) Establishing Bid and Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into an Asset Purchase Agreement With Stalking Horse Bidder, (III) Establishing and Approving Procedures Relating to the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts and (IV) Scheduling a Hearing to Consider the Proposed Sale and (B)(I) Approving the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief [Docket No. 9] (the "**Sale Motion**").

3.      On October 9, 2018, the Court entered the Order: (1) Approving Bid and Sale Procedures, (2) Approving Assumption, Assignment and Cure Procedures and Related Notices, (3) Establishing Date for Auction and Approving Related Procedures, (4) Scheduling the Sale Hearing and Related Deadlines, and (5) Granting Related Relief [Docket No. 160].

4.      On October 31, 2018, the Debtors filed their Notice of Filing of Proposed Stalking Horse Sale Order, Exhibit A to which is the Debtors' revised proposed Order (1) Approving Asset Purchase Agreement Among the Debtors and the Buyer, (2) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), etc.  (Docket 256-1— herein "**the Proposed Sale Order**").

5.      Showtime is a party to several agreements with the Debtor Open Road Films, LLC ("**Open Road Films**"), consisting of an Exclusive Theatrical Output Agreement (a

copy of which is attached as Exhibit A to the Limited Objection) and various amendments or related agreements (collectively "**the Showtime Agreements**"),[2] which include the licensing to Showtime of broadcast and/or distribution rights for certain of the Debtors' motion pictures. Showtime has paid the Debtors over $36,000,000 under the Showtime Agreements, including over $1,000,000 since these bankruptcy cases were filed a few months ago.

6.      As detailed in the Limited Objection, Showtime objects to the Proposed Sale, Sale Motion and Proposed Sale Order only to the extent that they seek to sell Debtors' assets free and clear of Showtime's rights under 11 U.S.C. § 365(n) if the Showtime Agreements are ultimately rejected.  The Exclusive Theatrical Output Agreement attached as Exhibit A to the Limited Objection contains confidential commercial information.

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[2]      Each of the Showtime Agreements is listed in the Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 172] or Schedule of Contracts with Amended Cure Amounts [Docket No. 248].

8.      Pursuant to Rule 9013-1(f) of the Local Rules, the Showtime consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

9.      In order to prevent the disclosure of the confidential commercial information, Showtime requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing it to file Exhibit A of the Limited Objection under seal and directing that the exhibit shall remain under seal, confidential, and not made available to anyone, except for (i) the Court, (ii) the U.S. Trustee, (iii) counsel for the Debtors, and (iv) any person or entities upon consent of Showtime.

## Basis for Relief

10.     Section 107(b) requires the Court to protect confidential commercial information from public disclosure.  11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .").  Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

11.     Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and

- 4 -

significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

12.     Rather, a party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing*, 295 B.R. at 725.

13.     Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal because Exhibit X of the Exclusive Theatrical Output Agreement attached to the Limited Objection contains confidential pricing information. The disclosure of such information may potentially allow competitors to capitalize on Showtime's business efforts and strategies. Therefore, Showtime submits that good cause exists for the Court to grant the relief requested in this Motion to Seal.

## Notice

14.     Notice of this Motion has been provided to the following parties: (i) the Debtors; (ii) the Office of the United States Trustee; (iii) the Committee; and (iv) all parties

requesting notice pursuant to Bankruptcy Rule 2002.  Showtime submits that, in light of the

nature of the relief requested, no other or further notice need be given.


      WHEREFORE, for the reasons set forth herein, Showtime respectfully requests

that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such

other and further relief as is just and proper.

Dated:   November 6, 2018
           Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Derek C. Abbott*

Derek C. Abbott (No. 3376)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:   (302) 658-9200
Fax:       (302) 658-3989
E-mail:     dabbott@mnat.com