**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware Limited Liability Company, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12012 (LSS)<br>(Jointly Administered) |

**ENDGAMES' MOTION TO FILE UNDER SEAL
CERTAIN EXHIBITS TO THE DECLARATION OF JAMES D. STERN
IN SUPPORT OF ENDGAMES' OBJECTION TO THE SALE MOTION**

Endgame Releasing Co., LLC, Endgame Releasing Funding, LLC (collectively, "Endgame") hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Endgame to file under seal certain exhibits (the "Confidential Exhibits") appended to the *Declaration of James D. Stern in Support of Endgames' Objection to Debtors' Motion for an Order (I) Approving the Sale of Substantially all of the Debtors' Assets and (II) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases* (the "Stern Declaration"). In support of this Motion, Endgame respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. Endgame provides financing to a variety of film, television, and live stage productions across a wide range of genres through major studios and independent distributors. Since 2012, Endgame has provided Prints and Advertising Financing ("P&A Financing") pursuant to certain financing agreements (the "P&A Agreements"), intercreditor agreements (the "Intercreditor Agreements"), interparty agreements (the "Interparty Agreements"), and other agreements in connection with various motion pictures distributed by debtor Open Road Films, LLC ("ORF", and together with affiliated debtors in the above-captioned bankruptcy cases, collectively referred to as the "Debtors") including *Snowden*, *The Nut Job*, *Jobs*, *Side Effects*, *A Haunted House*, *A Haunted House 2*, *The Gunman*, *Homefront* (the "Endgame Pictures").

3. The Debtors distribute the Pictures pursuant to licenses granted under distribution agreements (the "Distribution Agreements" and, together with the P&A Agreements, Intercreditor Agreements, Interparty Agreements, and related agreements, the "Endgame Documents") entered into between ORF and certain non-debtor producers (the "Producers") of the Endgame Pictures.

4. The Endgame Documents contain confidentiality provisions that prohibit Endgame from disclosing certain confidential information concerning the parties to the Endgame Documents. In addition, the Endgame Documents detail commercially sensitive information concerning Endgame, the Debtors, and third-party Producers.

5. On September 6, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On the Petition Date, the Debtors filed a motion [Doc. 9] (the "Sale Motion"), seeking, among other things, authority to sell substantially all of the Debtors' assets and assume and assign certain executory contracts and unexpired leases.

7.      Concurrently herewith, Endgame has filed an objection (the "Objection") to the Sale Motion. Endgame filed the Stern Declaration to place before the Court evidence in support the Objection. The Confidential Exhibits attached to the Stern Declaration include copies of the Endgame Documents. While essential to support Endgames' arguments in the Objection, Endgame is mindful of the confidentiality provisions in the Confidential Exhibits.

8.      Contemporaneously with the filing of this Motion, Endgame has filed the Stern Declaration and appended thereto are sealed versions of the Confidential Exhibits.

## RELIEF REQUESTED

9.      By this Motion, pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1 of the Local Rules, Endgame respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing Endgame to file unredacted copies of the Confidential Exhibits under seal.

## BASIS FOR RELIEF REQUESTED

10.     Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize Endgame to file the Confidential Exhibits under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018.

12. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Courts in this district have defined commercial information as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr D Del. 2006) (quoting *Orion Pictures Corp.*).

13. Sufficient cause exists here for the Court to grant the relief requested. As set forth above, pursuant to the confidentiality provisions in the Endgame Documents, the Confidential

Exhibits contain either trade secrets, confidential, proprietary or commercially sensitive information, information that is believed to unreasonably invade the privacy of any individual, or information that could cause injury to a person or entity's business or reputation. The Confidential Exhibits consist of documents that merit protection under section 107(b)(1) of the Bankruptcy Code and are required to be filed under seal.

14. Accordingly, Endgame respectfully submits that the Court should allow the Confidential Exhibits to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code.

15. For the foregoing reasons, Endgame respectfully requests that the Court permit Endgame to file the unredacted Confidential Exhibits under seal.[1]

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE OF MOTION

17. As of the date of this Motion, no trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion shall be provided to (i) the Debtors, (ii) the notice parties required to receive service of the Objection, and (iii) the Endgame Document counterparties. Under the circumstances, Endgame respectfully submits that no other or further notice is necessary.

## CONCLUSION

18. WHEREFORE, Endgame respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

---

[1] Although Endgame is informed and believes that the Debtors similarly have unredacted versions of the Endgame Documents, Endgame will make such documents available upon request by the Debtors.

Dated: November 6, 2018  
Wilmington, Delaware

VENABLE LLP

*/s/ Jamie L. Edmonson*  
Jamie L. Edmonson (DE Bar No. 4247)  
Daniel A. O'Brien (DE Bar No. 4897)  
1201 North Market Street, Suite 1400  
Wilmington, DE 19801  
Tel: 302.298.3535  
Fax: 302.298.3550  
jledmonson@venable.com  
daobrien@venable.com

and

Keith C. Owens (admitted *pro hac vice*)  
2049 Century Park East, 23rd Floor  
Los Angeles, CA 90067  
Tel: 310.229.9900  
Fax: 310.229.9901  
kowens@venable.com

*Attorneys for Endgame Releasing Co., LLC*  
and *Endgame Releasing Funding, LLC*