**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

OPEN ROAD FILMS, LLC, et al.,                    CASE NO.    18-12012-LSS

    Debtors.                                              Chapter 11

_____/

### SOUS CHEF, LLC'S SUPPLEMENT TO OBJECTION TO PROPOSED CURE AMOUNT AND REQUEST FOR ADJOURNMENT OF HEARING THEREON

Sous Chef, LLC, ("Sous Chef"), by and through undersigned counsel, hereby supplements its previously filed Objection [Docket No. 282] to the Debtors' *Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 172] and the *Schedule of Amended Cures* [Docket No. 248] (collectively, the "Cure Notices") and requests that the Court adjourn the hearing currently scheduled for November 21, 2018 as it relates to the Sous Chef cure dispute.  In support hereof, Sous Chef respectfully represents as follows:

### BACKGROUND

    1.    On September 6, 2018 ("Petition Date"), the above-captioned debtors ("Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code  ("Bankruptcy Code").

    2.    On the Petition Date, Debtors filed a motion ("Sale Motion") seeking this Court's approval of the sale of substantially all of their assets ("Sale") and related bid procedures.  The Court has already  entered orders approving, and amending, bid procedures relating to the Sale.  A hearing on the Sale Motion is currently scheduled for November 21st.

    3.    Sous Chef and the Debtors are parties to a Distribution Rights Acquisition Agreement dated May 20, 2013 and an Amendment No. 1 to Agreement

dated February 14, 2014 (collectively, the "Distribution Agreement"). The Cure Notices identify the Distribution Agreement as a contract potentially to be assumed and assigned to the buyer under the Sale. The deadline for the Debtors to identify whether the film which is the subject of the Distribution Agreement will be added to Schedule 1.1(b) of the asset purchase agreement has been extended to November 19th at 5:00 p.m. The Cure Notices list a cure amount of $108,512.00 in connection with the Distribution Agreement.

4. In its earlier Objection, Sous Chef objected to the cure amount set forth in the Cure Notices and stated that the actual amount necessary to cure the Distribution Agreement is $7,500,000.00.

5. As noted in the Objection, prior to the Petition Date, and in accordance with the terms of the Distribution Agreement, Sous Chef demanded arbitration to determine Sous Chef's claims of breach of contract, negligence and fraud against the Debtors.

6. Also in accordance with the arbitration terms of the Distribution Agreement, Sous Chef instituted the arbitration proceedings with JAMS. JAMS assigned the case Reference Number 1460004689 but Debtors commenced these bankruptcy cases prior to any hearing before JAMS.

7. The Debtors recently provided Sous Chef with their internal backup supporting the Debtors' proposed cure amount. However, as set forth in the arbitration proceedings, Sous Chef's breach of contract and other claims cast doubt on the veracity of the underling information provided.

8. It appears from the agenda filed for the November 21st hearing that the

Debtors intend to "go forward" with all cure disputes, including the Sous Chef cure dispute. Sous Chef respectfully requests that the Court adjourn any hearing on the Sous Chef cure dispute to a later date.

9. As an initial matter, the determination of Sous Chef's claims under the Distribution Agreement is subject to a binding arbitration clause. Even if this Court were the proper forum to adjudicate the issues, a reasonable period for discovery must be allowed prior to any hearing on this contested matter.

10. Moreover, Sous Chef's principal and its general counsel both reside in southern California and were directly impacted by the wildfires currently sowing devastation in the area. Both were subject to mandatory evacuations and have been understandably preoccupied with that situation over the past week. Neither is able to attend the hearing on the 21st. But even if they could, absent discovery, the Court will not be in a position to make a determination on the proper cure amount.

11. Accordingly, the hearing on the cure dispute with respect to the Distribution Agreement should be adjourned to a later date following the conclusion of discovery.

12. Sous Chef reserves all rights, remedies, claims and defenses in connection with the Distribution Agreement, the Sale and the Cure Notices.

WHEREFOR, Sous Chef respectfully requests that the Court (i) adjourn the hearing on the Sous Chef cure dispute to a later date, (ii) enter a discovery scheduling order, and (iii) grant such other and further relief as the Court deems to be just and equitable.

Dated: November 19, 2018

/s/ Mary F. Caloway
Buchanan Ingersoll & Rooney PC
Mary F. Caloway (No. 3059)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801-3046
Telephone: (302) 552-4200
Mary.caloway@bipc.com

Counsel for Sous Chef, LLC