# EXHIBIT B

## Summary Chart of Sale Objections and Assumption Objections

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 1 | 247 | mOcean Pictures, LLC | • None. | • Objection to Cure Amount.<br>• Objection to adequate assurance. | The Assumption Objection relates to an Excluded Contract. The Court should therefore overrule the Assumption Objection as moot. The objection as to adequate assurance was withdrawn. |
| 2 | 262 | FilmNation International, LLC | • None. | • Objection to Cure Amount.<br>• Reservation of right to object to adequate assurance. | The Assumption Objection relates to a contract currently scheduled as an Excluded Contract.<br><br>If the underlying contract is designated to be assumed prior to the expiration of the Designation Cut Off Date, then the parties will seek to resolve consensually the Disputed Cure Amount or otherwise the Court shall determine the Cure Amount and any related issues after the Sale Hearing. |
| 3 | 264 | Stampede Post Productions, Inc. | • None. | • Objection to Cure Amount.<br>• Reservation of right to object to adequate assurance. | The Assumption Objection relates to an Assumed Contract. The Debtors and the Buyer are working to resolve the Assumption Objection. If the parties are unable to reach a consensual resolution, the Court should determine the Cure Amount and any related issues after the Sale Hearing. |
| 4 | 265 | BLT Communications, LLC | • None. | • Objection to Cure Amount. | The Assumption Objection relates to an Excluded Contract. The Court should therefore overrule the Assumption Objection as moot. |

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 5 | 270 | American Multi-Cinema, Inc. | • None. | • Objection to Cure Amount.<br>• Request that Sale Order provide that assignee takes Contract subject to all of its terms and conditions.<br>• Reservation of right to object to adequate assurance. | The Assumption Objection relates to an Excluded Contract.  The Court should therefore overrule the Assumption Objection as moot. |
| 6 | 272 | SCORPIONS GBR | • None. | • None. | The Debtors do not believe this response constitutes an objection.  The response relates to an Excluded Contract.  If necessary, the Court should therefore overrule the response as moot. |
| 7 | 273 | Universal Studios Home Entertainment LLC | • None. | • None, provided the assignee understands the Contract does not include the draft eighth amendment.<br>• Reservation of right to future scheduled accounting for AXL and Hotel Artemis to determine amounts due as a result of the accommodation described in Assumption Objection. | The draft eighth amendment is not an Assumed Contract.  The Debtors therefore do not believe this response constitutes an Assumption Objection.  If necessary, the Court should overrule the response. |
| 8 | 275 | Google LLC f/k/a Google Inc. | • None. | • Objection to Cure Amount. | The Assumption Objection relates to an Excluded Contract.  The Court should therefore overrule the Assumption Objection as moot. |
| 9 | 276 | Veritas Technologies LLC | • None. | • Objection to Cure Amount. | The Assumption Objection relates to an Excluded Contract.  The Court should therefore overrule the Assumption Objection as moot. |

2

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 10 | 279 | Studiocanal S.A.S. | • None. | • Reservation of right to object to Cure Amount to the extent estimates are inaccurate.<br>• Objection to adequate assurance.<br>• Reservation of right to obtain accountings and undertake audits to determine amounts owing.<br>• Objection to assumption and assignment of Contract without assumption and assignment of any sub-licenses related to the applicable film title. | The Assumption Objection relates to an Assumed Contract. The Debtors and the Buyer will permit a post-closing audit (to the extent available under the Assumed Contract) with respect to the postpetition portion of the Cure Amount and, if warranted as a result of such audit, will permit adjustment of the postpetition portion of the Cure Amount only. The Debtors understand that the Buyer is assuming sub-licenses related to the applicable film title. The Debtors believe this should resolve the Assumption Objection. If necessary, the Court should overrule the remainder of the Assumption Objection. |
| 11 | 280 | Universal Music Enterprises; Universal Music Corp.; Songs of Universal, Inc.; and Universal Tunes | • Request that Sale Order provide that Purchased Assets that relate to intellectual property not be transferred free and clear of the claims of the licensor of such intellectual property if the underlying license with respect to such intellectual property has not been assumed and assigned. | • Reservation of right to object if there are any changes to the Cure Amounts.<br>• Reservation of right to object to adequate assurance. | Inclusion of the counterparties' Contracts as Assumed Contracts resolves the Sale Objection. The Debtors do not believe the response otherwise constitutes an objection. If necessary, the Court should overrule the response. |
| 12 | 282 | Sous Chef, LLC | • None. | • Objection to Cure Amount. | The Assumption Objection relates to an Assumed Contract. The Court should overrule the Assumption Objection on the merits for the reasons set forth in the body of the Reply. |

