# **EXHIBIT 1**

**Proposed Second Amendment to Stalking Horse APA**

# SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT

THIS SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT is entered into as of December 19, 2018 (this "Amendment"), by and among (a) Open Road Films, LLC, a Delaware limited liability company ("Open Road"), Open Road Releasing, LLC, a Delaware limited liability company, OR Productions, LLC, a Delaware limited liability company, Briarcliff LLC, a Delaware limited liability company, Open Road International LLC, a Delaware limited liability company, Empire Productions LLC, a Delaware limited liability company (the parties in this clause (a), each, a "Seller Party" and, collectively, the "Seller Parties"), and (b) OR Acquisition Co, LLC, a Delaware limited liability company ("Buyer"). Each of the foregoing may be referred to herein as a "Party" and collectively as the "Parties".

## BACKGROUND

A. Buyer and the Seller Parties are parties to that certain Asset Purchase Agreement, dated as of October 23, 2018, as amended by that certain First Amendment to Asset Purchase Agreement, dated as of November 30, 2018 (the "Asset Purchase Agreement").

B. Buyer and the Seller Parties desire to amend the Asset Purchase Agreement on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

Section 1. Definitions. Capitalized terms used but not otherwise defined herein shall have the meanings assigned thereto in the Asset Purchase Agreement.

Section 2. Amendments to Asset Purchase Agreement. The Parties hereby agree to amend the Asset Purchase Agreement as follows:

(a) The definition of "Closing P&R Cure Payment Deduction Amount" in Section 1.1 of the Asset Purchase Agreement is hereby deleted in its entirety and the following substituted therefor:

"Closing P&R Cure Payment Deduction Amount" means $851,696.

(b) The definition of "Other Post-Closing Adjustment Costs" in Section 1.1 of the Asset Purchase Agreement is hereby deleted in its entirety and the following substituted therefor:

"Other Post-Closing Adjustment Costs" means, without duplication, (a) any Transaction Costs that are paid by Buyer, other than Transaction Costs that are deducted from the Closing Payment to Open Road, (b) all obligations arising from claims brought against Buyer after the Closing Date for Participations or Guild Residuals under any Assumed Contract in respect of periods prior to July 31, 2018 to the extent such obligations (i) arise from any audit initiated or conducted before or after the Closing Date and (ii) cause Buyer's aggregate payments under this

173172.7

Agreement for Participations or Guild Residuals under such Assumed Contract in respect of periods prior to July 31, 2018 (excluding any amounts reflected in clause (b) of the definition of Closing P&R Cure Payment Deduction Amount) to exceed the P&R Cure Amount estimated for such Assumed Contract on Schedule 1.1(a), (c) any damages resulting from the Seller Parties' failure to list a contract in Schedule 1.1(e) and/or Section 3.6 of the Disclosure Schedules (other than any contract listed on Schedule 10.3) required for the Exploitation of the Purchased Titles after the Closing that, because of such contract not being so listed and designated by Buyer as an Assumed Contract, adversely impacts the Buyer's ability to fully Exploit any portion of the Title Rights after the Closing, and (d) all Non-P&R Cure Amounts relating to any Assumed Contract reflected on Schedule 1.1(e) actually paid by Buyer (whether at the Closing or thereafter), other than Non-P&R Cure Amounts reflected on Schedule 1.1(e) that are included in the Cure Reduction Amount.

(c)  The definition of "P&R Cap" in Section 1.1 of the Asset Purchase Agreement is hereby deleted in its entirety.

(d)  The following defined terms shall be added in alphabetical order to Section 1.1 of the Asset Purchase Agreement:

"Employee Reimbursement Amount" means an amount in cash equal to (a) the number of full or partial Business Days that have elapsed between December 14, 2018 and the Closing Date, if any, multiplied by (b) $6,200.

(e)  Section 2.9(b) of the Asset Purchase Agreement is hereby deleted in its entirety and the following substituted therefor:

"At the Closing, Buyer shall pay:

(i)  to Open Road by wire transfer of immediately available funds, to an account designated in writing by Open Road at least two Business Days prior to the Closing, an amount equal to (such amount, the "Closing Payment to Open Road") (A) the Estimated Purchase Price, plus (B) the Employee Reimbursement Amount, less (C) the Deposit Escrow Amount, less (D) the Adjustment Holdback Amount, less (E) the Cure Reduction Amount, less (F) Transaction Costs paid by Buyer at or prior to the Closing; and

(ii)  to the Escrow Agent, the Adjustment Holdback Amount by wire transfer of immediately available funds to an account established by the Escrow Agent to hold such funds.

(f)  Section 2.13 of the Asset Purchase Agreement is hereby deleted in its entirety and the following substituted therefor:

"Section 2.13. Incentive Fee.  If the Seller Parties obtain or procure an Order of the Bankruptcy Court overruling the objections filed by Endgame Releasing Co.,

LLC and Endgame Releasing, LLC, Docket No. 334, and Happy Pill Distribution, LLC, Docket No. 333 (collectively, the "Endgame/Happy Pill Objections"), on the merits, then the Buyer shall promptly (and, in any event, within two Business Days of entry of such Order) pay to Open Road by wire transfer of immediately available funds, to an account designated in writing by Open Road an amount equal to the Incentive Fee. Notwithstanding the foregoing, the Buyer shall have no obligation to pay the Incentive Fee if Buyer settles the Endgame/Happy Pill Objections. The Buyer shall pay, pursuant to a budget that the Buyer in its sole discretion establishes, for the Seller Parties' reasonable legal fees related to the Seller Parties responding to an objection from counterparties listed on Schedule 10.3 to the Seller Parties seeking the relief contained in this Section 2.13. Any payment of the Incentive Fee pursuant to this Section 2.13 shall be treated as an adjustment to the Adjusted Purchase Price for Tax purposes unless otherwise required by Law."

