UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 692** |

**ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE (I) APPROVING SETTLEMENT AGREEMENT, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY IN ORDER TO PAY CERTAIN SALE PROCEEDS TO THE PREPETITION SECURED PARTIES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), the official committee of unsecured creditors appointed in the Cases (the "Committee"), and Bank of America, N.A., as administrative agent for the Prepetition Secured Lenders (each as defined in the Settlement Agreement referred to below), for entry of an order, pursuant to sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the settlement agreement, attached hereto as Exhibit A (the "Settlement Agreement"; capitalized terms used but not defined in this Order shall have the meanings ascribed to such

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 1800 Century Park East, Suite 600, Los Angeles, CA 90067.

01:24582849.2

terms in the Settlement Agreement), entered into by and among (i) Bank of America, N.A, as Agent for the Prepetition Secured Parties, (ii) the other Prepetition Secured Parties, (iii) the Committee and (iv) the Debtors; and upon consideration of the entire record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and an appropriate exercise of the Debtors' business judgment; and it appearing that the releases provided for in the Settlement Agreement are supported by good and valuable consideration; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

    1.       The Motion is GRANTED, as set forth herein.

    2.       Pursuant to Bankruptcy Code sections 105(a) and 362 and Bankruptcy Rule 9019, the Settlement Agreement is approved in its entirety.

    3.       The Parties are authorized and empowered to take such actions as may be necessary or appropriate to implement the terms of this Order and the Settlement Agreement, and to perform their respective obligations under the Settlement Agreement. The automatic stay pursuant to Section 362 of the Bankruptcy Code is lifted to the extent necessary to (a) pay the

Sale Proceeds (other than the Estate Sale Proceeds) to the Agent for the benefit of the Prepetition Secured Lenders, and (b) otherwise enable the Debtors to implement the terms and conditions of the Settlement Agreement.

4. Upon the date of the entry of this Order, which shall constitute the "Court Approval Date" under the Settlement Agreement, (a) the Settlement Agreement shall be binding on and shall inure to the benefit of the parties thereto and their respective successors and assigns, including, for the avoidance of doubt, any subsequently appointed representative on behalf the Debtors' estates and (b) the Settlement Agreement shall be binding on all parties in interest, and their respective successors and assigns.

5. This Order shall be effective immediately and enforceable upon its entry, and the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

6. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: June 11th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**