# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.:  18-12012 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re Docket Nos. 769, 770, & 771** |

### ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN, AND (V) APPROVING THE FORM OF BALLOT AND NOTICE TO NON-VOTING PLAN CLASSES

Upon the motion [Docket No. 771] (the "Motion")[2] of Open Road Films, LLC and its

affiliated debtors and debtors in possession (the "Debtors") in the above-captioned jointly

administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105,

1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, and 9013-1 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), (i) approving the *Disclosure Statement for the Joint Chapter 11*

*Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors*,

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.).  The Debtors' address is 1800 Century Park East, Suite 600, Los Angeles, CA 90067.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

attached hereto as Exhibit 4 (as it may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, (ii) fixing a record date (the "Voting Record Date") for voting on the *Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors*, attached as Exhibit A to the Disclosure Statement (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan"), (iii) scheduling a date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) approving the proposed contents of the solicitation packages (the "Solicitation Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (v) approving the form of ballot for Classes 3 and 4 (the "Voting Classes") and notice to Classes 1, 2, 5, and 6 (the "Non-Voting Classes"); and upon consideration of the record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

01:24729125.6

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Any and all objections to approval of the Motion or the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety, without prejudice to any objection that may be brought in respect of Confirmation of the Plan.

3.      The Disclosure Statement contains adequate information as required by Bankruptcy Code section 1125 and is hereby approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan.  Prior to the Solicitation Date, the Debtors are authorized to make correcting, conforming, and finalizing changes to the Disclosure Statement and/or the Plan after notice to the U.S. Trustee.

4.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties, including, without limitation, holders of Claims against and Interests in the Debtors.

6.      The notices of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 1 (the "Confirmation Hearing Notice") and Exhibit 1A (the "Publication Notice"), comply with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and are approved.  The Ballots and the Notice of Non-Voting Status, substantially in the forms attached

hereto as <u>Exhibit 2</u>, <u>Exhibit 2A</u>, and <u>Exhibit 3</u>, likewise comply with the requirements of the Bankruptcy Rules and are approved.

7.      The Voting Record Date with respect to holders of Claims shall be August 21, 2019.  The Voting Record Date shall be used for purposes of determining: (i) the holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each holder's Claim for solicitation and voting purposes; and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim holder) can vote to accept or reject the Plan as the holder of a Claim.

8.      With respect to transferred claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e) is filed on or before the Voting Record Date, then the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to cast a Ballot to accept or to reject the Plan (if such Claim is in a Voting Class), and (ii) if the notice of transfer is filed after the Voting Record Date, then the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the holder of record as of the Voting Record Date (and not the transferee), and such Claim holder will be entitled to cast a Ballot to accept or to reject the Plan (if such Claim is in a Voting Class).

9.      The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each holder of a Claim in one of the Voting Classes as of the Voting Record Date a Solicitation Package containing the following:

01:24729125.6

- The Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

- This Order (excluding exhibits);

- The Confirmation Hearing Notice;

- A Ballot, to be used in voting to accept or to reject the Plan, and applicable Voting Instructions; and

- A pre-addressed, postage pre-paid return envelope.

10.     The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan) to the Voting Classes in CD or flash drive format in lieu of paper format.  The Disclosure Statement Order, Confirmation Hearing Notice, Ballots, and envelopes shall be provided in paper format.

11.     The Debtors are authorized to distribute, or cause to be distributed, by first-class mail, by the Solicitation Date, to all holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Confirmation Hearing Notice and (ii) the Notice of Non-Voting Status.

12.     To the extent that the U.S. Trustee, governmental units having an interest in these Cases, or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, the Debtors shall mail, or cause to be mailed, to such parties, by the Solicitation Date, a complete copy of the Solicitation Package, excluding a Ballot.

13.     The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation Packages and Non-Voting Packages to all holders of Claims or Interests, as applicable no later than five (5) business days after entry of this Order (the "Solicitation Date").

14.     The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any holders of Claims or Interests, as applicable, that have listed addresses

01:24729125.6

that have previously been or are determined to be undeliverable, unless such holders have

provided notice of a change of address to the Debtors or the Voting Agent on or before the

Solicitation Date, or unless previous mail to such address has been returned with a valid

forwarding address, in which case the Solicitation Package, or Non-Voting Package, as the case

may be, shall be mailed to such valid forwarding address.

