IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*[1],<br><br>　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered) |

**Hearing Date: July 1, 2020 at 2:00 p.m. (ET)**
**Objection Deadline: June 12, 2020 at 4:00 p.m. (ET)**

**PLAN ADMINISTRATOR'S FOURTH (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN (A) DUPLICATIVE
CLAIMS AND (B) INSUFFICIENT DOCUMENTATION CLAIMS**

> **PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT.**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

John Roussey (the "Plan Administrator"), acting on behalf of Open Road Films, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors" and subsequent to the Effective Date (as defined herein), the "Liquidating Debtors"), by and through his undersigned counsel, hereby files this omnibus objection (the "Fourth Omnibus Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims listed on **Exhibit 1** (the "Duplicative Claims"), and **Exhibit 2** (the "Insufficient Documentation Claims")

---

[1] The Liquidating Debtors and the last four digits of their taxpayer identification numbers include: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 1800 Century Park East, Suite 600, Los Angeles, CA 90067. Additional affiliated entities, including, but not limited to, IM Global LLC, Global Road Entertainment Television LLC (f/k/a IM Global TV LLC), Tang Media Partners LLC, and Global Road Entertainment LLC, are not debtors in these Cases and have not commenced chapter 11 cases.

to the proposed order (the "Proposed Order") (attached hereto as **Exhibit A**); and requests entry of an order substantially in the form attached to this Fourth Omnibus Objection. In support of this Fourth Omnibus Objection, the Plan Administrator submits the Declaration of Peter Hurwitz (the "Hurwitz Declaration"), attached hereto as **Exhibit B**. In further support of Fourth Omnibus Objection, the Plan Administrator represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

## BACKGROUND

**A.    General Background**

2.  On September 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court (the "Court") under chapter 11 of the Bankruptcy Code. The

2

Liquidating Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

3. On September 14, 2018, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. On January 15, 2019, the Office of the United States Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 527]. The Committee consisted of the following four (4) members: (i) Bank Leumi USA; (ii) NBC Universal Media LLC; (iii) The Walt Disney Company; and (iv) Twenty-First Century Fox, Inc.

4. On October 3, 2019, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), entered its *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Liquidation Proposed By Debtors and Official Committee of Unsecured Creditors* (the "Confirmation Order") [Docket No. 895] confirming the *Debtors' Joint Chapter 11 Plan of Liquidation Proposed By Debtors and Official Committee of Unsecured Creditors* (the "Plan") attached as Exhibit 1 to the Confirmation Order.

5. The Plan became effective on October 7, 2019 (the "Effective Date").

6. Upon the Effective Date, the Plan Administrator was appointed as administrator of the Plan.

7. Pursuant to the Plan and the Confirmation Order, the Plan Administrator is authorized to act on behalf of the Liquidating Debtors, and pursuant to Article 5.5.(b)(vi) of

3

the Plan, the Plan Administrator is responsible for prosecuting objections to Claims (as that term is defined in the Plan).

**B.    General Bar Date**

8.    On November 26, 2018, the Debtors filed a motion [Docket No. 407] (the "Bar Date Motion") requesting an order (A) establishing January 25, 2019 as the deadline for (i) filing claims against the Debtors that arose prior to the Petition Date (including section 503(b)(9) claims) and (ii) asserting administrative expense claims that arose in the period from the Petition Date through and including December 20, 2018 and (B) establishing March 5, 2019 as the bar date for Governmental Units as that term is defined in the Bankruptcy Code.  On December 13, 2018, the Court entered an order approving the Bar Date Motion [Docket No. 458] (the "Bar Date Order").  The Debtors subsequently served the bar date notice (the "Bar Date Notice") as approved in the Bar Date Order and a proof of claim form on all creditors and equity holders of the Debtors.  The certificate of service for the Bar Date Notice is at Docket No. 517.

9.    Pursuant to the Bar Date Order, the Debtors also caused notice of the General Bar Date to be published in Variety and in USA Today.  Certificates of publication have been filed with the Court [Docket No. 506, 513].

**C.    The Claims Resolution Process**

10.    In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, *inter alia*, the Debtors' liabilities and the

4

amounts owed to their creditors. The Debtors have provided the Plan Administrator's professionals with access to the Books and Records.

11.  The Debtors' register of claims (the "Claims Register"), prepared by Donlin Recano & Company, Inc., reflects that, as of the date of this Fourth Omnibus Objection, three hundred and fifty-seven proofs of claim (the "Claims") have been filed in the Debtors' chapter 11 cases. In conjunction with the Debtors and their professionals, the Plan Administrator's professionals have been reviewing and analyzing the Claims. This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by claimants, the Plan Administrator has already filed several omnibus objections to claims and anticipates filing several more.

## RELIEF REQUESTED

12.  By this Objection, the Plan Administrator seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing and expunging the Duplicate Claims, identified in **Exhibit 1** to the Proposed Order, in full; and (b) disallowing and expunging the Insufficient Documentation Claims, identified in **Exhibit 2** to the Proposed Order, in full. This Objection is made on non-substantive grounds under Local Rule 3007–1(d) and complies in all respects with that rule.

13.  Each of the Duplicative Claims is a claim that is duplicative of another filed claim. Accordingly, the Plan Administrator seeks to disallow and expunge the Duplicative Claims.

14. Each of the Insufficient Documentation Claims is a claim that does not include adequate information or documentation. Accordingly, the Plan Administrator seeks to disallow and expunge Insufficient Documentation Claims.

