# EXHIBIT B

**Hurwitz Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered) |

### DECLARATION OF PETER HURWITZ IN SUPPORT OF PLAN ADMINISTRATOR'S FOURTH (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (A) DUPLICATIVE CLAIMS AND (B) INSUFFICIENT DOCUMENTATION CLAIMS

I, Peter Hurwitz, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am a Managing Director at Dundon Advisers LLC ("Dundon"), Financial Advisor to John Roussey (the "Plan Administrator"), acting on behalf of Open Road Films, LLC and its affiliated debtors and debtors in possession (the "Liquidating Debtors") in the above-captioned chapter 11 cases. I submit this Declaration in support of the *Plan Administrator's Fourth (Non-Substantive) Objection to Certain (A) Duplicative Claims and (B) Insufficient Documentation Claims* (the "Fourth Omnibus Objection").[2]

---

[1] The Liquidating Debtors and the last four digits of their taxpayer identification numbers include: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 1800 Century Park East, Suite 600, Los Angeles, CA 90067. Additional affiliated entities, including, but not limited to, IM Global LLC, Global Road Entertainment Television LLC (f/k/a IM Global TV LLC), Tang Media Partners LLC, and Global Road Entertainment LLC, are not debtors in these Cases and have not commenced chapter 11 cases.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fourth Omnibus Objection.

2. Except as otherwise indicated herein, I have personal knowledge of the matters and issues set forth herein or have gained knowledge of such matters from my review of the relevant documents, or from information provided to me.

3. I make this Declaration based on my review of the Duplicative Claims, and Insufficient Documentation Claims referenced in the Objection, together with any supporting or related documentation.

4. The Debtors have made their books and records available to Dundon.

5. I and the appropriate personnel, in conjunction with the Liquidating Debtors' professionals diligently reviewed and analyzed in good faith the Duplicative Claims and Insufficient Documentation Claims identified in the Objection.

6. I have familiarity with the claims review process and the related objection process. In that capacity, I have reviewed the Duplicative Claims and Insufficient Documentation Claims referenced in the Objection, and am directly familiar with the information contained therein. Additionally, I read the Objection and the Proposed Order with respect to the Objection. Some of the bases for the Objection contained herein relate to matters within the knowledge of other agents of the Plan Administrator and Liquidating Debtors and are based on information I received from them.

7. Each of the Duplicative Claims listed on **Exhibit 1** to the Proposed Order is a claim that is duplicative of another filed claim, or as a result of substantive consolidation pursuant to the Plan, is duplicative of a claim filed against ORF.

8. I and other of the Plan Administrator's professionals reviewed each Duplicative Claim listed on **Exhibit 1** to the Proposed Order and the claims register and determined that Duplicative Claims should be disallowed and expunged from the claims register because each of the Duplicative Claims is a claim that is duplicative of another filed claim.

9. Each of the Insufficient Documentation Claims listed on **Exhibit 2** to the Proposed Order either contain no supporting documentation or information or do not contain sufficient documentation to substantiate the claims asserted therein as required by Bankruptcy Rule 3001.

10. I and other of the Plan Administrator's professionals reviewed the Debtors' books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part. Accordingly, the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and any amount of the claim they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f), and should be disallowed and expunged in their entirety.

11. Accordingly, based upon my review of the Duplicative Claims and Insufficient Documentation Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Debtors, the estates, and creditors.

Dated: May 26, 2020

_____
Peter Hurwitz

3