## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*[1],<br><br>            Debtors. | Chapter 11<br><br>Case No.: 18-12012 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 980** |

**Hearing Date: September 15, 2020 at 3:30 p.m. (ET)**

## PLAN ADMINISTRATOR'S SUPPLEMENT TO FIFTH (SUBSTANTIVE) OBJECTION TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) REDUCE AND ALLOW CLAIMS

John Roussey (the "Plan Administrator"), acting on behalf of Open Road Films, LLC, and its affiliated former debtors and debtors in possession (collectively, the "Debtors" and subsequent to the Effective Date (as defined herein), the "Liquidating Debtors"), by and through his undersigned counsel, hereby files this supplement (the "Supplement") to his *Fifth (Substantive) Objection to Certain (A) No Liability Claims and (B) Reduce and Allow Claims* (the "Fifth Omnibus Objection"), and requests entry of an order substantially in the form attached to this Supplement as **Exhibit A** (the "Revised Proposed Order"). In support of this Objection, the Plan Administrator submits the Supplemental Declaration of Peter Hurwitz (the "Supplemental Hurwitz Declaration"), attached hereto as **Exhibit B**. In further support of the Fifth Omnibus Objection, the Plan Administrator represents as follows:

---

[1] The Liquidating Debtors and the last four digits of their taxpayer identification numbers include: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 1800 Century Park East, Suite 600, Los Angeles, CA 90067. Additional affiliated entities, including, but not limited to, IM Global LLC, Global Road Entertainment Television LLC (f/k/a IM Global TV LLC), Tang Media Partners LLC, and Global Road Entertainment LLC, are not debtors in these Cases and have not commenced chapter 11 cases.

## BACKGROUND

1.      On June 26, 2020, in anticipation of the July 1, 2020 hearing on the Fifth Omnibus Objection (the "July 1 Hearing"), the Plan Administrator submitted a *Certification of Counsel Regarding Plan Administrator's Fifth (Substantive) Objection to Certain (A) No Liability Claims and (B) Reduce and Allow Claims* [Docket No. 1002] in which he provided a revised proposed order (the "Proposed Order") relating to the Fifth Omnibus Objection.

2.      At the July 1 Hearing, the Court declined to grant the Objection without a further showing from the Plan Administrator as to why the Debtors had no liability with respect to the claims listed on **Exhibit 1** to the Proposed Order (no liability claims), and declined to make a determination at that juncture as to the claims listed on **Exhibit 2** to the Proposed Order (reduce and allow claims).

3.      Since the July 1 Hearing, the Plan Administrator has resolved certain of the claims listed on **Exhibit 1** to the Proposed Order.  In addition, the Plan Administrator has determined to withdraw his objection to certain of the claims listed on **Exhibit 1** to the Proposed Order, and, accordingly, simultaneously with the filing of this Supplement, the Plan Administrator is filing a Notice of Withdrawal of Objection listing the claims with respect to which the Fifth Omnibus Objection is being withdrawn.[2]

---

[2] The Plan Administrator has also determined to withdraw his objection to Claim No. 22, filed by The Dog Agency which was listed on **Exhibit 2** to the Proposed Order.  That withdrawal is also listed on the above-referenced Notice of Withdrawal.

DOCS_NY:41103.4 64202/003

4.      As a result, the remaining no liability claims (the "**Remaining No**

**Liability Claims**") for which the Plan Administrator currently seeks disallowance and

expungement in full at this time are the following claims:

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| IHEART MEDIA INC ATTN: CARRIE DIVIN 20880 STONE OAK PKWY SAN ANTONIO, TX 78258 | 147 | $327,023.57 | Claim has no basis in the Debtors' books and records. Debtors' book and records reflect that Claimant does not have a contract with any Debtor entity and that this is an obligation of Mullen Advertising, which is not a debtor in this case. The Debtors have no liability for this claim. |
| ROADSHOW FILMS PTY LTD ATTN: PHILIP KENNEDY 1 GARDEN ST SOUTH YARRA, VIC3141 AUSTRALIA | 238 | $1,368,329.00 | Claim has no basis in the Debtors' books and records and is not supported by any documentation or other information. The Debtors' book and records do not reflect that the referenced Agreement is an obligation of Open Road Films, LLC. No liability to the Debtor for this claim. |
| SCHWARTZ, LOREN 12500 OSPREY LN #3 PLAYA VISTA, CA 90094 | 295 | $486,400.00 | Claim has no basis in the Debtors' books and records. Supporting documents filed with proof of claim indicate that counsel represents an individual, not a debtor in these cases. The Debtors have no liability for this claim. |

3

DOCS_NY:41103.4 64202/003

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| THINKLATINO INC<br>ATTN: ROCIO PRADO KISSLING<br>24311 SYLVAN GLEN RD<br>CALABASAS, CA 91302 | 3 | $36,440.00 | Claim has no basis in the Debtors' books and records and is not supported by any documentation or other information. The Debtors have no liability for this claim. |
| TOTALLYHER MEDIA LLC<br>JOSH ELLINGWOOD<br>5140 GOLDLEAF CIR, 1ST FL<br>LOS ANGELES, CA 90056 | 148 | $25,000.00 | Claim has no basis in the Debtors' books and records and is not supported by any documentation or other information. The Debtors have no liability for this claim. |
| ZUFFA INTERNATIONAL LLC A/K/A ULTIMATE FIGHTING CHAMPIONSHIP (UFC)<br>C/O ENDEAVOR<br>ATTN: REBECCA LITMAN<br>11 MADISON AVE, 17TH FLOOR<br>NEW YORK, NY 10010 | 111 | $450,000.00 | Claim has no basis in the Debtors' books and records and is not supported by any documentation or other information. The Debtors have no liability for this claim. |