3

|    | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|----|----------|-----------------|----------------|----------------------|--------|
| 13 | 283 & 285 | The Film Musicians Secondary Markets Fund | • Objection to ¶ 6 of Sale Order as it will prejudice rights regarding Assumption Objection if Assumption Objection not resolved before entry of Sale Order. | • Objection to Cure Amount.<br>• Objection to Debtors' position that The Film Musicians Secondary Markets Fund is not an applicable guild for the title *Machete Kills*. | The Assumption Objection relates to an Assumed Contract. The Debtors have agreed that The Film Musicians Secondary Markets Fund shall be treated as an applicable guild for purposes of the Cure Amount and the parties have agreed to a revised Cure Amount. The Debtors and the Buyer will permit a post-closing audit (to the extent available under the Assumed Contract) with respect to the postpetition portion of the Cure Amount and, if warranted as a result of such audit, will permit adjustment of the postpetition portion of the Cure Amount only. The Debtors believe this should resolve the Assumption Objection and the Sale Objection. If necessary, the Court should overrule the remainder of the Assumption Objection and the Sale Objection. |

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 14 | 284 | Silver Reel Entertainment Mezzanine Fund, L.P. and The Host Film Holdings, LLC | • Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f). | • Objection to Cure Amount.<br>• Reservation of right to object to adequate assurance. | The Assumption Objection relates to an Assumed Contract. The Court should overrule the Assumption Objection on the merits for the reasons set forth in the body of the Reply. The Court should overrule the Sale Objection with respect to Bankruptcy Code § 363(f) on the merits for the reasons set forth in the body of the Reply. |
| 15 | 286 | Fox 2000 Pictures | • Objection to assumption and assignment of Contract without assumption and assignment of related Partial Lien Release and Payment Agreement. | • Objection to assumption and assignment of Contract without (i) assumption and assignment of related Partial Lien Release and Payment Agreement, (ii) provision of certain statements, and (iii) payment of any Cure Amount owing under Partial Lien Release and Payment Agreement.<br>• Reservation of right to obtain accountings and undertake audits to determine amounts owing.<br>• Reservation of right to object to adequate assurance. | The Debtors will assume and assign the Partial Lien Release and Payment Agreement. For the avoidance of doubt, the Debtors believe that no amounts are owing to the counterparty pursuant to the Partial Lien Release and Payment Agreement because the required notices triggering any such payments were never delivered to the Debtors. |

5

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 16 | 287 | BBG Home Again LLC | • None. | • Objection to Cure Amount.<br>• Request for reconciliation and payment of certain residual amounts to applicable Guilds.<br>• Request for execution and delivery to applicable Guilds of distributor assumption agreements.<br>• Reservation of right to obtain accountings and undertake audits to determine amounts owing.<br>• Reservation of right to object to adequate assurance. | The Buyer and BBG Home Again LLC have reached a consensual agreement that resolves the Objection. |
| 17 | 288 | All I See Partners 2015, L.P. | • Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f).<br>• Request for return of unused portion of P&A account (in the amount of $143,472.41) as such funds are not property of the Debtors' estates.<br>• Assertion that $27,740 of the P&A funds were improperly spent in April and June 2018. | • Objection to Cure Amount.<br>• Request for return of unused portion of P&A account (in the amount of $143,472.41) as condition to assumption and assignment of Contract.<br>• Request for audit as condition to assumption and assignment of Contract.<br>• Reservation of right to object to adequate assurance. | The Assumption Objection relates to an Assumed Contract. The Debtors will return the unused portion of the P&A account in an amount to be determined. If the parties are unable to reach a consensual resolution, the Court should determine the Cure Amount and any related issues after the Sale Hearing. The Court should overrule the Sale Objection with respect to Bankruptcy Code § 363(f) on the merits for the reasons set forth in the body of the Reply. |