(g)   The following shall be added as a new Section 6.10 to the Asset Purchase Agreement:

"Section 6.10. Turn-Over of Proceeds.

(a)   If, after the Closing Date, any of the Seller Parties receive any proceeds of the Purchased Assets (including any such proceeds under any Assumed Contract credited to any Seller Party's bank accounts maintained at Bank of America, N.A.), the Seller Parties shall (i) hold such proceeds in constructive trust for the benefit of the Buyer, (ii) notify Buyer of such receipt not more than two Business Days after determining that such proceeds are Purchased Assets, (iii) promptly (and not more than five Business Days or otherwise as promptly as possible) after the crediting of such sum transfer, convey and pay over such proceeds to an account designated by the Buyer, and (iv) take any and all actions reasonably requested by the Buyer (but at no cost or expense to the Seller Parties) in order to change the payment instructions with respect to the relevant Assumed Contract such that proceeds therefrom are payable solely to the Buyer or its designee as the Buyer directs. For the avoidance of doubt, this Section 6.10(a) shall not apply with respect to proceeds that constitute Excluded Assets.

(b)   If, after the Closing Date, Buyer receives any proceeds of the Excluded Assets, Buyer shall (i) hold such proceeds in constructive trust for the benefit of the Seller Parties, (ii) notify Open Road of such receipt not more than two Business Days after determining that such proceeds are Excluded Assets and (iii) promptly (and not more than five Business Days or otherwise as promptly as possible) after the crediting of such sum transfer, convey and pay over such proceeds to an account designated by Open Road. For the avoidance of doubt, this Section 6.10(b) shall not apply with respect to any Purchased Assets or any proceeds derived therefrom."

(h)   The following shall be added as a new Section 6.11 to the Asset Purchase Agreement:

"Section 6.11. <u>Den Rights</u>. The Seller Parties hereby covenant and agree for the benefit of the Buyer that, in respect of or with respect to the development, financing and/or production of a motion picture project presently known as "*The Den*" (by whatever title such project may at any time be known, the "<u>Picture</u>" and together with any rights and entitlements under all related contracts and arrangements (including without limitation any liens and security interests in respect of any rights in the Picture or any related contracts) the "<u>Den Rights</u>"), none of the Seller Parties will attempt to exercise any rights relating thereto or enforce any of the Den Rights against the Buyer or any third party at any time; and the Seller Parties shall not seek to sell, assume, and/or assume and assign the Den Rights."

(i) <u>Schedule 2.9</u> to the Asset Purchase Agreement is hereby deleted in its entirety and substituted therefor is <u>Annex I</u> attached hereto.

(j) The second sentence of Section 12.1 of the Asset Purchase Agreement is hereby deleted in its entirety and the following substituted therefor:

"None of the covenants and agreements of the Parties contained in this Agreement shall survive the Closing, other than the covenants and agreements contained in <u>Article II</u>, <u>Article VI</u>, this <u>Article XII</u> and <u>Article XIII</u> or in any Exhibits or Schedules referenced in any of the foregoing."

Section 3.    <u>Effect of Amendment</u>.  Except as expressly amended hereby, the Asset Purchase Agreement shall continue in full force and effect.  Any references to the Asset Purchase Agreement (whether in the Asset Purchase Agreement or any agreement, document or certificate contemplated thereby and/or executed in connection therewith) are hereby amended to mean the Asset Purchase Agreement as amended by this Amendment.

Section 4.    <u>Governing Law; Venue; Waiver of Jury Trial</u>.

(a)    THIS AMENDMENT IS TO BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH FEDERAL BANKRUPTCY LAW, TO THE EXTENT APPLICABLE, AND WHERE STATE LAW IS IMPLICATED, THE LAWS OF THE STATE OF DELAWARE SHALL GOVERN, WITHOUT GIVING EFFECT TO THE CHOICE OF LAW PRINCIPLES THEREOF, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE.

(b)    THE BANKRUPTCY COURT WILL HAVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER AT LAW OR IN EQUITY, ARISING OUT OF OR RELATING TO THIS AMENDMENT; PROVIDED, HOWEVER, THAT IF THE BANKRUPTCY COURT IS UNWILLING OR UNABLE TO HEAR ANY SUCH DISPUTE, THE COURTS OF THE STATE OF DELAWARE AND THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA LOCATED IN DELAWARE WILL HAVE SOLE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER AT LAW OR IN EQUITY, ARISING OUT OF OR RELATING TO THIS AMENDMENT.

5

        (c)      EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AMENDMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

        Section 5.    <u>Headings</u>.  The headings and subheadings in this Amendment are included for convenience and identification only and are not intended to describe, interpret, define or limit the scope, extent or intent of this Amendment or any of its provisions.

        Section 6.    <u>Counterparts</u>.  This Amendment may be executed in two or more counterparts (including by means of PDF or other electronic transmission), each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

        [*The remainder of this page is intentionally left blank.*]

**IN WITNESS WHEREOF**, the Parties have caused this Amendment to be duly executed as of the date first above written.

**SELLER PARTIES:**

OPEN ROAD FILMS, LLC
OPEN ROAD RELEASING, LLC
OR PRODUCTIONS, LLC
BRIARCLIFF LLC
OPEN ROAD INTERNATIONAL LLC
EMPIRE PRODUCTIONS LLC


By: _____
Name:  Amir Agam
Title:  Chief Restructuring Officer

173172.7

**BUYER:**

OR ACQUISITION CO, LLC

By: _____
Name:
Title:

173172.7