15.     The deadline by which all Ballots must be properly executed, completed,

delivered to, and actually received by the Voting Agent shall be September 23, 2019 at 5:00 p.m.

(prevailing Eastern Time) (the "Voting Deadline"); provided, however, that the Debtors are

permitted, in their sole discretion, to extend the Voting Deadline at any time before or after the

Voting Deadline, on behalf of any individual voter or any voting Class, as facts and

circumstances may require.

16.     Each holder of a Claim in a Voting Class shall be entitled to vote the amount of

its Claim as of the Voting Record Date.  Solely for purposes of voting on the Plan, and not for

the purpose of making distributions and without prejudice to the rights of the Debtors or any

other party in interest in any other context (including Claim objections), with respect to all

holders of Claims in the Voting Classes, the amount of a Claim used to tabulate acceptance or

rejection of the Plan shall be as follows:

a.      The amount of the Claim listed in each of the applicable Debtor's Schedules;
        provided that (i) such Claim is not scheduled as contingent, unliquidated,
        undetermined, or disputed, or in the amount of $0.00, (ii) no Proof of Claim has
        been timely filed by the applicable Bar Date (or otherwise deemed timely filed by
        the Court under applicable law), (iii) such Claim has not been satisfied by the
        Debtors, or (iv) such Claim has not been fixed pursuant to a stipulation or order
        entered by the Court.

b.      The undisputed and liquidated amount specified in a Proof of Claim against a
        particular Debtor or Debtors that is timely filed by the applicable Bar Date (or
        otherwise deemed timely filed by the Court under applicable law) to the extent
        such Proof of Claim has not been amended or superseded by another Proof of
        Claim and is not the subject of an objection filed at least twenty-eight (28) days

before the Confirmation Hearing (or, if the amount of the Claim has been fixed pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order). A Proof of Claim filed in the amount of $0 or that failed to include anything in the amount line shall not be entitled to vote.

c.       If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with Paragraph 19 of this Order.

d.       Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed at least twenty-eight (28) days before the Confirmation Hearing shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e.       Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed at least twenty-eight (28) days before the Confirmation Hearing, the Ballot shall not be counted for voting purposes.

f.       Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Plan Proponents have requested, in an objection or other pleading filed at least twenty-eight (28) days before the Confirmation Hearing, that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the holder of such Claim shall be counted in the reduced amount requested by the Plan Proponents and/or in the requested Class.

g.       Notwithstanding anything to the contrary contained herein, to the extent that a Creditor holds duplicate Claims in a Voting Class against any Debtor (by virtue of one or more timely-filed Proofs of Claim, the Schedules, or a combination of both), such Creditor shall be deemed to hold a single Claim in such Voting Class against such Debtor.

For the avoidance of doubt, nothing in this Order directs or otherwise affects a substantive consolidation of the Debtors' estates, and all rights of the Debtors, their estates, and other parties in interest shall be reserved with respect to the substantive consolidation proposed in the Plan.

17.       The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against a Debtor in each Voting Class will be aggregated as if such Creditor held a single Claim against the Debtor in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; provided, however, that separate Claims held as of the Petition Date by different entities (even if related or affiliated) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.      The Debtors and the Voting Agent shall tabulate Ballots on both a Debtor-by-Debtor basis and a consolidated basis.  In tabulating Ballots on a consolidated basis, Voting Class Claims as to which two or more Debtors are co-liable as a legal or contractual matter shall be deemed as a single Claim against, and a single obligation of, the substantively consolidated Debtors.

c.      Creditors with multiple Claims within a particular Voting Class must vote all such Claims in any such Voting Class to either accept or reject the Plan, and may not split their vote(s) within a Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the same Voting Class will not be counted.

d.      Any Creditor with a Claim as to which two or more Debtors are co-liable as a legal or contractual matter must vote such Claim to either accept the Plan as to all Debtors, or reject the Plan as to all Debtors, and may not vote such Claim to accept the Plan as to certain Debtors and to reject the Plan as to other Debtors. Accordingly, ballots in respect of a Claim as to which one or more Debtors are co-liable as a legal or contractual matter that either do not all accept the plan or do not all reject the Plan will not be counted.

e.      Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in a Voting Class against all applicable Debtors.

f.      If a Claim is transferred after the Voting Record Date, only the holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

g.      The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

h.      Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan.  If multiple Ballots are received from the same holder with respect to the same Claim prior to

the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that holder's intent and will supersede and revoke any Ballot previously received.

i.     If a holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

j.     Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

18.     The following types of Ballots will not be counted in determining whether the

Plan has been accepted or rejected:

a.     Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b.     Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors, in their sole discretion, have granted an extension of the Voting Deadline with respect to such Ballot;

c.     Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.     Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

e.     Any Ballot cast by an Entity that does not hold a Claim in a Voting Class; and

f.     Any unsigned Ballot or Ballot without an original signature.