## BASIS FOR OBJECTION

15. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

16. Further, Section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

6

17. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each Claim.

A. **Duplicative Claims**

18. As set forth in the Hurwitz Declaration, during the Plan Administrator and his professionals' review of the Proofs of Claim, they determined that the Duplicative Claims identified on **Exhibit 1** to the Proposed Order are identical to other Proofs of Claim filed by the same claimant asserting a claim for the same liability in the same amount and priority or, as a result of substantive consolidation pursuant to the Plan, such Duplicative Claims are duplicative of claims filed against ORF.

19. Accordingly, the Plan Administrator seeks the Proposed Order disallowing and expunging each of the Duplicative Claims listed on **Exhibit 1**. Expunging the Duplicative Claims will ensure that the claimants do not receive a double recovery on account of their claims. The Plan Administrator notes that the claimants will not be prejudiced if the Duplicative Claims are disallowed and expunged, because the claimants will retain their respective surviving claims (each, a "Remaining Claim") also identified on **Exhibit 1**.[2]

B. **Insufficient Documentation Claims**

20. As set forth in the Hurwitz Declaration, the Insufficient Documentation Claims listed on **Exhibit 2** either contain no supporting documentation or information or do not contain sufficient documentation to substantiate the claims asserted therein as required by Bankruptcy Rule 3001. The Plan Administrator and his professionals have reviewed the

---

[2] As the claims reconciliation process is ongoing, the Plan Administrator reserves all its rights and the rights of the Debtors and their estates to object to the Remaining Claims, on any grounds.

7

Debtors' books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.

21. Accordingly, the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and any amount of the claim they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f), and the Plan Administrator requests that the Court disallow and expunge in their entirety the Insufficient Documentation Claims.

## RESPONSES TO OMNIBUS OBJECTIONS

22. To contest an objection, a claimant must file and serve a written response to this Fourth Omnibus Objection (a "Response") so that it is received no later than June 12, 2020 at 4:00 p.m. (Eastern Time) (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899 (Courier 19801)
> Attn:  Robert J. Feinstein, Esq.
> Jeffrey W. Dulberg, Esq.
> Colin R. Robinson, Esq.

23. Every Response to this Fourth Omnibus Objection must contain, at a minimum, the following information:

      i.      a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

      ii.      the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the Claim;

      iii.      the specific factual basis and supporting legal argument upon which the party will rely in opposing this Fourth Omnibus Objection;

      iv.      any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

      v.      the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Plan Administrator should communicate with respect to the Claim or the Fourth Omnibus Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed Claim on behalf of the claimant.

24.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Plan Administrator will present to the Court an appropriate order disallowing and expunging each of the Duplicative Claims and Insufficient Documentation Claims, as set forth in **Exhibits 1** and **2**, without further notice to the claimant.

### REPLIES TO RESPONSES

25.     Consistent with Local Rule 9006-1(d), the Plan Administrator may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (Prevailing Eastern Time) one (1) day prior to the deadline for filing the agenda for any hearing to consider the Fourth Omnibus Objection.

DOCS_NY:40268.2 64202/003

## SEPARATE CONTESTED MATTERS

26. To the extent that a Response is filed regarding any Claim listed in this Fourth Omnibus Objection and the Plan Administrator is unable to resolve the Response, the objection by the Plan Administrator to each such Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Fourth Omnibus Objection shall be deemed a separate order with respect to each Claim.

## RESERVATION OF RIGHTS

27. The Plan Administrator hereby reserves his rights and the rights of the Liquidating Debtors and their estates to object in the future to any of the Claims that are the subject of this Fourth Omnibus Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Fourth Omnibus Objection, including, without limitation, to object to amended or newly-filed claims.

28. Notwithstanding anything contained in this Fourth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Liquidating Debtors may have to exercise rights of setoff against the holders of such Claims.

## REQUEST FOR WAIVER

29. Although the Plan Administrator does not believe this Objection is one "based on substantive grounds, other than incorrect classification of a claim," Del. Bankr. L.R. 3007-1(f)(iii), and therefore does not believe that the Objection is required to "include all substantive objections to such claim," id., or is limited to 150 claims, Del. Bankr. L.R. 3007-

1(f)(i), this Objection requests (out of an abundance of caution) a waiver of Local Rules 3007-1(f)(iii) and (f)(i) to the extent such rules might otherwise be construed to apply. Such a waiver is authorized by Local Rule 1001-1(c), which provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice," Del. Bankr. L.R. 3007-1(f)(i), and is proper in this instance given that the modifications to the claims register requested by the Plan Administrator hereby are ministerial rather than substantive.

## NOTICE

30. Notice of this Fourth Omnibus Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the claimants whose Claim is subject to this Fourth Omnibus Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no further notice is required.

## COMPLIANCE WITH LOCAL RULE 3007-1

31. The undersigned representative of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Fourth Omnibus Objection substantially complies with that Local Rule. To the extent that the Fourth Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, PSZ&J believes such deviations are not material and respectfully requests that any such requirement be waived.

DOCS_NY:40268.2 64202/003

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: May 29, 2020                     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Robert J. Feinstein (NY Bar No. 1767805)
Jeffrey W. Dulberg(CA Bar No. 181200)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  rfeinstein@pszjlaw.com
            jdulberg@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for the Plan Administrator*

DOCS_NY:40268.2 64202/003