5.      As set forth below and in the Supplemental Hurwitz Declaration, each of

the remaining No Liability Claims is a claim that has no basis in the Debtors' books and records

and should therefore be disallowed and expunged or reduced as appropriate.  In addition, as set

forth in the Fifth Omnibus Objection and the accompanying Hurwitz Declaration, each of the

Reduce & Allow Claims is a claim which overstates the amount owed by the Debtors' estates;

accordingly, those claims should be reduced and allowed in the amounts indicated on **Exhibit 2**

to the Revised Proposed Order.

## SUPPLEMENTAL BASES FOR OBJECTION

6.      As set forth in the Supplemental Hurwitz Declaration, the Remaining No

Liability Claims have no basis in the Debtors' books and records and should therefore be

disallowed and expunged.[3]

### A.     Claim No. 147 Filed By iHeart Media

7.      Claim number 147 ("Claim No. 147") was filed by iHeart Media, Inc. as

general unsecured claim in the amount of $327,023.57.  This liability is not reflected in the

Debtors' books and records.  Moreover, although Claim No. 147 purports to seek $327,023.57,

the only invoice attached to the proof of claim is for $10,000.00.  Accordingly, Claim No. 147

should be reduced and allowed in the amount of $10,000.00.

### B.     Claim No. 238 Filed By Roadshow Films Pty. Ltd.

8.      Claim number 238 ("Claim No. 238") was filed by Roadshow Films Pty.

Ltd. ("Roadshow") as a general unsecured claim in the amount of $1,368,329,00.  This liability

is not reflected in the Debtors' books and records.  In Claim No. 238, Roadshow asserts the

Open Road Films, LLC is a guarantor under an output agreement.  However, Roadshow also

states that "[n]otwithstanding that Roadshow's claim is based upon a writing, Roadshow is not

attaching the Guarantee based on a confidentiality provision in the Output Agreement.  . . .

[Roadshow] reserves its right not to produce the Output Agreement or related documents absent

litigation or other appropriate circumstances."  Despite effective service of the Fifth Omnibus

---

[3] Claim number 111 ("Claim No. 111") was filed by Zuffa International, LLC ("Zuffa").  Counsel for Zuffa has advised counsel for the Plan Administrator that Zuffa has no objection to the relief sought in the Fifth Omnibus Objection with respect to Zuffa.  Accordingly, Claim No. 111 should be disallowed and expunged.

Objection as reflected in the proof of service accompanying it, Roadshow has not provided the guarantee or any other documentation that supports Claim No. 238.

9.      Claim number 252 ("Claim No. 252") was filed by Loren Schwartz as a general unsecured claim in the amount of $486,400.00.  This liability is not reflected in the Debtors' books and records.  Although Claim No. 252 purports to assert a breach of contract, it does not attach a contract or otherwise explain what contract was breached, who breached the contract, or the circumstances of the purported breach.  It simply attached invoices rendered to claimant by a law firm without any explanation as to why such invoices are the obligation of any Debtor.

**C.      Claim No. 3 Filed By ThinkLatino Inc.**

10.      Claim Number 3 ("Claim No. 3") was filed by ThinkLatino, Inc. as a general unsecured claim in the amount of $36,440.00.  Claim No. 3 provides no supporting documentation, and this liability is not reflected on the Debtors' books and records.

**D.      Claim No. 148 Filed By TotallyHer Media, LLC**

11.      Claim Number 148 ("Claim No. 148") was filed by TotallyHer Media, LLC as a general unsecured claim in the amount of $25,000.00.  Claim No. 148 provides no supporting documentation, and this liability is not reflected on the Debtors' books and records.

**RESERVATION OF RIGHTS**

12.      The Plan Administrator hereby reserves his right and the rights of the Debtors and their estates to object in the future to any of the Claims that are the subject of this Fifth Omnibus Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and

to amend, modify, and/or supplement this Fifth Omnibus Objection, including, without limitation, to object to amended or newly-filed claims.

13.    Notwithstanding anything contained in this Fifth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors and its estates may have to exercise rights of setoff against the holders of such Claims.

## **CONCLUSION**

WHEREFORE, for the reasons set forth in the Fifth Omnibus Objection and in this Supplement and the accompanying Supplemental Hurwitz Declaration, the Plan Administrator respectfully requests that the Court enter the attached Revised Proposed Order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  September 10, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Robert J. Feinstein (NY Bar No. 1767805)
Jeffrey W. Dulberg(CA Bar No. 181200)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  rfeinstein@pszjlaw.com
        jdulberg@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel for the Plan Administrator*

DOCS_NY:41103.4 64202/003