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 18 | 290 | Lakeshore Entertainment Productions LLC and Lakeshore Entertainment Group LLC | • None. | • Objection to Cure Amount.<br>• Request that Sale Order provide that assignee takes Contract subject to all of its terms and conditions.<br>• Objection to adequate assurance. | The Assumption Objection relates to a contract currently scheduled as an Excluded Contract.<br><br>If the contract is designated to be assumed prior to the expiration of the Designation Cut Off Date, then the parties will have resolved any issues Lakeshore raised in its Objections. |
| 19 | 293 & 334 | Endgame Releasing Co., LLC; Endgame Releasing Funding, LLC; and Happy Pill Distribution, LLC | • Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f).<br>• Objection to disbursement of funds directly to producers inconsistent with applicable interparty agreements.<br>• Objection to impairment of Endgame's rights against the Debtors or non-debtor parties or in collateral that is not property of the Debtors' estate.<br>• Objection to failure to allocate purchase price. | • Objection to assumption and assignment of Contract without assumption and assignment of related P&A agreements, interparty agreements, intercreditor agreements, and other documents.<br>• Reservation of right to object to Cure Amount.<br>• Objection to adequate assurance. | The Buyer and Endgame have reached an agreement in principle to resolve this Objection. |

7

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 20 | 295 & 353 | Viacom International Inc.; Awesomeness Distribution, LLC; Paramount Pictures Corp. | • Objection to the extent the Sale Order proposes to cut off audit rights.<br>• Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f).<br>• 365(n) rights should be preserved.<br>• Setoff rights must be preserved. | • Request for accounting of Cure Amount.<br>• Objection to assumption and assignment of Contract without assumption and assignment of related Partial Lien Release and Payment Agreement.<br>• Notice of Consent and Irrevocable Assignment with Paramount Pictures Corp. is unexecuted and cannot be assumed and assigned.<br>• Reservation of right to object on the basis that Buyer cannot fully perform under Contracts to the extent it does not obtain rights to any films licensed under Contracts. | See the response at row 15 with respect to the Partial Lien Release and Payment Agreement. The Notice of Consent and Irrevocable Assignment is no longer an Assumed Contract. The Assumption Objection otherwise relates to an Assumed Contract. The Debtors and the Buyer will permit a post-closing audit (to the extent available under the Assumed Contract) with respect to the postpetition portion of the Cure Amount and, if warranted as a result of such audit, will permit adjustment of the postpetition portion of the Cure Amount only. The Debtors believe this should resolve the Assumption Objection and the Sale Objection as the latter relates to audit rights. If necessary, the Court should overrule the remainder of the Assumption Objection. The Court should overrule the Sale Objection with respect to Bankruptcy Code § 363(f) on the merits for the reasons set forth in the body of the Reply. |

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 21 | 305 & 347 | Showtime Networks, Inc. | • Objection regarding Bankruptcy Code § 365(n) rights. | • Reservation of right to object on the basis that Buyer cannot fully perform under Contracts to the extent it does not obtain rights to any films licensed under Contracts. | The revised form of Sale Order includes language that resolves the Sale Objection with respect to the § 365(n) issue. |
| 22 | 307 | Entertainment One; Promise Acquisitions | • Objection to the extent the Sale Order proposes to cut off audit rights.<br>• Objection regarding Bankruptcy Code § 365(n) rights.<br>• Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f). | • Request that Sale Order provide that assignee takes Contract subject to all of its terms and conditions, including rights to adjustments and refunds. | The revised the form of Sale Order includes language that resolves the Sale Objection with respect to the § 365(n) issue.<br><br>The Court should overrule the Sale Objection with respect to Bankruptcy Code § 363(f) on the merits for the reasons set forth in the body of the Reply.<br><br>All matters related to Promise Acquisition have been settled between Buyer and Promise Acquisition.<br><br>Entertainment One has proposed additional Sale Order language to resolve the balance of its Objection that remains under review by the Buyer and Debtors. |