19.     Any alleged Creditor seeking to have a Claim temporarily allowed for purposes of

voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file and serve a

motion for relief and notice of hearing on such motion for relief no later than September 18,

01:24729125.6

2019 at 4:00 p.m. (prevailing Eastern Time) on the Debtors' counsel (a) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067, Attn:  Michael L. Tuchin, Esq. and Jonathan M. Weiss, Esq., and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F. Poppiti, Jr., Esq.  Any such motion shall be heard at the Confirmation Hearing.

20.     The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determine.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

21.     The Voting Agent shall file its Voting Report by September 27, 2019, verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report will, among other things, describe every Ballot that does not conform to the Voting Instructions or that contains any form of defect or irregularity, including, but not limited

to, those Ballots that are late, illegible, lacking signatures, lacking necessary information, or damaged.

22.     The Debtors shall file and serve any Plan Supplement (if necessary), no later than September 16, 2019.  Debtors shall serve any Plan Supplement on U.S. Trustee, the Committee, governmental units having an interest in these Cases, any person entitled to vote on the Plan, and those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors may subsequently modify the documents in any Plan Supplement in accordance with the terms of the Plan.

23.     The date set for the Confirmation Hearing shall be October 2, 2019 at 1:30 p.m. (prevailing Eastern Time).  The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or in the applicable hearing agenda or a notice filed with the Court.

24.     The Debtors shall publish the Publication Notice once in the national edition of *USA Today* on a date not less than twenty-eight (28) calendar days before the Plan Objection Deadline and once in the national edition of *Variety* on or before September 3, 2019.

25.     The deadline for filing and serving Plan Objections shall be September 25, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline").  Plan Objections must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with the Court and served on the following parties by the Objection Deadline: (i) counsel for the Debtors, (a) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067, Attn:  Michael L. Tuchin, Esq. and

Jonathan M. Weiss, Esq., and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000

North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. and Robert F.

Poppiti, Jr., Esq.; (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 Market

Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Robert J. Feinstein, Esq.

and Maxim B. Litvak, Esq.; (iii) counsel to the Prepetition Lenders, (a) Paul Hastings LLP

(x) 1999 Avenue of the Stars, 27th Floor, Los Angeles, California 90067, Attn: Susan Williams,

Esq. and (y) 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer, Esq., and

(b) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801,

Attn: Bill Bowden, Esq.; and (iv) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street,

Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer, Esq.

26.     The Debtors or any other party supporting Confirmation of the Plan, are

authorized to file a response to any Plan Objections no later than September 30, 2019 at 4:00

p.m. (prevailing Eastern Time).

27.     Copies of the Plan and all pleadings and orders of this Court shall be publicly

available free of charge from the Voting Agent at: www.donlinrecano.com/Clients/orf/Index.

28.     Notification of the relief granted in this Order as provided herein is fair and

reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors

of the matters addressed in this Order and its attachments.

29.     The Debtors are authorized to make non-substantive or immaterial changes to the

Disclosure Statement and all related documents (including, without limitation, all exhibits

thereto and all notices contemplated by this Order) without further order of the Court, after

notice to the U.S. Trustee, including, without limitation, (i) making ministerial changes to correct

typographical and grammatical errors, and making conforming changes among the Disclosure

Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to

mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their

prompt and economical distribution (*e.g.*, single spacing and the like).

30.     Attached as Schedule A is a timetable of the significant dates related to

solicitation and confirmation of the Plan.

31.     The Debtors are authorized and empowered to take all actions necessary or

appropriate to implement the relief granted in this Order.

32.     The Court retains jurisdiction and power with respect to all matters arising from

or related to the implementation or interpretation of this Order.

01:24729125.6          **Dated: August 22nd, 2019**                    **LAURIE SELBER SILVERSTEIN**
                       **Wilmington, Delaware**                        **UNITED STATES BANKRUPTCY JUDGE**