9

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 23 | 310 | Turner Entertainment Networks, Inc. | • Objection regarding ability to sell intellectual property free and clear of license rights pursuant to Bankruptcy Code § 363(f).<br>• Objection regarding Bankruptcy Code § 365(n) rights.<br>• Alternative request that Sale be condition on provision of adequate protection pursuant to Bankruptcy Code § 363(e). | • None. | The revised form of Sale Order includes language that resolves the Sale Objection in its entirety. |
| 24 | 319 & 320 | The Directors Guild of America, Inc.; the Screen Actors Guild-American Federation of Television and Radio Artists; the Writers Guild of America, West, Inc.; Motion Picture Industry Pension and Health Plans | • Reservation of all rights in connection with the Motion, the Sale Order, the APA, and any related filing. | • Objection to Cure Amount.<br>• Objection to Debtors' assertions of the nonexistence of certain assumption agreements.<br>• Objection to implication that the Debtors are not liable for residuals in respect of titles for which no Debtor is subject to an assumption agreement. | The Buyer intends to enter into amended assumption agreements. The Debtors and the Buyer are working to resolve the Assumption Objection. If the parties are unable to reach a consensual resolution, the Court should determine the Cure Amount and any related issues after the Sale Hearing. |
| 25 | 293 & 333 | Happy Pill Distribution, LLC | • Objection to the extent ¶ 6 of the Sale Order proposes to cut off audit or other contractual rights related to participations.<br>• Reservation of right to object to the Sale. | • Reservation of right to object to Cure Amount.<br>• Reservation of right to request or continue an audit or to request an accounting or discovery regarding Cure Amount.<br>• Objection to adequate assurance. | The Buyer and the Objector have reached an agreement in principle to resolve the Objection. |

10

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 26 | 338 | Spotlight Film, LLC; Participant Media | • Objection to the extent the Sale Order proposes to cut off audit rights.<br>• Objection to ability to sell free and clear of security interest pursuant to Bankruptcy Code § 363(f). | • Objection to Cure Amount.<br>• Objection to adequate assurance. | The Assumption Objection relates to an Assumed Contract. The Assumption Objection as to adequate assurance should be overruled on the merits for the reasons set forth in the body of the Reply. The parties are working to resolve the Cure Amount objection. If the parties are unable to reach a consensual resolution, the Court should determine the Cure Amount and any related issues after the Sale Hearing. The Court should overrule the Sale Objection with respect to Bankruptcy Code § 363(f) on the merits for the reasons set forth in the body of the Reply. |

11

| | Dkt. No. | Objecting Party | Sale Objection | Assumption Objection | Status |
|---|---|---|---|---|---|
| 27 | 344 | Redrover Co., Ltd. | • Request for return of unused portion of P&A account for Spark (in the amount of $400,205.64). | • Objection to the extent Cure Amounts are comprised of estimates or projections and request that Cure Amounts be subject to subsequent audit.<br>• Objection to assumption and assignment of Contract without assumption and assignment of sub-licenses/sub-distribution agreements related to the applicable film titles.<br>• Objection to Cure Amount. | The Assumption Objection relates to Assumed Contracts. The Debtors and the Buyer will permit a post-closing audit (to the extent available under the Assumed Contracts) with respect to the postpetition portion of the Cure Amounts and, if warranted as a result of such audit, will permit adjustment of the postpetition portion of the Cure Amounts only. The Debtors understand that the Buyer is assuming sub-licenses/sub-distribution agreements related to the applicable film titles. The Debtors believe this should resolve the Assumption Objection. The Debtors have agreed to return of the unused portion of the P&A account for Spark. |